UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Vizio, Inc., Consumer Privacy Litigation<br><br>This Document Relates to:<br>ALL ACTIONS | CASE NO. 8:16-ml-02693-JLS (KESx)<br><br>**ORDER RE: INITIAL SCHEDULING CONFERENCE** |

By order of the Judicial Panel on Multidistrict Litigation, the actions listed in Exhibit A of this Order were transferred and assigned to this Court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.  (*See* Transfer Order, Doc. 1.) Tag-along actions that have been transferred to this Court are also identified in Exhibit A, and additional tag-along actions may be transferred.  Because these cases merit special attention as complex litigation, this Court ORDERS the following:

1. **SCHEDULING CONFERENCE**.  Counsel for all parties shall appear for a conference on Monday, June 6, 2016 at 1:30 p.m. in Courtroom 10A of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. Fourth Street, Santa Ana, CA 92701.  The conference will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f).  Counsel are requested to check in with the Courtroom Deputy at least fifteen minutes in advance of the hearing.
    a. *Conference Agenda*.  The Court intends to address the following issues at the initial scheduling conference: (1) appointing Plaintiffs' Lead Counsel,

1

(2) setting the groundwork for devising a case management plan, and

(3) addressing any other issues requiring prompt resolution.

b. ***Attendance and Representation***. Telephonic appearances will not be permitted at the conference. However, if a party's counsel is unable to personally attend the conference, that party may designate another counsel to represent his or her interests at the conference. Moreover, to minimize costs and facilitate a manageable conference, parties with similar interests may also agree on a single attorney, or a limited number of attorneys, to act on their joint behalf at the conference. A party will not, by designating an attorney to represent his or her interests at the conference, be precluded from other representation during the litigation.

c. ***Other Participants***. Persons who are not named as parties in this litigation but may later be joined as parties, and persons who are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

d. ***Other Counsel***. This Order is being emailed or mailed to counsel identified in the actions listed in Exhibit A. Counsel on this list are requested to forward a copy of this Order to other attorneys who should be notified of the conference. An updated service list will be prepared after the conference.

e. ***Rules***. Counsel are expected to be familiar with the Manual for Complex Litigation, Fourth Edition. Counsel are also required to review the Local Rules for the Central District of California and this Court's general procedures, all of which may be found on the Central District of California website at www.cacd.uscourts.gov.

2. **APPLICATIONS FOR PLAINTIFFS' LEAD COUNSEL APPOINTMENTS**. The Court presently intends to appoint one or more counsel to act as Plaintiffs'

Lead Counsel in this action.[1,2] Applications for these positions must be filed with the clerk's office on or before May 20, 2016.

    a. ***Lead Counsel Position Description***. The Court envisions appointing one or more counsel as Plaintiffs' Lead Counsel. Plaintiffs' Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings, and they are charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Plaintiffs' Lead Counsel will act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, and arranging for support services.

    b. ***Criteria for Appointments***. The Court will consider only attorneys who have filed an action in this litigation. The main criteria for these appointments are: (1) knowledge and experience in prosecuting complex litigation, including class actions and other MDL actions, (2) willingness and ability to immediately commit to time-consuming litigation, (3) ability to work cooperatively with others, and (4) access to sufficient resources to prosecute the litigation in a timely manner.

---

[1] The Court understands that Defendants Vizio, Inc., Vizio Holdings, Inc., Vizio Inscape Services, LLC, Vizio Inscape Technologies, LLC, and Cognitive Media Networks, Inc. (collectively, "Vizio") were represented in all the actions and before the Judicial Panel on Multidistrict Litigation by Akin Gump Strauss Hauer & Feld LLP.

[2] If counsel believe it is necessary to appoint Plaintiffs' Liaison Counsel to handle administrative matters in this MDL action, they may raise this issue in the Joint Preliminary Report (as set forth in Section 3 of this Order) and at the initial scheduling conference.

c. **_Required Content for Applications_**. The Court requires individual applications for a Lead Counsel position. Only attorneys who have filed an action in this MDL litigation may apply for a Lead Counsel position. Applications must include:

  i. A resume no longer than two pages
  ii. A letter no longer than three pages (single-spaced) that addresses the following criteria:
   1. The four criteria for appointments identified above in subsection b;
   2. The names and contact information of judges before whom the applicant has appeared in complex matters discussed in response to criterion b(1);
   3. Any other considerations that qualify counsel for a leadership position; and
   4. Attorney fee proposals, rates, and/or percentages that applicants expect to seek if the litigation succeeds in creating a common fund. The Court observes that it shall make the final determination as to the compensation and reimbursement of Plaintiffs' Counsel.
  iii. Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL litigation and support the applicant's appointment as lead counsel.

d. **_Initial Scheduling Conference_**. At the initial scheduling conference set for June 6, 2016 at 1:30 p.m., an applicant may speak for up to five minutes in support of his or her application. Only those attorneys who submit a timely application shall have the chance to speak.

3. **PRELIMINARY REPORT**. By May 20, 2016, in preparation for the initial scheduling conference, counsel will submit to the Court *one joint* preliminary report. Defendants' Counsel shall take charge of preparing and filing this joint report. Where possible, the Court urges counsel to set forth their views in a single report that notes both consensus views and divergent views, should any disagreements arise. Any party may supplement the report with a filing of no more than five pages. Any supplement must also be filed by the May 20, 2016 deadline.

   a. *Meet and Confer*. Before submitting this report and in preparation for the initial scheduling conference, counsel shall meet and confer to seek consensus, wherever possible, on any immediate issues and other matters they wish to bring to the attention of the Court.

   b. *Content of the Report*. The preliminary report shall include the following under corresponding section headings:

      i. A brief statement of counsel's understanding of the facts and the key legal issues in this case. Any potentially dispositive issues should be separately identified. These statements will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.

      ii. A brief statement on counsel's position(s) on (a) the number of Plaintiffs' Lead Counsel that should be appointed in this action and (b) the need, if any, to appoint Liaison Counsel for Plaintiffs.

      iii. A brief statement of counsel's position(s) on the need for a consolidated pleading in this action.

      iv. A list of all known related cases pending in state or federal court and their current status.

      v. A list of all pending motions.

      vi. A list of all outstanding discovery.

vii. A list of all parents, subsidiaries, and companies affiliated with the corporate parties, as well as a list of all counsel associated in this litigation. These lists will help the Court identify any issues relating to recusal or disqualification.

viii. Counsel's position(s) on whether there is a need to appoint a special master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert.

ix. A brief statement regarding any other topics that counsel seeks to address at the initial scheduling conference that require immediate attention.

4. **INTERIM MEASURES**. The Court adopts the following interim measures:

   a. *Admission of Counsel*. Counsel who are not admitted to practice before the Central District of California must file an application to be admitted pro hac vice. *See* C.D. Cal. R. 83-2.1.3.1. However, the requirement that pro hac vice counsel retain local counsel is waived and does not apply to this MDL action.[3]

   b. *Filing*. If not already registered, each attorney of record is obligated to register for electronic filing (CM/ECF) in the Central District of California. More information can be found in the Court's Local Rules and on the Court's website.

      i. The Clerk of Court will maintain a master docket case file under the style "In re: Vizio, Inc., Consumer Privacy Litigation" and the case number "8:16-ml-02693."

---

[3] Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides that parties in actions transferred under 28 U.S.C. § 1407 may continue to be represented in the transferee district by existing counsel, without being required to obtain local counsel. Manual for Complex Litigation § 11.12 n.81.

      ii. All documents relating to any cases in this MDL action shall be filed in this Master file. Documents that pertain to all actions shall have the following language on the caption page: "This Document Relates to: ALL ACTIONS." When a document is intended to apply to fewer than all cases, this Court's docket number for each individual case shall appear immediately after the words "This Document Relates to."

      iii. Documents that pertain to one or only some of the pending actions shall also be electronically filed in the individual case(s) to which the document pertains.

  c. ***Orders of Transferor Courts***. All orders by transferor courts imposing dates for pleading or discovery are vacated.

  d. ***Response Extension and Stay***. Defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. Pending further order of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Except for motions for emergency relief, no motion shall be filed until and in accordance with the Scheduling Order. All pending motions must be re-noticed for resolution once the Court sets a schedule for any such motions.

  e. ***Preservation of Records***. Until the parties reach agreement on a plan for preservation of records, all parties and their counsel must preserve all evidence that may be relevant to these actions.

  f. ***Later Filed Cases***. This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

5. **NEXT STEPS**. Following the initial scheduling conference and the Court's appointment of lead counsel, the Court will set a second scheduling conference to

1  consider the adoption of an overall scheduling plan, including schedules for motion
2  practice, discovery, and settlement.

3

4  **IT IS SO ORDERED**.

5
6
7  DATED: April 22, 2016  _____
8  　　　　　　　　　　　　　　JOSEPHINE L. STATON
   　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

# EXHIBIT A
## In Re: Vizio, Inc., Consumer Privacy Litigation
### Individual Cases

Central District of California
8:15-cv-01860-JLS-KESx: Watts et al. v. Vizio Holdings, Inc. et al.
8:15-cv-01984-JLS-KESx: Weiss v. Vizio, Inc.
8:15-cv-02090-JLS-KESx: Hodges et al. v. Vizio, Inc. et al.
8:15-cv-02151-JLS-KESx: Levine v. Vizio, Inc.
8:15-cv-02166-JLS-KESx: Sloan v. Vizio, Inc. et al.
8:16-cv-00156-JLS-KESx: Milewski v. Vizio Holdings, Inc. et al.
8:16-cv-00276-JLS-KESx: Thomson v. Vizio, Inc. et al.
8:16-cv-00284-JLS-KESx: Bratland v. Vizio, Inc. et al.
8:16-cv-00679-JLS-KESx: Lara et al. v. Vizio Holdings, Inc. et al.

Northern District of California
8:16-cv-00676-JLS-KESx: Reed v. Cognitive Media Networks, Inc. et al.
8:16-cv-00677-JLS-KESx: Jewett et al. v. Vizio, Inc. et al.
8:16-cv-00678-JLS-KESx: Eddy v. Vizio, Inc. et al.
8:16-cv-00680-JLS-KESx: Anderson v. Vizio, Inc. et al.
8:16-cv-00739-JLS-KESx: Tongarm v. Vizio, Inc. et al.
8:16-cv-00741-JLS-KESx: Von Haden v. Vizio, Inc. et al.

Eastern District of Arkansas
8:16-cv-00671-JLS-KESx: Ogle et al. v. Vizio, Inc.

Middle District of Florida
8:16-cv-00681-JLS-KESx: Craig v. Vizio, Inc.

Southern District of Florida
8:16-cv-00682-JLS-KESx: Dassa et al. v. Vizio Holdings, Inc. et al.

Northern District of Illinois
8:16-cv-00683-JLS-KESx: Mason v. Vizio Holdings, Inc. et al.

Northern District of Indiana
8:16-cv-00684-JLS-KESx: Pagorek v. Vizio, Inc. et al.

Southern District of Indiana
8:16-cv-00743-JLS-KESx: Strader v. Vizio, Inc.