

1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222

May 20, 2016

Hon. Josephine L. Staton
District Court for the Central District of California
Ronald Reagan Federal Building & U.S. Courthouse
411 W. 4th Street
Santa Ana, CA 92701

   Re: *In re Vizio, Inc., Consumer Privacy Litigation*, Case No. 16-ml-02693-JLS

Dear Judge Staton,

  Pursuant to Your Honor's April 22, 2016 Order Regarding the Initial Scheduling Conference, the law firm of Carlson Lynch Sweet & Kilpela, LLP ("Carlson Lynch") respectfully submits this application for appointment as lead counsel in the *In re Vizio* matter. Carlson Lynch, and partner Gary F. Lynch in particular, have been leaders in data security and privacy-related litigation in recent years. Carlson Lynch has years of experience in large, complex litigation, including MDL cases involving the same types of legal, factual, and logistical issues presented in this matter.

  Carlson Lynch and Gary Lynch believe that the appointment of the following two Co-Lead Counsel and moderately-sized, four member Executive Committee is optimal for this litigation and would provide an efficient and effective leadership structure: **Lead Counsel**: Cotchett, Pitre & McCarthy, LLP; and Carlson, Lynch, Sweet & Kilpela, LLP. **Executive Committee**: Cohen Milstein Sellers & Toll, PLLC; Zimmerman Reed; Scott + Scott Attorneys at Law, LLP; and the Murray Law Firm.

  1. Knowledge and Experience in Prosecuting Complex, Class, and Other MDL Litigation

  Carlson Lynch's achievements in the rapidly developing data security/privacy field can be seen in events of the past two weeks alone. Gary Lynch serves as co-lead counsel in *In re The Home Depot, Inc., Customer Data Security Breach Litigation,* No. 14-02583-TWT (N.D. Ga.), representing financial institution and credit union association plaintiffs who were harmed by a 2014 data breach at the national retail chain. In a major victory for the plaintiffs, Judge Thomas W. Thrash, Jr. just this week denied almost every aspect of Home Depot's motion to dismiss the consolidated complaint. *See In re The Home Depot*, 2016 WL 2897520 (N.D. Ga. May 18, 2016).

  Mr. Lynch served on the Plaintiffs' Coordination Committee for financial institution plaintiffs and on the overall five-person Executive Committee in *In re Target Corporation Customer Data Security Breach Litigation,* No. 14-02522-PAM (D. Minn.). In that case, Judge Paul A. Magnuson granted final approval for a $39 million class settlement for the financial institutions on May 12, 2016, having previously approved a $10 million settlement for consumer plaintiffs. Also on May 12, 2016, the parties in *Greater Chautauqua Federal Credit Union et al v. Kmart Corporation et al*, No. 15-cv-02228 (N.D. Ill.)—in which Gary Lynch serves on the Executive Committee—reported to the Court that a settlement has been reached, and a motion for preliminary approval is forthcoming. Gary Lynch also serves on the Executive Committee in *In re: Community Health Systems, Inc., Customer Security Data Breach Litigation* (MDL 2595), No. 15-cv-222-KOB (N.D.

1

Ala.). He has served as lead or co-lead counsel in numerous class actions filed in federal courts across the country alleging violation of the Fair and Accurate Credit Transaction Act, most recently obtaining a class settlement in *Dover v. Shoe Show, Inc.*, No. 2:12-cv-00694) (W.D. Pa.).

Carlson Lynch serves leadership roles in numerous additional complex cases. In *In re Community Bank of Northern Virginia Mortgage Lending Practices Litig.*, MDL 1674 (W.D. Pa.), Carlson Lynch serves as co-lead counsel for a class of tens of thousands of secondary mortgage borrowers. A class was certified by the district court in 2013, and the Third Circuit affirmed class certification in 2015. *See In re CBNV*, 795 F.3d 380 (3d Cir. 2015). Carlson Lynch also serves as co-lead counsel in *In re Residential Capital, LLC/ Drennan et al. v. Certain Underwriters at Lloyd's of London et al.*, No. 15-1025 (Bankr. S.D.N.Y), a class-action adversary proceeding in bankruptcy court seeking insurance coverage for more than $300 million of claims related to those in *In re CBNV* that were certified and approved during the bankruptcy process of a secondary market purchaser of the mortgages at issue.

**Judge References:** The following judges preside(d) over complex/class litigation in which Gary Lynch or Carlson Lynch served as lead or co-lead counsel: Hon. Mark R. Hornak (W.D. Pa.); Hon. Arthur J. Schwab (W.D. Pa.); Hon. Thomas W. Thrash, Jr. (N.D. Ga.); Hon. Anita B. Brody (E.D. Pa.); Hon. Dan A. Polster (N.D. Ohio).

2.   Willingness and Ability to Commit Immediately to Time-Consuming Litigation

Carlson Lynch is willing and able to commit immediately to time-consuming litigation. The firm is familiar with the time demands of a modern MDL case, as evidenced by the firm's experience in *Home Depot*, *Target*, and *In re CBNV* (a case that began in the early 2000s). Carlson Lynch also commits to fighting for its clients in the appellate courts when necessary, and is currently serving as lead counsel in several data security/privacy cases on appeal, including *Longenecker-Wells et al. v. Benecard Services, Inc. et. al.*, No. 15-3538 (3rd Cir.), *Storm et al. v. Paytime Inc. et al.*, No. 15-3690 (3rd Cir.), and *Dittman et al. v. UPMC*, No. 971 WDA 2015 (Pa. Superior Ct.). Gary Lynch represented the plaintiff and served as Counsel of Record in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013). Although the five-justice majority ruled for the defendant, Justice Kagan's influential dissent in *Genesis* laid the foundation for the Court's more significant decision in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016), which held that an unaccepted offer of judgment does not moot a plaintiff's claims. *See Campbell-Ewald*, 136 S.Ct. at 669–72.

3.   Ability to Work Cooperatively With Others

Carlson Lynch has a long history of successful co-prosecution with other law firms and civil relationships with opposing counsel. In previous cases, Carlson Lynch has achieved large-scale class settlements while working with each of the firms in Carlson Lynch's proposed leadership structure, and is also serving leadership roles alongside several of these firms in currently-pending MDLs, including those listed above (e.g., *Home Depot*). Carlson Lynch's leadership application also enjoys the support of the additional law firms listed in **Exhibit B**.

4.   Access to Sufficient Resources to Prosecute This Litigation in a Timely Manner

Carlson Lynch can commit resources to this litigation immediately. As explained above, the firm is actively involved in several large MDL cases and is not deterred by the need to invest financial or other resources into a case. The firm recently opened an office in San Diego,

California, which has increased the firm's capacity to handle major cases, particularly on the West Coast.

5.   Fees, Time, and Cost Controls

Carlson Lynch and its proposed leadership team is committed to litigating the case efficiently. If appointed as Co-Lead Plaintiffs' counsel, Carlson Lynch intends to propose a protocol similar to the following:

a.) Billing caps for attorney and non-attorney time: $200 per hour for paralegals and law clerks; $400 for associates; $575 for partners with 6-10 years of practice; $625 for partners with 11-20 years of practice; $675 for partners with 21-30 years of experience; and $725 for partners with more than 30 years of experience;[1]

b.)  Regardless of years of experience, document review work performed by associates may be billed at no more than $300 per hour (with contract attorneys capped at $250);

c.) All pre-leadership and MDL time from non-lead firms has to be submitted to lead counsel who have the discretion to eliminate or edit such time;

d.) All firms, attorneys, experts and consultants working on the case must maintain detailed, contemporaneous time records, prepared at the most within seven days after the work reflected in each time entry occurred. Such reports must be recorded in tenth of an hour increments. These time records must be submitted to lead counsel each month;

e.)  Lead counsel will exercise appropriate billing judgement and eliminate time for "read and review", unless it was authorized by lead counsel or necessary for a particular project. Lead counsel will also exercise billing judgment for "attorney conferences" to ensure that excessive hours are not billed in meetings or teleconference calls; and

f.)  In an attorneys' fee request, lead counsel will submit to the Court, (1) contemporaneous billing records, including a breakdown of hours spent on specific tasks by each attorney; (2) each attorney's, paralegal's, and staff member's billing rates; (3) justifications for those billing rates, and (4) any other information this Court desires.

Carlson Lynch also proposes that in light of the facts of this case, law firms be compensated at **no more than 22.5% of any common fund** created through settlement or no more than a multiplier of two in the event of a favorable judgment.

For the foregoing reasons, Carlson Lynch respectfully requests that this court appoint Carlson Lynch Co-Lead Counsel with Cochett, Pitre & McCarthy LLP, and an Executive Committee comprised of Cohen Milstein Sellers & Toll, PLLC, Zimmerman Reed, Scott + Scott Attorneys at Law, LLP, and the Murray Law Firm.

Sincerely,
/s/ Gary F. Lynch
Gary F. Lynch

---

[1] These are only billing caps.  To the extent, for example, that an associate has a lower customary billing rate than $400 per hour, then that time would be billed at the lower customary billing rate.