1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re: Vizio, Inc., Consumer Privacy

Litigation

This Document Relates to:

ALL ACTIONS

CASE NO. 8:16-ml-02693-JLS (KESx)

MDL No. 2693

**ORDER NO. 2: ORGANIZATION AND APPOINTMENT OF COUNSEL**

At the outset, the Court thanks the authors of the Joint Preliminary Report (Doc. 48) and all counsel for their thoughtful and thorough submissions.  Following the initial scheduling conference held on June 6, 2016, at 1:30 p.m., the Court orders the following:

1. **APPOINTMENT OF PLAINTIFFS' COUNSEL.**  The Court has considered the numerous applications and statements submitted by counsel.  The Court was impressed by the overwhelming quality of applicants for these positions, and it

1

thanks the applicants for participating in this process.  After carefully reviewing the
applications, the Court makes the following appointments:

   a. *Co-Lead Counsel***:**

| Joseph W. Cotchett | Eric H. Gibbs |
|---|---|
| Cotchett, Pitre & McCarthy LLP | Girard Gibbs LLP |
| 840 Malcolm Road, Suite 200 | 1 Kaiser Plaza, Suite 1125 |
| Burlingame, CA 94010 | Oakland, CA 94612 |
| (650) 697-6000 | (510) 350-9700 |
| jcotchett@cpmlegal.com | ehg@classlawgroup.com |

   b. *Responsibilities of Co-Lead Counsel.*  The Court vests Joseph Cotchett and
      Eric Gibbs as Co-Lead Counsel with the authority and duty to coordinate and
      oversee the Plaintiffs' Steering Committee set forth below.  Co-Lead
      Counsel shall generally be responsible for coordinating the activities of
      Plaintiffs during pretrial proceedings and shall:

      i. Determine (after consultations with other members of the Plaintiffs'
         Steering Committee or other co-counsel as may be appropriate) and
         present (in briefs, oral argument, or any other fashion as may be
         appropriate, personally or by a designee) to the Court and opposing
         parties the position of Plaintiffs on all matters arising during pretrial
         proceedings;

      ii. Coordinate discovery on behalf of Plaintiffs consistent with the
         requirements of Fed. R. Civ. P. 26;

      iii. Maintain an up-to-date, comprehensive Service List of Plaintiffs in
         this MDL action and promptly advise the Court and Defendants'
         Counsel of changes to this Service List;

1     iv. Receive and, as appropriate, distribute to co-counsel orders, notices,

2       and correspondence from the Court, as well as documents from

3       opposing parties and counsel;

4     v. Maintain and make available to co-counsel, in a reasonable manner, a

5       complete file of all documents served by or upon each party;

6     vi. Conduct settlement negotiations on behalf of Plaintiffs, but not enter

7       into binding agreements except to the extent expressly authorized;

8     vii. Delegate specific tasks to other counsel or committees of counsel, as

9       authorized by the Court, in a manner to ensure that pretrial

10      preparation for Plaintiffs is conducted efficiently and effectively;

11    viii. Enter into stipulations with opposing counsel as necessary for the

12      conduct of the litigation;

13     ix. Prepare and distribute periodic status reports to the parties;

14     x. Monitor the activities of co-counsel to ensure that schedules are met

15      and unnecessary expenditures of time and funds are avoided; and

16     xi. Perform any other duties that may be incidental to the proper

17      coordination of Plaintiffs' pretrial activities or authorized by further

18      order of the Court.

19   c. ***Plaintiffs' Steering Committee ("PSC")***.  The Court appoints the following

20    counsel to the Plaintiffs' Steering Committee:

21

22

| | |
|---|---|
| Gary F. Lynch | Andrew N. Friedman |
| Carlson Lynch Sweet & Kilpela LLP | Cohen Milstein |
| 1133 Penn Ave., 5th Floor | 1100 New York Ave. NW, Suite 500 |
| Pittsburgh, PA 15222 | Washington, D.C. 20005 |
| (412) 322-9243 | (202) 408-4600 |
| glynch@carlsonlynch.com | afriedman@cohenmilstein.com |

23

24

25

26

27

28

1

Brian C. Gudmundson
Zimmerman Reed PLLP
80 South 8th Street, 1100 IDS Center
Minneapolis, Minnesota 55402
(612) 341-0400
Brian.Gudmundson@zimmreed.com

Ashleigh E. Aitken
Aitken Aitken Cohn
3 MacArthur Place, Suite 800
Santa Ana, CA 92707
(714) 434-1424
ashleigh@aitkenlaw.com

2

3

4

5

6

7      d. ***Responsibilities of the PSC***.  The PSC shall work to advance the litigation

8          on behalf of Plaintiffs, and its work shall be assigned and performed under

9          the direction of Co-Lead Counsel.  Also, as requested by Co-Lead Counsel,

10        the PSC shall consult with Co-Lead Counsel regarding any matter related to

11        Plaintiffs' pretrial activities.

12     e. ***Communications with the Court***.  All communications from Plaintiffs with

13        the Court should be through Co-Lead Counsel.  If circumstances require

14        direct correspondence with the Court by an individual counsel, copies of any

15        such communications shall simultaneously be served upon Plaintiffs' Co-

16        Lead Counsel and the PSC.

17     f. ***Designations***.  The Court notes that the appointments are personal in nature.

18        Although the Court anticipates that appointees will draw on the resources of

19        their firms, the appointee is responsible for the duties that he or she assumes.

20        Accordingly, the above appointees may not be substituted by other attorneys,

21        including members of the appointee's law firm, to perform the outlined

22        duties.  This Court may amend or change the above appointments on its own

23        motion or upon request from Co-Lead Counsel or the PSC.  The Court

24        recognizes that changes to the PSC's organization may be necessary as the

25        litigation progresses and new details emerge.

26     g. ***Appointment Terms***.  The above appointments to the PSC are for one year

27        from the date of this Order.  Appointees may apply to be reappointed when

28

1  their terms expire.  If or when they reapply, their appointments should

2  contain references to the nature and scope of their work on the PSC,

3  including the time and resources expended during the previous term.

4  h. ***Privileged Communications***.  The Court recognizes that cooperation among

5  counsel and the parties is essential for the orderly and expeditious resolution

6  of the litigation.  The communication of information among and between

7  Plaintiffs' Counsel and among and between Defendants' Counsel shall not be

8  deemed a waiver of the attorney-client privilege and/or the work-product

9  doctrine, if the privilege or doctrine is otherwise applicable, and all such

10  persons shall maintain the confidentiality of such communications.

11  Cooperative efforts contemplated above shall in no way be used against any

12  plaintiff by any defendant or against any defendant by any plaintiff.  Nothing

13  contained in this provision shall be construed to limit the rights of any party

14  or counsel to assert the attorney-client privilege or attorney work product

15  doctrine.

16  i. ***Attorneys' Fees and Time Records***.  Co-Lead Counsel and members of the

17  PSC shall keep contemporaneous records of their time and expenses devoted

18  to this matter that are sufficient to make and support a lodestar showing.  The

19  Court notes that regardless of any proposals set forth by the various

20  applicants, it will make the final determination as to the compensation and

21  reimbursement of Plaintiffs' Counsel.

22

23  2. **DEFENDANTS' LIAISON COUNSEL.**  In light of the introduction of non-

24  VIZIO Defendants into this action, (*see* Joint Prelim. Report at 2 n.1), to ensure

25  effective and efficient communications between the parties, and noting that no

26  objections were raised at the hearing, the Court appoints the following counsel as

27  Defendants' Liaison Counsel:

28

1

2
Anthony T. Pierce

3
Akin Gump Strauss Hauer and Feld LLP
1333 New Hampshire Avenue NW, Suite 1500

4
Washington, D.C. 20036
(202) 887-4000

5
apierce@akingump.com

6

7     a. *Responsibilities*.  Defendants' Liaison Counsel will have the following

8          responsibilities:

9             i.  Maintain an up-to-date, comprehensive Service List of Defendants in

10                this MDL action and promptly advise the Court and Plaintiffs'

11                Counsel of changes to this Service List;

12            ii.  Receive and, as appropriate, distribute to Defendants' Counsel Orders,

13                notices, and correspondence from the Court, as well as any documents

14                from opposing parties or counsel;

15           iii.  Maintain and make available to co-counsel, in a reasonable manner, a

16                complete file of all documents served by or upon each party; and

17           iv.  Communicate with the Court on behalf of all Defendants, when

18                appropriate, concerning scheduling and other administrative matters.

19

20  3. **MASTER PLEADING.**  The Court adopts the parties' proposal to file a

21     consolidated complaint in this action.  (*See* Joint Prelim. Report at 14-15.)

22     Accordingly, the Court orders the following:

23        a.  The consolidated class action complaint shall be filed **no later than sixty**

24           **(60) days** after the issuance of this Order.

25        b.  Defendants must answer, move to dismiss, or otherwise respond to the

26           consolidated complaint **no later than forty-five (45) days** after the filing of

27           the consolidated complaint.

28

4. **VACATING THE DEADLINE IDENTIFIED IN LOCAL RULE 23-3.**  Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  C.D. Cal. R. 23-3.  Pursuant to the parties' request in the Joint Preliminary Report (Joint Prelim. Report at 18), the Court VACATES this deadline.

5. **PROPOSED DISCOVERY STAY.**  In the Joint Preliminary Report and in their Supplemental Statement to the Report, the VIZIO Defendants requested a stay of all discovery until the Court fully resolves their anticipated Rule 12 motion to dismiss the consolidated complaint.  (Joint Prelim. Report at 20; Supp'l Statement at 1-5, Doc. 51.)  At the initial scheduling conference, the Court indicated that the Joint Preliminary Report did not provide the parties sufficient time or space to discuss their positions as to this requested stay.

   a. Accordingly, **within fourteen (14) days** of the issuance of this Order, the parties may file a statement explaining their position as to whether the Court should impose either a partial or full stay of all discovery until it resolves any motions directed towards the pleadings.

   b. To the extent any party has already filed a statement with the Court, either within the Joint Preliminary Report or as a supplement to the Report, it may file a supplemental statement that discusses information or arguments not already before the Court.

   c. Filings must be no longer than ten (10) pages.

7

1        d.  Upon receipt of these filings, the Court will issue an order as to whether

2            there will be any stay of discovery.  The same order will indicate next steps

3            as to scheduling in this MDL action.

4

5        **IT IS SO ORDERED**.

6

7

8

9    DATED: June 8, 2016    _____

10                     THE HONORABLE JOSEPHINE L. STATON
                  UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28