**AKIN GUMP STRAUSS HAUER & FELD LLP**
ANTHONY T. PIERCE (*admitted pro hac vice*)
apierce@akingump.com
1333 New Hampshire Avenue NW, Suite 1500
Washington, DC 20036
Tel: 202-887-4000
Fax: 202-887-4288

HYONGSOON KIM (SBN 257019)
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-4100
Fax: 949-885-4101

PATRICK E. MURRAY (SBN 293765)
pmurray@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: 310-229-1000
Fax: 310-229-1001

*Attorneys for Defendants VIZIO Holdings, Inc.,*
*VIZIO, Inc., VIZIO Inscape Services, LLC,*
*and VIZIO Inscape Technologies, LLC.*

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION | Case No. 8:16-ml-02693-JLS (KESx) |
| | **VIZIO DEFENDANTS' FURTHER STATEMENT IN SUPPORT OF STAY OF DISCOVERY** |
| This document relates to: | Hon. Josephine L. Staton |
| ALL ACTIONS | Date:      N/A |
| | Time:      N/A |
| | Courtroom: 10A |

# VIZIO DEFENDANTS'[1] FURTHER STATEMENT REGARDING DISCOVERY STAY

The VIZIO Defendants submit this further statement to make two simple points. First, courts can and do consider the merits of a motion to dismiss in deciding whether to stay discovery.  In the past several years, claims brought under the Video Privacy Protection Act ("VPPA") – which Plaintiffs acknowledge is at the "core" of their complaints – have been consistently dismissed at the pleadings stage.  Plaintiffs in this litigation advance an even more far-fetched theory of liability than those already rejected in prior VPPA cases.  Indeed, no court has *ever* sanctioned a VPPA claim against a party like VIZIO.  Second, any discovery would be fundamentally unfair and burdensome to all of the Defendants.  Plaintiffs should not be entitled to use discovery to pry into Defendants' business affairs or fish for additional defendants or claims until this Court has first determined whether Plaintiffs have actually stated a viable legal claim.

## I.     PLAINTIFFS' CORE VPPA CLAIM HAS BEEN REPEATEDLY DISMISSED BY COURTS

Plaintiffs contend that the VPPA claims drive this litigation.  As the Girard Gibbs firm (now co-lead counsel) acknowledged in the previously filed Joint Status Report, "**VIZIO's nationwide liability under the federal VPPA is a <u>core issue</u> in this litigation**."  Docket No. 48 ("Joint Report"), at p. 9 (emphasis added).  According to Plaintiffs, "**<u>VIZIO's liability under the VPPA is likely to inform its liability under various state-law claims</u> which share similar elements and factual predicates.**  This includes state video privacy and data retention laws, some of which are modeled after the VPPA, and statutory and common-law privacy claims which target the unauthorized interception or disclosure of private communications."  *Id.* (emphasis added).

---

[1]   The VIZIO Defendants are VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Inscape Technologies, LLC, and VIZIO Inscape Services, LLC.

In their prior statement in support of a discovery stay, the VIZIO Defendants noted that discovery has generally been stayed, either explicitly or effectively, in VPPA cases while a motion to dismiss was pending.  Docket No. 51 (Supplement Regarding Discovery Stay), at 4-5.  But it is equally important to note that, in those same cases, **VPPA claims were consistently dismissed as a matter of law at the pleadings stage.[2]**  Here, as explained below (*see infra* at 3-4), Plaintiffs seek to bring the same types of claims dismissed in prior VPPA cases to  new categories of proposed defendants who have never been sued in a VPPA case, raising yet another fundamental threshold legal issue to be addressed.

Courts can and do consider the merits of a motion to dismiss in deciding whether to stay discovery while such motion is pending.  *See, e.g., Top Rank, Inc. v. Haymon*, No. CV154961JFWMRWX, 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015) (granting stay of discovery in part because "many of the arguments raised in the motions [to dismiss] are compelling and deserve careful consideration before allowing the parties to proceed with costly and time-consuming discovery"); *Rizzolo v. Henry*, No. 2:12-CV-02043-APG, 2013 WL 1890665, at *6 (D. Nev. May 3, 2013) (granting motion to stay discovery after taking a "preliminary peek" into pending motion to dismiss and finding that motion was likely to be granted); *Clemons v. Hayes*, No. 2:10-CV-01163-KJD, 2011 WL 2112006, at *3 (D. Nev. May 26, 2011) (staying discovery after examining merits of defendant's motion to dismiss).  Thus, the fact that similar VPPA claims were dismissed in other cases is directly relevant to the question of whether a stay of discovery is appropriate here.

Below are examples of cases in which VPPA claims were dismissed as a matter of law:

---

[2] The VIZIO Defendants were unable to make these points in their prior discovery statement due to space limitations, and appreciate the opportunity provided by the Court to further explain their position here.

VIZIO DEFENDANTS' STATEMENT IN SUPPORT OF DISCOVERY STAY
MDL CASE NO. 8:16-ML-02693-JLS-KES

- *Perry v. Cable News Network, Inc.*, No. 1:14-cv-02926-ELR (N.D. Ga. Apr. 20, 2016).  The district court dismissed this VPPA case at the pleadings stage.  The court held both that the plaintiff did not qualify as a "consumer" under the VPPA and device identifiers as a matter of law did not qualify as "personally identifiable information" ("PII") under the VPPA.

- *Robinson v. Disney Online*, No. 14-CV-4146 RA, 2015 WL 6161284 (S.D.N.Y. Oct. 20, 2015).  The district court granted the motion to dismiss and closed the case based on the court's determination that Roku serial numbers did not constitute PII under the VPPA.

- *Mollett v. Netflix, Inc*., No. 5:11-CV-01629-EJD, 2012 WL 3731542 (N.D. Cal. Aug. 17, 2012), *aff'd*, 795 F.3d 1062 (9th Cir. 2015).  The district court dismissed the complaint in full with prejudice, including claims under the VPPA and California Civil Code section 1799.3, because there was no improper disclosure.  The Ninth Circuit affirmed the decision.

- *Rodriguez v. Sony Computer Entm't Am. LLC*, No. C 11-4084 PJH, 2012 WL 4464563 (N.D. Cal. Sept. 25, 2012), *aff'd*, 801 F.3d 1045 (9th Cir. 2015).  The district court dismissed most of the first amended complaint with prejudice on the grounds that there was no private right of action for retention of information under the VPPA and the disclosure of information to its own entities was in the ordinary course of business.  The district court subsequently dismissed the second amended complaint on the same grounds, noting that the addition of a breach of contract claim did not cure the previously identified defects.  The Ninth Circuit affirmed.

- *Locklear v. Dow Jones & Co.*, 101 F. Supp. 3d 1312 (N.D. Ga. 2015), *abrogated on other grounds by Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251 (11th Cir. 2015).  The district court dismissed the VPPA claim in this case, again because a Roku serial number did not constitute PII under the VPPA.

3

VIZIO DEFENDANTS' STATEMENT IN SUPPORT OF DISCOVERY STAY
MDL CASE NO. 8:16-ML-02693-JLS-KES

- *Eichenberger v. ESPN, Inc*., No. C14-463 TSZ, 2015 WL 7252985 (W.D. Wash. May 7, 2015).  The district court granted multiple motions to dismiss, ultimately dismissing the matter with prejudice because Roku serial numbers are not PII even if sent to a third party that can identify consumers using information from other sources.

- *Ellis v. Cartoon Network, Inc*., No. 1:14-CV-484-TWT, 2014 WL 5023535 (N.D. Ga. Oct. 8, 2014), *aff'd on other grounds*, 803 F.3d 1251 (11th Cir. 2015).  The trial court dismissed the complaint with prejudice at the pleadings stage, holding that a device identifier did not constitute PII.

- *In re Nickelodeon Consumer Privacy Litig.*, No. CIV.A. 12-07829, 2014 WL 3012873 (D.N.J. July 2, 2014).  The district court dismissed most of plaintiff's claims in the initial complaint, including various California state claims and the VPPA claim against Google, with prejudice.  The remaining claims were dismissed with leave to amend.  Following amendment, the court granted a motion to dismiss the remaining claims, including a VPPA claim against Viacom and claims under New Jersey law, with prejudice.  *In re Nickelodeon Consumer Privacy Litig.*, No. CIV.A. 12-07829, 2015 WL 248334, at *7 (D.N.J. Jan. 20, 2015).

- *Daniel v. Cantrell,* 241 F. Supp. 2d 867 (E.D. Tenn. 2003), *aff'd,* 375 F.3d 377 (6th Cir. 2004).  The district court dismissed this VPPA case with prejudice at the pleadings stage, holding that none of the defendants constituted "video tape service providers" under the VPPA.  The Sixth Circuit affirmed.

It should come as no surprise that no discovery appears to have occurred in most, if not all, of the above cases while motions to dismiss were pending.  Docket No. 51, at 4-5.

Here, Plaintiffs rely on the same defective legal concepts (such as their claim that a device identifier could constitute PII) that warranted dismissal of the VPPA claim in many of the above cases.  What is more, Plaintiffs seek for the first time to apply those

VIZIO DEFENDANTS' STATEMENT IN SUPPORT OF DISCOVERY STAY
MDL CASE NO. 8:16-ML-02693-JLS-KES

concepts to a company that *sells electronics* and that *does not create media content for delivery to consumers*.  Plaintiffs now appear to contend that even companies that merely provide the vessel through which media content travels are liable under the VPPA.  If Plaintiffs are right, the VPPA (which specifically applies to "video tape service providers," 18 U.S.C. § 2710) would theoretically apply to manufacturers and sellers of countless electronic devices through which media content passes, such as cable boxes, wireless routers, modems, personal computers, projectors, DVD/Blu-Ray Players, smartphones, tablets, e-Readers, video game consoles, or even cars.  Plaintiffs assert equally new, fanciful and unsupported legal theories against the non-VIZIO Defendants.[3]

Indeed, Plaintiffs themselves evidently are still working out what precise legal theories they intend to assert.  It is telling that the first twenty-three complaints filed against the VIZIO Defendants did not name any alleged "data partners" as defendants.  It was not until the twenty-fourth complaint, months after the first complaint was filed and after the cases were all consolidated, that any such defendants were named.  It would not be surprising if Plaintiffs' legal and factual theories shift further in the Consolidated Amended Complaint.

Before Plaintiffs are allowed to disrupt and pry into VIZIO's business through the use of invasive discovery, the Court should first resolve the viability of Plaintiffs' new legal theories, which, in the VIZIO Defendants' view, stretch the law far beyond the breaking point.[4]  At a minimum, the VIZIO Defendants ask that the Court first review Defendants' motions to dismiss before deciding whether any discovery should proceed.

---

[3] The VIZIO Defendants join in and agree completely with the statement filed by the Secondary Defendants and the explanation therein as to why the VPPA does not apply to any of the Secondary Defendants.

[4] As Plaintiffs acknowledge, a decision on the VPPA claim will inevitably impact whether any of Plaintiffs' parallel federal and state law claims can go forward.  And as explained in the VIZIO Defendants' prior supplement in support of a discovery stay, the VIZIO Defendants intend to move to dismiss the entirety of any Consolidated Amended Complaint on a number of purely legal grounds, including lack of standing.

5

## II.   COMMENCEMENT OF "LIMITED DISCOVERY" WOULD CAUSE THE SAME FUNDAMENTAL HARM TO DEFENDANTS

The VIZIO Defendants expect Plaintiffs to suggest that discovery occur in stages, and that Defendants should respond to some "narrower" set of discovery at the outset. Such a proposal misses the point.  Any discovery will inevitably be severely burdensome, particularly in a case such as this with a wide-ranging set of facts and multiple sets of plaintiffs' counsel ready to participate.  However "narrow" the initial scope of discovery, it is very difficult to predict and manage the costs and expenses associated with managing such discovery, including potential disputes.  It is for this reason that the Supreme Court in *Twombly* emphasized the need to *dismiss* claims prior to the commencement of discovery instead of attempting to "manage" such claims through staged discovery or summary judgment:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.  And it is self-evident that the problem of discovery abuse cannot be solved by "careful scrutiny of evidence at the summary judgment stage," much less "lucid instructions to juries,"; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (citations omitted).

This is all the more so because the disruption to the VIZIO Defendants' (and all Defendants') business does not merely depend on the volume of discovery.  Plaintiffs' discovery will intrude into the details of Defendants' business and business relationships. Further, Plaintiffs will likely seek additional information to amend their complaints, either to add further factual allegations or to identify new defendants.  But this is entirely

6

backwards.  Plaintiffs should not be able to fish for information to create claims when their initial claims are not viable.  Particularly after *Iqbal* and *Twombly*, a complaint is not simply a "placeholder" until discovery can replace existing claims with "better" ones.  Discovery is a mechanism to test the facts relating to existing claims, not to search for new claims.

For example, Plaintiffs likely seek to discover the identity of companies with whom VIZIO does business for the purpose of adding such companies as defendants to this lawsuit.  Were Plaintiffs allowed to expand the scope of their lawsuit in this manner before the Court has an opportunity to test what the VIZIO Defendants believe are fundamentally flawed legal theories, the resulting disruption to VIZIO's business could be significant.  Before Plaintiffs can further damage the VIZIO Defendants' business by attempting to add more defendants to this litigation, this Court should determine whether Plaintiffs are able to state claims against such defendants.

Finally, any suggestion that the VIZIO Defendants would proceed forward with discovery while other defendants sit on the sidelines not only fails to solve any of the issues raised above but also creates entirely new problems.  "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants."  *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).  As the Supreme Court noted in *Iqbal*:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

VIZIO DEFENDANTS' STATEMENT IN SUPPORT OF DISCOVERY STAY
MDL CASE NO. 8:16-ML-02693-JLS-KES

*Id.* at 685-86.

**III. CONCLUSION**

For all the reasons stated herein and in the VIZIO Defendants' prior supplemental statement regarding stay of discovery, Plaintiffs' complaints raise new and fundamental legal questions that should be resolved before any defendant is forced to deal with the substantial disruption that any discovery would cause.  By contrast, Plaintiffs suffer no meaningful prejudice from a stay of discovery.  The VIZIO Defendants therefore respectfully request that the Court stay all discovery in this action until Defendants' impending motion(s) to dismiss have been decided.

Dated:  June 22, 2016

/s/  Anthony T. Pierce
Anthony T. Pierce (*admitted pro hac vice*)
apierce@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW, Suite 1500
Washington, DC 20036
Tel: 202-887-4000
Fax: 202-887-4288

Hyongsoon Kim (SBN 257019)
kimh@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-1000
Fax: 949-885-1001

Patrick E. Murray (SBN 293765)
pmurray@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East Suite 2400
Los Angeles, CA 90024
Tel: 310-229-1000
Fax: 310-229-1001

VIZIO DEFENDANTS' STATEMENT IN SUPPORT OF DISCOVERY STAY
MDL CASE NO. 8:16-ML-02693-JLS-KES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Defendants VIZIO Holdings, Inc.,
VIZIO, Inc., VIZIO Inscape Services, LLC, and VIZIO
Inscape Technologies, LLC.*

9