Joseph W. Cotchett (36324)
jcotchett@cpmlegal.com
Adam J. Zapala (245748)
azapala@cpmlegal.com
Elizabeth Tran (280502)
etran@cpmlegal.com
Joyce Chang (300780)
jchang@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577

Eric H. Gibbs
ehg@classlawgroup.com
Andre Mura
amm@classlawgroup.com
**GIRARD GIBBS LLP**
One Kaiser Plaza, Suite 1125
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*[Additional Counsel Listed On Signature Page]*

*Plaintiffs' Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| **In re: Vizio, Inc., Consumer Privacy Litigation** | MDL Case No. 8:16-ml-02693-JLS-KES<br><br>**PLAINTIFFS' STATEMENT IN OPPOSITION TO PROPOSED STAY OF DISCOVERY** |

**OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS .................................................................................. 2

III. ARGUMENT ....................................................................................................... 3

    A.  Applicable Legal Standards ..................................................................... 3

    B.  Courts Disfavor Stays of Discovery ........................................................ 3

    C.  The Pendency Of A Motion To Dismiss Does Not Stay Discovery ....4

    D.  The Same Standards Governing Motions to Stay Discovery Apply To Claims Under The VPPA ........................................................................ 8

    E.  This Case Will Not Present Unmanageable Discovery Burdens and Initial Discovery Regarding Key Facts And Topics Should Commence Immediately ......................................................................... 9

IV.  CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baron Fin. Corp. v. Natanzon*,
  240 F.R.D. 200 (D. Md. 2006) ................................................................................ 4

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
  236 F.R.D. 113 (E.D.N.Y. 2006) ............................................................................ 5

*Dsm Desotech Inc. v. 3D Sys. Corp.*,
  2008 U.S. Dist. LEXIS 87473 (N.D. Ill. Oct. 28, 2008) ......................................... 5

*Edwards v. Hearst Communications, Inc.*,
  No. 15-cv-9279 (S.D. N.Y., June 17, 2016) ........................................................... 7

*Eichenberger v. ESPN, Inc.*,
  No. C14-463 TSZ (W.D. Wash.) ............................................................................ 9

*Ellis v. Cartoon Network, Inc.*,
  No. 1:14-CV-484-TWT (N.D. Ga.) ........................................................................ 8

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) ............................................................................. 6

*Gray v. Winthrop*,
  133 F.R.D. 39 (N.D. Cal. 1990) ........................................................................... 10

*Howard v. Galesi*,
  107 F.R.D. 348 (S.D.N.Y. 1985) ........................................................................... 8

*Huene v. U.S. Dep't of Treasury, I.R.S.*,
  2013 WL 417747 (E.D. Cal. Jan. 31, 2013) ........................................................... 3

*In re Anthem, Inc. Data Breach Litigation*,
  No. 15-MD-02617-LHK (N.D. Cal. July 31, 2015) ............................................... 9

*In re Apple In-App Purchase Litig.*,
  2012 U.S. Dist. LEXIS 18970 (N.D. Cal. Feb. 15, 2012) ................................. 3, 4

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  2014 U.S. Dist. LEXIS 151222 (N.D. Cal. Oct. 23, 2014) .................................... 9

*In re Hulu Privacy Litig.*,
  No. C 11-03764 LB (N.D. Cal.) ............................................................................. 9

*In re Plastics Additives Antitrust Litig.*,
  2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) ......................................................... 8

*In re Target Corp. Customer Data Security Breach Litig.*,
  MDL No. 14-2522 (D. Minn. July 24, 2014) ......................................................... 9

*Kellam Energy, Inc. v. Duncan*,
   616 F. Supp. 215 (D. Del. 1985) ..........................................................................9

*Klee v. Nissan N. Am.*,
   No. 2:12-cv-08238-BRO-PJW, ECF No. 71 (C.D. Cal.) ....................................1

*Mlejnecky v. Olympus Imaging Am. Inc.*,
   2011 U.S. Dist. LEXIS 16128 (E.D. Cal. Feb. 11, 2011) ...............................4, 5

*New England Carpenters Health & Welfare Fund v. Abbot Labs.*,
   2013 U.S. Dist. LEXIS 35644 (N.D. Ill. Feb. 20, 2013) .....................................5

*Robinson v. Disney Online*,
   No C 11-4084 PJH (S.D.N.Y.) ............................................................................8

*Simpson v. Specialty Retail Concepts, Inc.*,
   121 F.R.D. 261 (M.D.N.C. 1988) .......................................................................4

*Skellerup Indus. v. City of L.A.*,
   163 F.R.D. 598 (C.D. Cal. 1995) ................................................................1, 3, 6

*Solomon Realty Co. v. Tim Donut U.S. Ltd.*,
   2009 U.S. Dist. LEXIS 75813 (S.D. Ohio August 11, 2009) .............................5

*Sterk v. Redbox Automated Retail, LLC*,
   770 F.3d 618 (7th Cir. 2014) ...............................................................................7

*TE Connectivity Networks, Inc. v. All Systems Broadband, Inc.*,
   2013 U.S. Dist. LEXIS 117719 (D. Minn. Aug. 20, 2013) ................................5

*Turner Broad. Sys., Inc. v. Tracinda Corp.*,
   175 F.R.D. 554 (D Nev. 1997) .......................................................................3, 6

*Worldcom Techs. Inc. v. Intelnet Int'l*,
   2002 U.S. Dist. LEXIS 15892 (E.D. Pa. Aug. 22, 2002) ....................................4

*Yershov v. Gannett Satellite Info. Network, Inc.*,
   2016 WL 1719825 (1st Cir. Apr. 29, 2016) ........................................................7

**Statutes**

15 U.S.C.

   § 74u-4(b)(3)(B) ..................................................................................................6

18 U.S.C.

   § 2511 ..................................................................................................................2

   § 2710 ..................................................................................................................2

California Busines & Professions Code

   § 17200 ................................................................................................................7

**OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES**    iii

California Civil Code

   § 175 ...................................................................................................................... 7

   § 1799.3 ................................................................................................................. 7

**Rules**

Federal Rules of Civil Procedure

   Rule 1 ................................................................................................................ 1, 4

   Rule 12(b) ........................................................................................................... 6, 7

   Rule 12(b)(6) ..................................................................................................... 6, 10

   Rule 26(b) (1) ......................................................................................................... 3

   Rule 26(c) (1)(A)-(H) ............................................................................................ 10

Plaintiffs hereby submit this Statement in Opposition to the Proposed Stay of Discovery in accordance with the Court's June 8, 2016 Order No. 2: Organization and Appointment of Counsel (Dkt. 85) at ¶5.

## I. INTRODUCTION

This Court should reject Defendants'[1] request to stay all discovery pending a ruling on motions to dismiss, which will not be filed until late September. A blanket stay of discovery is unnecessary, unwarranted and contrary to the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Defendants seek to alter the typical rules for civil litigation by requesting a blanket stay of discovery. Yet Defendants have articulated no cognizable basis for obtaining such a blanket stay of discovery, much less satisfied their "*heavy burden*" of making a "*strong showing*" of demonstrating good cause for obtaining a discovery stay. *See Skellerup Indus. v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (Chapman, M.J.) (emphasis added). Defendants are seeking to indefinitely punt their discovery obligations into the future. They make no secret that their discovery strategy amounts to nothing more than a bet: they are hoping the litigation will fade away before they are compelled to participate in the discovery process. Yet all they have done is denied liability and claimed that their Rule 12(b)(6) motion will win the day. "But defendants always deny liability when faced with a meritorious lawsuit." *Klee v. Nissan N. Am.*, No. 2:12-cv-08238-BRO-PJW, ECF No. 71, at 2 (C.D. Cal.) (Plaintiff (Hon.) Alex Kozinski's Opposition to Pls.' Mot. for Final Approval of Class Action Settlement). Such conclusory proclamations are insufficient for granting a blanket stay of discovery. Obtaining a stay may serve Defendants' own interests, but such a result does violence to black letter law from this Circuit, is contrary to this Court's Standing

---

[1] VIZIO Holdings, Inc., VIZIO, INC., VIZIO Inscape Services, LLC, and VIZIO Inscape Technologies, LLC (collectively, "Defendants").

**OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES**

1

Order and ignores the reality that this case will proceed beyond any anticipated motions to dismiss.

Moreover, a discovery stay will hinder this MDL's progress in all aspects of the litigation. Discovery is not an isolated component of an action. It is an integral part of developing evidence, assessing damages, obtaining expert analyses, briefing class certification and summary judgment, and otherwise performing the activities prerequisite to any discussions about settlement or preparing the case for trial. These activities take time. An onslaught of information and evidence received at a late date affects the parties' ability to make full and effective use of the discovery received.  Further, as discussed in Section II(E), *infra*, Defendants cannot credibly claim that the necessary discovery in this litigation will be broad or unduly burdensome.  Unlike other types of complex cases, the discovery required here will be focused on a relatively small set of core issues. The appropriate approach is to reject the request for a blanket stay of discovery and address specific concerns if and when they arise in the context of discovery proceedings.

## II.     STATEMENT OF FACTS

This action arises from numerous civil complaints alleging that Defendants violated their customers' privacy rights by installing "Smart Interactivity" software on certain models of televisions sold to consumers. It is alleged that the software collects consumers' viewing data and personally identifiable information, which Defendants shared with third parties.  The complaints alleged violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("the VPPA"), the Electronic Communications Privacy Act, 18 U.S.C. § 2511 ("the ECPA") and various state consumer protection and unfair competition laws.

On June 6, 2016, the Court held an initial scheduling conference, where it noted that Plaintiffs had not had sufficient time to explain their position regarding a proposed stay of discovery. On June 8, 2016, the Court entered Order No. 2: Organization and Appointment of Counsel (Dkt. 85). Among other things, the

Order: (a) authorized the filing of a Consolidated Complaint; and (b) granted the parties 14 days to submit statements regarding a stay of discovery.

### III.    ARGUMENT

#### A.    Applicable Legal Standards

Parties are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b) (1). "Generally, the scope of discovery is expansive, subject to the court's inherent power to control the proceedings before it." *In re Apple In-App Purchase Litig.*, No. 5:11-CV-01758 EJD, 2012 U.S. Dist. LEXIS 18970, at *2 (N.D. Cal. Feb. 15, 2012). Consistent with these principles, the Federal Rules of Civil Procedure identify only narrow circumstances where staying discovery is appropriate. "A party seeking a stay of discovery carries **a heavy burden** of making **a 'strong showing'** why discovery should be denied." *Skellerup Indus.*, 163 F.R.D. at 600 (emphasis added); *see also Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D Nev. 1997) (citations omitted); *Huene v. U.S. Dep't of Treasury, I.R.S.,* No: 2:11-CV-2110-JAM-AC, 2013 WL 417747, at *7 (E.D. Cal. Jan. 31, 2013) (citing *Turner*). Here, this means Vizio must "convince" this Court that Plaintiffs have "no chance" of prevailing against a Rule 12(b)(6) motion because the complaint is "utterly frivolous, or filed merely for settlement value." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 555-56. Otherwise, staying discovery is directly at odds with the need for expeditious resolution of litigation. *Skellerup Indus. Ltd.*, 163 F.R.D. at 600–01.

#### B.    Courts Disfavor Stays of Discovery

Delaying access to information and evidence, as Defendants request, puts the entire action in a holding pattern. It hinders all parties' ability to assess damages, engage experts, and perform the important activities that bring a case to resolution. Thus, staying discovery is at odds with the "just, speedy, and inexpensive determination" of litigants' claims. Fed. R. Civ. P. 1; *see also Worldcom Techs. Inc. v. Intelnet Int'l*, Civil Action No. 00-2284, 2002 U.S. Dist.

LEXIS 15892, at *19 (E.D. Pa. Aug. 22, 2002) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)) ("when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."); *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 203 (D. Md. 2006) (stay would interfere with the "just and speedy administration" of the action).

Further, "the Federal Rules of Civil Procedure do[] not provide for an automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably on such blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 U.S. Dist. LEXIS 16128, *18 (E.D. Cal. Feb. 11, 2011); *In re Apple In-App Purchase Litig.*, 2012 U.S. Dist. LEXIS 18970, *3 (rejecting a stay of discovery pending a dispositive motion and finding discovery stays "are disfavored because . . . [they] . . . interfere with judicial efficiency . . . . [B]efore a stay can be issued, the moving party must meet a heavy burden of making a strong showing why discovery should be denied.").

### C. The Pendency Of A Motion To Dismiss Does Not Stay Discovery

Defendants have argued that they anticipate filing motions to dismiss and it is possible that they might obtain a favorable outcome. This generalized optimism does not provide grounds for a stay. Given the now-ubiquitous practice of filing multiple motions to dismiss, Defendants' reasoning would cripple the federal judicial system with an ever-growing backlog of stagnant cases and would foreclose meaningful access to the courts.

While Defendants claim that courts "routinely" stay discovery while dispositive motions are pending, this argument is not based on any recognized legal principle or rules-based language. Rather, Defendants have relied on a string citation of cases, providing examples where courts determined a stay was

appropriate under the particular circumstances of that case. Contrary to the argument Defendants cobbled together, as discussed above, "[i]t, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *see also Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *18; *TE Connectivity Networks, Inc. v. All Systems Broadband, Inc.*, No. 13-1356-ADM, 2013 U.S. Dist. LEXIS 117719, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) (It is "black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."); *New England Carpenters Health & Welfare Fund v. Abbot Labs.*, No. 12-c-1662, 2013 U.S. Dist. LEXIS 35644 (N.D. Ill. Feb. 20, 2013) (the filing of motions to dismiss "do not mandate that a motion to stay should be granted every time a motion to dismiss is filed."); *Solomon Realty Co. v. Tim Donut U.S. Ltd.*, 2:08-cv-561, 2009 U.S. Dist. LEXIS 75813 (S.D. Ohio August 11, 2009) ("Despite the defendants' interpretation of new pleading standards in the wake of *Twombly* and *Iqbal*, the Court is not persuaded that this case presents any need for departure from the general rule that a pending motion to dismiss does not warrant a stay of discovery.")*; Dsm Desotech Inc. v. 3D Sys. Corp.*, 2008 U.S. Dist. LEXIS 87473, No. 08-cv-1531 (N.D. Ill. Oct. 28, 2008) (the filing of a motion to dismiss "is not . . . tantamount to an automatic prohibition on discovery in every . . . case where defendants challenge the sufficiency of a complaint.")

Courts are quick to reject sweeping statements similar to those made by Defendants here:

> This idle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules'

OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES

5

> liberal discovery provisions. . . . [¶] In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.

*Skellerup Indus.*, 163 F.R.D. at 600-01 (Chapman, M.J.) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *cf.* 15 U.S.C. § 74u-4(b)(3)(B) (2012) (the Private Securities Litigation Reform Act expressly imposes a stay of discovery, reflecting Congressional intent that a different standard apply).

Any successful request for a stay of discovery at this point in time would depend upon two highly optimistic premises, *both* of which are required: (1) Defendants must prevail as to *each and every claim* in this MDL proceeding, with the claims dismissed in their entirety; *and* (2) *each and every claim* must be dismissed without leave to amend, perhaps after multiple rounds of motions to dismiss. Defendants have not articulated any compelling reason to believe that Plaintiffs' claims have a fatal flaw that is the probable death knell to the *entire* litigation; nor could they since Plaintiffs have not even filed their consolidated amended complaint yet.

As discussed *supra*, all Defendants have done, in conclusory fashion, is deny liability and proclaimed that a Rule 12(b) motion will resolve the litigation. But simply claiming that a Rule 12(b)(6) motion might have some merit is not sufficient "good cause" for the issuance of a blanket stay of discovery. *See Turner Broad. Sys.*, 175 F.R.D. at 555. Instead, it is Vizio's burden—which they have failed to meet—to "convince" this Court that Plaintiffs have "no chance" of prevailing against a Rule 12(b)(6) motion because the complaint is "utterly frivolous, or filed merely for settlement value." *Id.* But, Defendants cannot make such a showing; nor have they even attempted to. To date, as a rationale for staying discovery, Defendants have stated that "the parties will know if the case is proceeding and which claims (if any) remain to be litigated" after the Court adjudicates a Rule 12(b) motion. *See* Dkt. 51 at 1 ("Vizio Stay Request"). Such a

statement is irrelevant because it is always the case that parties learn which claims will proceed after a court rules on a dispositive motion. Nevertheless, decision after decision holds that the mere filing of a motion to dismiss does not automatically stay discovery.

Moreover, Defendants imply that Plaintiffs cannot succeed on their VPPA claim. While a VPPA claim will certainly be pled as a core cause of action in the Consolidated Complaint, it will not be the sole cause of action pled.[2] But, in any event, there is good reason to believe that Defendants' arguments regarding the VPPA will fail. *See, e.g., Edwards v. Hearst Communications, Inc.*, No. 15-cv-9279 (S.D. N.Y., June 17, 2016), Dkt. 26 (rejecting standing arguments in a state VPPA case); *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014) (finding standing under the VPPA for dissemination of protected information).[3] Moreover, many courts take a broad view of what constitutes "personally identifiable information", which is often a contested issue in litigation under the VPPA and its counterparts. *See, e.g., Yershov v. Gannett Satellite Info. Network, Inc.*, No. 15-1719, 2016 WL 1719825, at *2 (1st Cir. Apr. 29, 2016) (refusing to narrowly construe the VPPA so that the only qualifying personally identifiable information is "information that explicitly names a person."). Defendants have failed to argue, much less demonstrate, that Plaintiffs' claims are frivolous.

---

[2] Plaintiffs anticipate bringing certain state law claims, including claims under California's version of the VPPA (Cal. Civ. Code § 1799.3), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), and California's Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 175), among other state statutory claims.

[3] To date, Defendants have not argued that a stay of discovery is warranted because of preliminary issues such as jurisdiction, venue, or immunity. Even assuming Defendants could challenge Plaintiffs' standing under the VPPA, they cannot carry their heavy burden of showing that Plaintiffs' invocation of the Court's jurisdiction is frivolous.

**OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES**     7

The assumptions underlying Defendants' arguments are too speculative to provide grounds for staying discovery. *See, e.g., Howard v. Galesi*, 107 F.R.D. 348, 350, n4 (S.D.N.Y. 1985) ("While the Court does not suggest that the defendant's motion will be denied, it is not persuaded that the granting of this motion is inevitable. . . . Moreover, even if the underlying motion to dismiss is granted, the plaintiff may be able to amend the complaint, stating the allegations with greater particularity."); *In re Plastics Additives Antitrust Litig.*, No. Civ. 03-2038, 2004 WL 2743591, at *7 (E.D. Pa. Nov. 29, 2004) ("although the defendants may experience some future prejudice if this Court refuses to grant a stay of merits-based discovery . . . this prejudice is both remote and uncertain"). Finally, permitting discovery to proceed and denying Defendants' request is consistent with the spirit of this Court's Standing Order that discovery should commence promptly. *See* Standing Order § 8(b).

### D. The Same Standards Governing Motions to Stay Discovery Apply To Claims Under The VPPA

Defendants have also suggested that this Court should view a request to stay discovery of claims under the VPPA differently than it would otherwise with respect to separate claims. There is no support for such a position. Here, Defendants have merely cited a list of cases and docket entries, with minimal or no analysis. Upon closer review, the cases relied upon by Defendants provide little support for the proposition that discovery stays are regularly imposed in VPPA cases or that VPPA claims are subject to a different standard than other civil claims. *See Ellis v. Cartoon Network, Inc.,* No. 1:14-CV-484-TWT (N.D. Ga.) (where the parties *stipulated* to a stay); *Robinson v. Disney Online*, No C 11-4084 PJH (S.D.N.Y.) (where the parties *stipulated* to a stay and no indication that the plaintiff was seeking discovery while motions to dismiss were pending); *In re Hulu Privacy Litig.*, No. C 11-03764 LB (N.D. Cal.) (no court order staying discovery);

1 *Eichenberger v. ESPN, Inc.*, No. C14-463 TSZ (W.D. Wash.) (no indication that the plaintiff was seeking discovery while motions to dismiss were pending).

Indeed, contrary to Defendants' purported authority, many courts have denied requests to stay discovery pending potentially dispositive motions in data privacy cases. In *In re Anthem, Inc. Data Breach Litigation,* No. 15-MD-02617-LHK (N.D. Cal. July 31, 2015), pending before Judge Lucy Koh, the court rejected defendants' request for a stay of discovery and stated that "discovery will start in this case as soon as lead Plaintiffs' counsel has been appointed." Dkt. 153 at 2. Similarly, in *In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (D. Minn. July 24, 2014), Judge Magnuson found that delaying discovery pending a motion to dismiss "will only serve to delay the expeditious prosecution of this action." Dkt. 138.

### E. This Case Will Not Present Unmanageable Discovery Burdens and Initial Discovery Regarding Key Facts And Topics Should Commence Immediately

This Court should reject Defendants' attempt to characterize the anticipated discovery as so complex, broad and unmanageable, thereby necessitating a blanket discovery stay in this case. In almost every complex case, defendants attempt to convince courts that the anticipated discovery will be so broad and cumbersome that remedial measures are required to avoid imposing an undue burden. As courts recognize, there are some categories of cases—like large, antitrust price-fixing cases—that require extremely broad discovery to uncover the unlawful conspiracy. *See Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217 (D. Del. 1985) ("[T]here is a general policy of allowing liberal discovery in antitrust cases."); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2014 U.S. Dist. LEXIS 151222, *68 (N.D. Cal. Oct. 23, 2014). Because of the nature of price-fixing cartel claims, those cases require hundreds of document custodians for collection of ESI and often permit more than a hundred depositions. But that is not this case. This case requires discovering how Defendants' technologies operate,

OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES      9

what Defendants did with the information they collected and how their practices were (or were not, as Plaintiffs allege) disclosed to their customers. Defendants' "parade of horribles" regarding the extreme burden of discovery as a rationale for obtaining a blanket stay of discovery is not tethered to the facts and circumstances of this case. This Court should see through Defendants' implicit undue burden arguments. While stays of discovery are disfavored, effective and less extreme measures exist to address specific concerns, should any arise in the future, without paralyzing the progress of the case. *See, e.g.*, Fed. R. Civ. P. 26(c) (1)(A)-(H).

As an example, Plaintiffs anticipate propounding discovery to obtain necessary information concerning the following nonexclusive list of topics:

- Vizio's past and present privacy policies, including any changes thereto;
- Documents related to Vizio's collection of personally identifiable information;
- Documents related to Vizio's dissemination or disclosure of personally identifiable information;
- Documents related to obtaining customers' consent, if any;
- Documents related to the technical aspects of Smart Interactivity and other ACR aspects to Vizio Smart TVs; and
- Marketing materials and other communications concerning Vizio's Smart T.V.'s and their Smart Interactivity function(s).

This and other appropriate discovery should be taken at the outset of this litigation to facilitate swift resolution of the case—which is precisely what the Federal Rules contemplate. *See Gray v. Winthrop*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) would stay discovery, the rules would contain a provision to that effect.").

## IV. CONCLUSION

For the reasons stated above, the Court should deny the Defendants' request to stay discovery.

**OPPOSITION TO PROPOSED DISCOVERY STAY; MDL Case No. 8:16-ml-02693-JLS-KES**

10

Dated: June 22, 2016         Respectfully Submitted:

*/s/ Joseph W. Cotchett*
Joseph W. Cotchett
jcotchett@cpmlegal.com
Adam J. Zapala
azapala@cpmlegal.com
Elizabeth Tran
etran@cpmlegal.com
Joyce Chang
jchang@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577

*/s/ Eric. H. Gibbs*
Eric H. Gibbs
ehg@classlawgroup.com
Andre Mura
amm@classlawgroup.com
Linda Lam
lpl@classlawgroup.com
**GIRARD GIBBS LLP**
One Kaiser Plaza, Suite 1125
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Interim Co-Lead Counsel*

Gary F. Lynch
glynch@carlsonlynch.com
**CARLSON LYNCH SWEET & KILPELA, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246

Andrew N. Friedman
afriedman@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699

Brian C. Gudmundson
brian.gudmundson@zimmreed.com
**ZIMMERMAN REED, LLP**
1100 IDS Center 80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400

Ashleigh E. Aitken
ashleigh@aitkenlaw.com
**AITKEN COHN**
3 MacArthur Pl #800
Santa Ana, CA 92707
Phone: (714) 434-1424
Fax: (714) 434-3600

*Plaintiffs' Interim Steering Committee*