Adam J. Thurston
adam.thurston@dbr.com
**DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Seamus C. Duffy (Admitted *Pro Hac Vice*)
seamus.duffy@dbr.com
Michael W. McTigue (Admitted *Pro Hac Vice*)
michael.mctigue@dbr.com
Meredith C. Slawe (Admitted *Pro Hac Vice*)
meredith.slawe@dbr.com
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendant Visible World, Inc.,*
*misnamed in the Kuntzmann action as Audience Xpress LLC*

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 8:16-ml-02693-JLS (KESx)<br><br>**SECONDARY DEFENDANTS' STATEMENT IN SUPPORT OF STAY OF DISCOVERY** |

Four months after the first case in this MDL proceeding was filed against the VIZIO Defendants,[1] after twenty actions had already been filed and the MDL was transferred to this Court, one of the then-candidates for lead counsel filed the *Kuntzmann* case, which asserted claims for the first time against a number of additional defendants who are alleged to receive data collected by VIZIO:  WPP Group USA, Inc.; The Interpublic Group of Companies, Inc., Alphonso, Inc., Tapad, Inc., iSpot.tv, Inc., Lotame Solutions, Inc., Xaxis, Inc., TubeMogul, Inc., and Visible World, Inc. (misnamed in the *Kuntzmann* action as Audience Xpress LLC) (collectively, the "Secondary Defendants").[2]  Although the Secondary Defendants are not named in most of the actions, and it is not clear whether they will be named in the consolidated complaint that will be filed by lead counsel for plaintiffs, the Secondary Defendants hereby join in and agree with the VIZIO Defendants' statements (Docket Nos. 51 and 90) (the "Statements") in support of a stay of discovery pending the resolution of all Defendants' impending motions to dismiss. The Secondary Defendants also wish to make the following additional points.

As the Court knows, the central claim in Plaintiffs' complaint is brought under the Video Privacy Protection Act ("VPPA"), a statute which applies only to "video tape service providers," *i.e.*, a "person, engaged in the business...of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials."  18 U.S.C. § 2710 (a)(4).  The VIZIO Defendants point out in their Statements that no plaintiff has ever brought a claim under the VPPA against a television seller like VIZIO, as opposed to an actual provider of prerecorded media content, as set forth in the statute.  Whatever can be said about the unprecedented and controversial position that a television seller is a video tape service provider under the VPPA, the proposition that the Secondary Defendants

---

[1]   The VIZIO Defendants are VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Inscape Technologies, LLC, and VIZIO Inscape Services, LLC.

[2]   Similar allegations were raised against the Secondary Defendants in the Blumberg action, which was filed subsequent to the Kuntzmann action.

1
SECONDARY DEFENDANTS' STATEMENT IN SUPPORT OF STAY OF DISCOVERY

qualify as video tape service providers, based merely upon their alleged receipt of data directly or indirectly from Vizio,[3] is frivolous.

Thus, it is not clear that the Secondary Defendants will even be named as parties to the consolidated complaint. The allegations against the Secondary Defendants are of the vague, conclusory, "group pleading" variety, devoid of any facts that would qualify any of the Secondary Defendants as a video tape service provider under the VPPA. *See Okada v. Bank of Am., N.A.*, No. SA CV150098I CJC EX, 2015 WL 5556937, at *5 (C.D. Cal. Sep. 16, 2015) (dismissing statutory claim because it "makes no effort to differentiate the Defendants' conduct, instead merely lumping all of the Defendants together and treating them as one"). Further, none of the Secondary Defendants are alleged to be in privity with plaintiffs, or to supply any goods or services to them whatsoever. This is yet another bar to liability under the VPPA. *See* 18 U.S.C. §§ 2710 (a)(1), (b)(1). Outside of the VPPA claim, there is little, if any, mention of the Secondary Defendants, much less any attempt to allege facts that would state a claim against them under the other causes of action alleged.[4]

To the extent that any of the Secondary Defendants is named in the consolidated complaint, each of them intends to file a motion to dismiss in light of the frivolity of the VPPA claim and the secondary consumer claims. The Secondary Defendants respectfully submit that it is not appropriate to permit discovery against them to occur unless and until a complaint is on file which states a cognizable claim against them. Plaintiffs cannot be said to be prejudiced by lack of discovery until they have at least alleged a facially viable claim. And both the parties and the Court should know what the case against the Secondary Defendants is about before making decisions about the

---

[3]  *See* Kuntzmann Compl., ¶29; Blumberg Compl. ¶ 64.

[4]  The allegations against some of the Secondary Defendants are so minimal that they are only alleged to be holding companies with subsidiaries engaged in unspecified activities. *See* Kuntzmann Compl. ¶¶ 17-18; Blumberg Compl. ¶¶ 52-53.

2
SECONDARY DEFENDANTS' STATEMENT IN SUPPORT OF STAY OF DISCOVERY

appropriate direction and scope of coordinated discovery. Given the questionable nature of the claims and the stage of the proceedings, the burden that would be associated with what would necessarily at this point be unguided discovery is not warranted, particularly in light of the revisions to the Federal Rules of Civil Procedure governing discovery, and requiring discovery to be proportional to the claims alleged.

For the foregoing reasons, the Secondary Defendants respectfully request that the Court stay all discovery in this action until all Rule 12 motion(s) to dismiss have been decided.

Dated: June 22, 2016

/s/    Adam J. Thurston
Adam J. Thurston (SBN 162636)
adam.thurston@dbr.com
**DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Seamus C. Duffy (Admitted *Pro Hac Vice*)
seamus.duffy@dbr.com
Michael W. McTigue (Admitted *Pro Hac Vice*)
michael.mctigue@dbr.com
Meredith C. Slawe (Admitted *Pro Hac Vice*)
meredith.slawe@dbr.com
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendant Visible World, Inc., misnamed in the Kuntzmann action as Audience Xpress LLC*

3
SECONDARY DEFENDANTS' STATEMENT IN SUPPORT OF STAY OF DISCOVERY

/s/ Keith E. Eggleton
Keith E. Eggleton
keggleton@wsgr.com
Dale R. Bish
dbish@wsgr.com
Celine G. Purcell
cpurcell@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304
Tel: 650-849-3264
Fax: 650-493-6811

*Attorneys for Defendants Lotame Solutions, Inc.*

*s/* Jonathan H. Blavin
Jonathan H. Blavin (SBN 230269)
Jonathan.Blavin@mto.com
Bryan H. Heckenlively (SBN 279140)
Bryan.Heckenlively@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Phone: (415) 512-4000
Fax: (415) 512-4077

*Attorneys for Defendant TubeMogul, Inc.*

/s/    Andrea W. Jeffries
Andrea W. Jeffries (CA SBN 183408)
andrea.jeffries@wilmerhale.com
Matthew D. Benedetto (CA SBN 252379)
matthew.benedetto@wilmerhale.com
Elaine Zhong (CA SBN 286394)
elaine.zhong@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Tapad, Inc.*


*/s/*    Jeffrey R. Witham
Jeffrey R. Witham (SBN 116392)
jwitham@mmwf.com
**McLEOD & WITHAM LLP**
300 South Grand Avenue, Suite 2525
Los Angeles, CA 90071
Telephone: (213) 627-6287
Facsimile: (213) 627-6290

Gavin W. Skok (Admitted Pro Hac Vice)
gskok@riddellwilliams.com
**RIDDELL WILLIAMS P.S.**
1001 4th Ave., Suite 4500
Seattle, WA 98154
Telephone:  206-624-3600
Facsimile:  206-389-1708

*Attorneys for iSpot.tv, Inc.*

5
SECONDARY DEFENDANTS' STATEMENT IN SUPPORT OF STAY OF DISCOVERY

|   |   |
|---|---|
| 1 | /s/     Marc J. Rachman |
| 2 | Marc J. Rachman |
|   | mrachman@dglaw.com |
| 3 | **DAVIS & GILBERT LLP** |
|   | 1740 Broadway |
| 4 | New York, NY 10019 |
| 5 | Tel: 212-468-4890 |
| 6 | Fax: 212-468-4888 |

*Attorneys for Defendants WPP Group USA, Inc. and Xaxis, Inc.*

/s/     Ian C. Ballon
Ian C. Ballon (SBN 141819)
Ballon@gtlaw.com
Rebekah S. Guyon (SBN 291037)
GuyonR@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Harold S. Shaftel (*pro hac vice application forthcoming*)
ShaftelH@gtlaw.com
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: 212-801-9200
Fax: 212-801-6400

*Attorneys for Defendant Interpublic Group Of Companies, Inc.*

*/s/*     Mark E. Ungerman
Mark E. Ungerman (CA SBN 133117)
mungerman@ungermanip.com
**UNGERMAN IP PLLC**
2305 Calvert St. NW
Washington, DC 20008
Phone: (202) 661-3200
Fax: (202) 661-3200

*Attorney for Defendant Alphonso Inc.*

**ATTESTATION OF E-FILED SIGNATURES**

I, Adam J. Thurston, am the ECF User whose ID and password are being used to file the foregoing SECONDARY DEFENDANTS' STATEMENT IN SUPPORT OF STAY OF DISCOVERY. In compliance with Central District Local Rule 5-4.3.4, I hereby attest that the other signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

Dated: June 22, 2016                                By: /s/ Adam J. Thurston