1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11
12  In Re: Vizio, Inc., Consumer Privacy        CASE NO. 8:16-ml-02693-JLS (KESx)
13  Litigation                                  MDL No. 2693
14
                                                **ORDER NO. 3: ORDER DENYING**
15  This Document Relates to:                   **DEFENDANTS' REQUESTED STAY**
                                                **OF DISCOVERY**
16  ALL ACTIONS
17
18

19          In the Joint Preliminary Report and in their Supplemental Statement to the Report,

20  the VIZIO Defendants requested a stay of all discovery until the Court fully resolves their

21  anticipated Rule 12 motion to dismiss the consolidated complaint.  (Joint Prelim. Report at

22  20, Doc. 48; Suppl. Statement at 1-5, Doc. 51.)  Upon reviewing the parties' statements as

23  to the requested stay, (Suppl. VIZIO Defs. Statement, Doc. 90; Pls. Statement, Doc. 91;

24  Secondary Defs. Statement, Doc. 92), the Court declines to stay discovery.

25          "A party seeking a stay of discovery carries the heavy burden of making a 'strong

26  showing' why discovery should be denied."  *Gray v. First Winthrop Corp.*, 133 F.R.D. 39,

27  40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

28

1975)).  Generally, a stay of discovery conflicts with the "just, speedy, and inexpensive determination" of a litigant's claims.  Fed. R. Civ. P. 1.  Thus, "[t]he moving party must show a particular and specific need for the [proposed stay], as opposed to making stereotyped or conclusory statements."  *Gray*, 133 F.R.D. at 40 (citing Wright & Miller, Federal Practice and Procedure § 2035).  A party's intention to file a motion to dismiss "is not ordinarily sufficient to justify a stay of discovery."  *Id*.; *see also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay.").  "[T]he Federal Rules of Civil Procedure do[] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  Indeed, district courts look unfavorably upon such blanket stays of discovery."  *Mlejnecky v. Olympus Imaging Am., Inc*., No. 2:10-cv-2630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases).

Here, Defendants rely on conclusory assertions that their anticipated Rule 12 motion will succeed in dismissing the consolidated complaint in its entirety.  (Suppl. Statement at 3-4; Suppl. VIZIO Defs. Statement at 1-5; Secondary Defs. Statement at 2-3.) Although neither the consolidated complaint nor the motion to dismiss have been filed in this action, Defendants ask the Court to make a preliminary finding of the motion's likelihood of success.  (*Id*.)  Such "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement."  *Gray*, 133 F.R.D. at 41.  Moreover, the Court observes that in complex data privacy actions, a number of courts have similarly denied requests to stay discovery pending potentially dispositive motions.  *See In re Anthem, Inc. Data Breach Litig*., No. 15-md-2617-LHK (N.D. Cal.), Doc. No. 113 at 12 (setting forth Defendants' request that discovery be stayed until after the Court rules on its Rule 12 motion), Doc. No. 153 at 2 (rejecting defendants' request for a stay of discovery and stating that "discovery will start in this case as soon as lead Plaintiffs' counsel has been appointed."); *In re Target Corp. Customer Data Security Breach Litig*., No. 14-md-2522-PAM (D. Minn.), Doc. 138

1  (denying Defendant's motion to stay because "[s]taying discovery pending the motions to

2  dismiss will only serve to delay the expeditious prosecution of this action.").

3        Accordingly, the Court DENIES the requested stay of discovery.  In light of this

4  denial, the parties are ORDERED to meet and confer and prepare one joint case

5  management statement.  The statement shall set forth:

6      1.  The parties' detailed discovery plan, as contemplated by Federal Rule of

7          Civil Procedure 26(f)(3), including a discussion of the proposed dates for

8          expert witness disclosures under Rule 26(a)(2).

9      2.  Proposals for deadlines related to class certification issues, including:

10         a.  Proposed schedule for expert disclosures and discovery for any expert

11            testimony or reports related to class certification issues, and

12         b.  Deadline for filing a motion for class certification, as well as the

13            briefing schedule for any opposition and reply briefs.

14     3.  A proposed scheduling order for all other pre-trial deadlines, including:

15         a.  Deadline for Rule 26 initial disclosures,

16         b.  Last day to file motions to add parties and amend the pleadings,

17         c.  Fact discovery cut-off,

18         d.  Last day to serve initial expert reports (unrelated to class certification

19            issues),

20         e.  Last day to serve rebuttal expert reports (unrelated to class

21            certification issues),

22         f.  Last day to conduct settlement proceedings,

23         g.  Expert discovery cut-off, and

24         h.  Last day to file motions (excluding *Daubert* Motions and all other

25            Motions *in Limine*).

26     4.  The parties' position(s) on whether this Court or the transferor courts will

27         resolve *Daubert* motions or motions *in limine* that may apply to the

28

1    consolidated action and, if appropriate, proposed deadlines to file any such

2    motions.

3       5.  A statement of what settlement discussions or written communications have

4    occurred (excluding any statement of the terms discussed), and a statement

5    selecting either ADR Procedure No. 2 (Court Mediation Panel) or ADR

6    Procedure No. 3 (private mediation) for settlement purposes as required

7    under Local Rule 16-15.  The parties may not choose a settlement conference

8    before the magistrate judge.

9       6.  The parties' position(s) on the need for the scheduling of regular status

10   conferences in this action and, if appropriate, proposed dates for such

11   conferences.

12   The parties shall submit this joint statement and a proposed scheduling order **within**

13   **twenty-one (21) days** of the issuance of this Order.  Where there is a dispute between the

14   parties, the joint statement will reflect alternative provisions.  The parties may each

15   supplement the statement with a brief of no more than ten pages.  Any supplement must

16   also be filed within twenty-one (21) days of the issuance of this Order.  Should the parties

17   seek a protective order in this action in accordance with the *Manual for Complex*

18   *Litigation, Fourth*, they shall file a stipulation for protective order addressed to Magistrate

19   Judge Karen E. Scott **within thirty (30) days** of the issuance of this Order.

20   **IT IS SO ORDERED.**

21

22

23

24   DATED: July 5, 2016

25      THE HONORABLE JOSEPHINE L. STATON
   UNITED STATES DISTRICT JUDGE

26

27

28