[All Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION | Case No. 8:16-ml-02693-JLS (KESx) |
| | **JOINT RULE 26(f) REPORT** |
| This document relates to: | Hon. Josephine L. Staton |
| ALL ACTIONS | |

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

DM205683

Pursuant to this Court's orders of July 5, 2016 (Dkt. No. 98), July 26, 2016 (Dkt. No. 100), and August 9, 2016 (Dkt. No. 105), Federal Rule of Civil Procedure 26, and Local Rule 26, Plaintiffs and Defendants[1], through their undersigned counsel, submit the following Joint Rule 26(f) Report.[2]

## I.   STATEMENT OF THE CASE

### A. Plaintiffs' Statement

Plaintiffs, on behalf of themselves, a putative nationwide class, and statewide sub-classes, have filed multiple class actions with common allegations that VIZIO violated their privacy rights by installing a software called "Smart Interactivity" on VIZIO -brand, Internet-connected, "smart" televisions. Plaintiffs in these suits allege that VIZIO collects personally identifying information and viewing data through this software, and then discloses this private information to third parties, such as advertisers and data brokers. The viewing data allegedly includes, among other things, the identity of the customer's broadcast, cable, or satellite television provider; the programs and commercials customers viewed on the television (including time, date, channel, and whether the program was viewed live or at a later time); as well as the specific Internet Protocol (IP) address associated with the customer's smart TV. In addition, these suits allege that third parties who obtain this data push targeted ads to electronic devices which share the same

---

[1] The Vizio defendants include Vizio, Inc.; Vizio Holdings, Inc.; Vizio Inscape Services, LLC; Vizio Inscape Technologies, LLC; and Cognitive Media Networks, Inc. (collectively, "Vizio" or "Defendants").

[2] In two of the cases that have been transferred to this Court as part of the instant multi-district litigation, *Kuntzmann, et al. v. WPP Group USA, Inc., et al.*, Case No. 8:16-cv-00750-JLS-KES (C.D. Cal.) and *Blumberg v. WPP Group USA, Inc., et al.*, Case No. 3:16-cv-02670-PGS-LHG (D.N.J.), plaintiffs filed suit against both the VIZIO Defendants and a number of additional co-defendants, including WPP Group USA, Inc., The Interpublic Group of Companies, Inc. ("IPG"), Alphonso, Inc., Tapad, Inc., iSpot.TV, Inc., Lotame Solutions, Inc., Xaxis, Inc., TubeMogul, Inc., and Audience Xpress LLC (the "Non-Vizio Defendants"). During the Rule 26(f) meet-and-confer with the VIZIO Defendants, Plaintiffs stated that they do not intend to name the Non-VIZIO Defendants in their Consolidated Complaint. For this reason, the Non-VIZIO Defendants have not participated in the Rule 26(f) meet-and-confer process.

Internet network connection as a VIZIO smart TV. Plaintiffs further allege that they did not consent to the disclosure of their personal information, and that VIZIO falsely represented or failed to disclose the material fact that consumer viewing data would be collected by VIZIO and disseminated to third parties.

Each suit centralized before the Court alleges violations of the Video Privacy Protection Act (VPPA), 18 U.S.C. § 1710, and several allege violations of state video privacy or data retention laws. In addition, the complaints allege violations of state laws prohibiting unfair and deceptive acts and practices, including under California, Massachusetts, New York, and Florida law. Lastly, several complaints allege state common-law claims. Overall, Plaintiffs seek monetary and equitable relief for these privacy violations and consumer harm.

Now that the cases have been transferred to and centralized before this Court, Plaintiffs will file a consolidated class action complaint on August 15, 2016. Consistent with a Stipulation and [Proposed] Case Management Order Number 4, which is being filed contemporaneously with this joint statement, the Consolidated Complaint shall assert on behalf of Plaintiffs and the proposed class(es) against the Defendants only claims that arise under federal, California, Florida, Massachusetts, New York and Washington law. All other claims arising under the laws of other states or territories shall be tolled as specified in the Stipulation and [Proposed] Case Management Order Number 4.

**B. VIZIO's Statement**

VIZIO, Inc., headquartered in Irvine, California, is a leading HD television brand company.  In addition to its highly rated televisions, VIZIO also sells other products, most notably sound bars (a wide speaker typically placed above or below the television). VIZIO's products include what are commonly known as "Smart TVs," which are Internet-connected televisions geared towards providing quality entertainment to purchasers.

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

Like some other television manufacturers, VIZIO's Smart TVs contain an automatic content recognition, or "ACR," feature that collects certain viewing data on an anonymous basis. VIZIO's ACR feature is referred to as "Smart Interactivity." As VIZIO has explained to its customers, including through VIZIO's publicly available privacy policy, Smart Interactivity does not collect data that identifies specific individuals. Further, VIZIO's privacy policy states that "VIZIO imposes strict conditions of confidentiality and use on" any licensee's use of data collected through Smart Interactivity. Among other things, viewing data is only provided on an anonymous basis to such licensees. This is a critical fact because the VPPA, the statute that serves as the primary basis for the claims asserted in the Complaints, only applies to the transmission of "personally identifiable information."

Far from "hiding" information about Smart Interactivity from consumers, VIZIO has repeatedly notified the viewers of its Smart TVs about (a) the existence of the Smart Interactivity system, (b) the data collected by that system, and (c) how VIZIO uses that information. VIZIO has sent multiple pop-up notifications to Smart TV viewers about Smart Interactivity, explaining to the viewers that Smart Interactivity collects viewing data and directing viewers to the privacy policy for more information.

Additionally, VIZIO's privacy policy is located on its website and available for viewing on VIZIO's Smart TVs. That policy provides clear and comprehensive details about the information Smart Interactivity collects and how the VIZIO Defendants use that information.

In addition to omitting all of the above information, the complaints are full of factual errors. For example, several of the complaints allege that VIZIO had commenced "ad retargeting," a method widely used by many technology companies to better tailor entertainment content to suit consumers' interests and needs, in October of 2015 and without notifying viewers. These statements are false. Ad retargeting commenced only very recently, and only after VIZIO had directly notified its customers that ad retargeting was about to begin.

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

## II. PRINCIPAL LEGAL ISSUES

### A. Plaintiffs' Assessment

VIZIO's nationwide liability under the federal VPPA is a core issue in this litigation. Also central is whether VIZIO engaged in unlawful, unfair, or fraudulent business practices, or unfair or deceptive methods of competition, in part by failing to disclose material information concerning VIZIO's collection and dissemination of Plaintiffs' viewing habits in violation of state consumer protection statutes.

### B. VIZIO's Assessment

Some of the key legal issues that are likely to arise include the following:

- Whether the VPPA, the primary statutory basis for plaintiffs' complaints, applies to the conduct alleged in the complaints;
- Whether the VPPA applies to the VIZIO Defendants;
- Whether a party can be liable under the VPPA for merely collecting and retaining information;
- Whether the VPPA provides for a private right of action for mere collection of information;
- Whether plaintiffs have standing to bring any cause of action;
- Whether plaintiffs are barred, as a matter of law, from alleging a nationwide class; and
- Whether some or all of the plaintiffs and/or the class are required to arbitrate their claims.

## III. ADDITION OF PARTIES AND AMENDMENT OF PLEADINGS

Plaintiffs intend to file a consolidated pleading by August 15, 2016 (pursuant to the Court's order of August 9, 2016 (Dkt. No. 105)). To the extent Plaintiffs wish to add additional parties or claims after the consolidated pleading, they will do so in accordance with the Federal Rules of Civil Procedure.

4

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

## IV.    SETTLEMENT DISCUSSIONS AND PROCEDURES

To date, Plaintiffs' lead counsel have not engaged in settlement discussions with the VIZIO Defendants. The parties propose that private mediation occur before the hearing on any motion by Plaintiffs for class certification.

## V.    PRESERVATION OF EVIDENCE

Both parties have instituted preservation holds, and have instructed their clients on proper evidence preservation.   VIZIO is continuing to investigate issues relating to the preservation of electronic data and reserves the right to supplement this report when its investigation is complete.

## VI.    DISCOVERY PLAN

### A. Plaintiffs' Subjects of Discovery

Plaintiffs anticipate propounding discovery on the following nonexclusive topics:

• Discovery concerning the development of VIZIO's discovery and engagement software, including VIZIO Internet Apps, VIZIO Internet Apps Plus, and SmartCast, and its Inscape data services, including Smart Interactivity;

• VIZIO's past and present privacy policies, including any changes thereto;

• Marketing materials and other communications concerning VIZIO's Smart TVs and their Smart Interactivity functions;

• Discovery related to VIZIO's collection and disclosure of viewing data, personal data or information, and any other identifying data or information, such as IP addresses, zip codes, online services, MAC addresses, and geolocation data;

• Discovery related to design, installation, and presentation of the technical aspects of VIZIO's discovery and engagement software and Inscape data services, including Smart Interactivity and other ACR aspects to VIZIO Smart TVs;

• Discovery related to the delivery of targeted ads to the televisions and other internet-connected devices that share the same internet connection with devices connected to the television;

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

• Discovery regarding the identities of all third parties to whom data or information is disclosed and the terms on which that data or information is provided, including conditions of confidentiality and use of the information or data and any information derived therefrom;

• Discovery related to financial arrangements and business relationships with third-party data brokers and advertisers, and any valuations of data collected and disclosed;

• Discovery concerning purchasing information, sales records, product registration, and repair requests or warranty claims for Smart Interactivity television owners, including owner names and addresses; and

• Discovery related to any mandatory or binding arbitration agreements which may be raised by VIZIO in this litigation.

**B. Defendants' Subjects of Discovery**

Vizio intends to seek discovery on, among other things:

- The basis for each plaintiff's allegations concerning VIZIO's SMART TVs and ACR system
- Each plaintiff's purchase of VIZIO Smart TVs as alleged in the complaints
- Each plaintiff's subsequent and prior purchases of other televisions
- Each plaintiff's review of any materials relating to the VIZIO Smart TV plaintiff allegedly purchased
- Each plaintiff's communications with VIZIO, retailers or third parties concerning the VIZIO Smart TV the plaintiff allegedly purchased

**C. Discovery of Electronically Stored Information**

The parties are in the process of negotiating a formal ESI protocol, and intend to memorialize one in the next few weeks. In the meantime, Plaintiffs have already notified the Vizio Defendants that they intend to obtain a list of document custodians, as well as custodians of ESI.

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

**D. Claims of Privilege and Confidentiality of Information**

The parties contemplate that certain discovery produced in the matter will require a level of protection and confidentiality. As such, the parties are negotiating and will submit a stipulated protective order on August 12, 2016, for the Court's consideration.

**E. Changes to Limitations on Discovery**

**1.    VIZIO's Statement Regarding Bifurcation of Discovery**

This case is ideally suited for bifurcation of discovery, so that the parties can focus on limited key issues that will enable the parties to prepare for class certification. Plaintiffs' allegations give rise to certain fundamental issues that go to the heart of Plaintiffs' suit, both from a merits and class certification perspective.

In the appropriate case, and especially in complex putative class actions, courts can and do use bifurcation as a tool to prevent discovery from becoming unwieldy and unmanageable. Indeed, the Manual for Complex Litigation states that "[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary." *See* Manual for Complex Litigation, § 21.14 (2016). *See also* Fed. R. Civ. P. 23 Advisory Committee's Notes ("[I]t is appropriate to conduct **controlled discovery** into the 'merits,' **limited to those aspects relevant to making the certification decision on an informed basis**.") (emphasis added).

In *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709 (N.D. Ill. Mar. 2, 2012), a putative class action involving claims that the defendant violated several privacy statutes (as well as Illinois's consumer protection statute) by improperly collecting and disseminating personal information, the court approved bifurcation of discovery in part because discovery into the merits would delay class certification briefing. *Id.* at *3. The *Harris* court held that discovery on the merits would be stayed until after a ruling on class certification, and found that only discovery which touched on Rule 23(a)'s four requirements was relevant to class certification. *Id.* at *5, 7. The *Harris* court noted that, "in cases that are unlikely to continue if not certified, discovery into aspects of the merits

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

unrelated to certification … can create extraordinary and unnecessary expense and burden." *Id.* at *4 (citing the Manual for Complex Litigation Section, § 21.14).[3]

In the present case, the parties can draw a clear distinction between issues that relate to class certification and issues that go only to the merits.  The key questions from a class certification perspective are as follows:

a.  how the "automatic content recognition" ("ACR") system functioned, what data of Plaintiffs the ACR collected, processed and transmitted to third parties, if any, and under what circumstances;

b.  whether the treatment of the named plaintiffs differed in this regard from the putative class, and whether the treatment of members of the putative class differed from each other; and

c.  to what extent Plaintiffs and putative class members were notified about such collection and transmission.

This is not an effort to delay merits discovery in any way.  Indeed, to the extent that some of the issues described above relate to both class certification and the merits, we agree that discovery should proceed on such issues.  VIZIO's objection is solely to discovery that relates only to the merits and which has no bearing on class certification.  VIZIO has made clear to Plaintiffs that it would prefer to work cooperatively with Plaintiffs to identify such topics in the interests of avoiding unnecessary discovery disputes.

VIZIO's concern is that many of the discovery issues that Plaintiffs indicate they will be pursuing in their Rule 26 report sections appear to be entirely irrelevant to class certification, because they do not touch on Rule 23(a)'s requirements.  For example, Plaintiffs indicate that they will be seeking discovery "related to financial arrangements

---

[3] Here, Plaintiffs have contended that "[t]he loss of money and other harm sustained by many individual members of the Class will not be large enough to justify individual actions in proportion to the significant costs and expenses necessary to prosecute this action."  See Case 8:16-cv-00679-DOC-DFM, Doc. 1 at ¶ 58 (filed 04/11/16).

and business relationships with third-party data brokers and advertisers, and any valuations of data collected and disclosed," as well as other information related to VIZIO's relationship with third parties.  Unless such discovery relates specifically to Plaintiffs' allegations about VIZIO's ACR system, such discovery has no relevance to either the merits or class certification issues.  Plaintiffs also indicate that they will seek discovery "concerning the development of VIZIO's discovery and engagement software, including VIZIO Internet Apps, VIZIO Internet Apps Plus, and SmartCast, and its Inscape data services, including Smart Interactivity."  This immensely broad topic could, depending on Plaintiffs' meaning, refer to every document in VIZIO's possession that relates in any conceivable way to the ACR system – and to other systems as well, such as SmartCast.  This would be an unnecessary and unjustifiably burdensome process at this juncture.  Finally, Plaintiffs indicate they will seek information about essentially every aspect of VIZIO's data collection from any source, which far exceeds the scope of the complaints (collection, procession and transmission of data through VIZIO's ACR system from VIZIO's Smart TVs).

For all of these reasons, bifurcated discovery is appropriate and necessary in this case.  VIZIO proposes that the first phase of discovery be limited to discovery relevant to class certification.  This first phase would conclude on the date of the hearing on Plaintiffs' motion for class certification.  The second phase, if applicable, would include discovery that solely concerns the merits of Plaintiffs' claims.

### 2.   Plaintiff's Statement Opposing Any Limitations on Discovery

This is the second time VIZIO has sought to delay merits discovery. VIZIO first suggested that all discovery should be stayed because a forthcoming motion to dismiss was, in its view, likely to be granted. The Court denied that request, noting in part that a stay would conflict with a just, speedy, and inexpensive determination of Plaintiffs' claims. *See* Order No. 3: Order Denying Defendants' Requested Stay of Discovery, at 2 (Dkt. No. 98). Now VIZIO asks the Court to 'bifurcate' discovery, meaning, discovery concerning the merits would effectively be stayed until after a hearing on class

1    certification, and in the interim Plaintiffs would only be entitled to discovery if it relates

2    to class certification. This second request to limit merits discovery should also be denied.

3        Here, there is considerable overlap between discovery related to class certification

4    and the merits; consequently, bifurcation would be "unworkable." *See In re Semgroup*

5    *Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 WL 5376262, *3

6    (N.D. Okla. 2010) (denying request to bifurcate class and merits discovery); *True Health*

7    *Chiropractic Inc v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *1

8    (N.D. Cal. Jan. 20, 2015) (denying request to bifurcate discovery in part because of

9    overlap between individual and class discovery). VIZIO's own examples prove the point:

10   "[H]ow the 'automatic content recognition' ("ACR") system functioned" and "what data

11   of Plaintiffs the ACR collected, processed and transmitted to third parties" relate to the

12   merits, not just class certification. *See supra* VI.E.1. Given significant overlap between

13   class and merits discovery, VIZIO's "[a]rbitrary insistence on the merits/class discovery

14   distinction" will effectively "thwart[] the informed judicial assessment that current class

15   certification practice emphasizes." Manual for Complex Litigation (4th) § 21.14; *see*

16   *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (requiring courts to conduct

17   a "rigorous analysis" of class certification issues that will "frequently . . . entail some

18   overlap with the merits of the plaintiff's underlying claims").

19       Bifurcation would also be highly inefficient. Due to the overlap just discussed, this

20   Court "would likely have to resolve various needless disputes that would arise concerning

21   classification of each document." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258

22   F.R.D. 167, 174, 2009-2 Trade Cas. (CCH) ¶ 76677 (D.D.C. 2009). Here, "bifurcation

23   could raise a slew of issues as to what discovery relates to the class, as opposed to the

24   named plaintiffs, thereby causing additional litigation regarding the distinction between

25   the two." *True Health Chiropractic Inc.*, 2015 WL 273188, at *2. That bifurcation will

26   "force[ ]" this Court "to spend time and resources resolving discovery disputes over

27   [classification of discovery]" is reason enough reject it. *See In re Plastics Additives*

28   *Antitrust Litig.*, 2004-2 Trade Cas. (CCH) ¶ 74620, 2004 WL 2743591, *3 (E.D. Pa.

10

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

2004); *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) (bifurcation would be "inefficient because it would be certain to require ongoing supervision of discovery"); Manual for Complex Litigation (4th) § 11.213 ("Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.")

Lastly, VIZIO suggests that bifurcation is warranted because, in its view, certain discoverable topics Plaintiffs have identified in general terms in Section VI.A "ha[ve] no relevance to *either* the merits *or* class certification issues." *See supra* VI.E.1 (emphasis added); *see id.* (mischaracterizing Plaintiffs' subjects as seeking every "conceivable" document concerning certain technology).[4] But this is not a reason to grant *bifurcation*. If Plaintiffs propound discovery on topics VIZIO believes are irrelevant to the merits *and* class certification, it can object on that basis. Bifurcation, however, will not forestall party disagreements about supposedly overbroad discovery—especially when VIZIO believes such topics have no relevance even to class certification. *See supra* VI.E.1.

In sum, the Court should reject VIZIO's second request to limit merits discovery, which this time is framed as a request for 'bifurcation.' Limiting discovery to class issues is unworkable given the overlap between merits and class issues, and any such limitation would require constant judicial supervision of discovery and "would further delay the resolution of the litigation in derogation of Rule 1 of the Federal Rules of Civil Procedure." *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, *3.

## VII.   PROPOSED SCHEDULE

The parties propose the following case schedule:

---

[4] Plaintiffs' topics, listed above, are not formal discovery requests but general subject areas of discovery. It should be noted that VIZIO does not say that any of these topics fail to encompass discoverable material; it simply argues that these topics could be read too expansively. Plaintiffs have no interest in overbroad discovery, and there is no reason to read these subjects in this slanted way.

11

## Protective Order

Last Day to File Stipulation for                    August 12, 2016
Protective Order

## Initial Disclosures

Exchange of Initial Disclosures                    September 5, 2016

## Defendants' Response to Complaint

Defendants' Response to Complaint                    September 19, 2016
(Answer / Motion to Dismiss)

Opposition to Motion to Dismiss                    November 3, 2016

Reply in Support of Motion to Dismiss              November 23, 2016

Hearing on Motion to Dismiss                       December 16, 2016 at 2:30 p.m.

## Motion for Class Certification

Motion to Class Certification; Disclosure          210 days from Answer
Of Expert/Expert Report Relating to Class
Certification

Opposition to Motion for Class Certification;      75 days from Motion
Disclosure of Expert/Expert Report Relating to
Class Certification

Reply in Support of Motion for Class               60 days from Opposition
Certification; Rebuttal Expert Report in Support
of Class Certification

## Merits Experts

Disclosure of Merits Expert and Exchange           60 days after Order regarding
of Initial Expert Reports                          Motion for Class Certification

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

| | |
|---|---|
| Disclosure of Rebuttal Merits Expert and Exchange of Rebuttal Expert Reports | 105 days after Order regarding Motion for Class Certification |
| Expert Discovery Cut-Off | 120 days after Order regarding Motion for Class Certification |

### Fact Discovery

| | |
|---|---|
| Fact Discovery Cut-off | 120 days after Order regarding Motion for Class Certification |

### Other Motions

| | |
|---|---|
| Last day to file all other motions (*e.g.*, motions to add parties, motions for summary judgment) <u>excluding</u> *Daubert* motions and all other motions *in limine*) | 120 days after Order regarding Class Certification |

### Settlement Discussions/Mediation

| | |
|---|---|
| Last day to Conduct Settlement Discussions And/or Mediation | 150 days after Order regarding Class Certification |

### Case Management Conferences

The parties agree that there is a need for regular scheduling conferences in this action. The parties propose quarterly scheduling conferences, with the first to take place concurrently with the hearing on VIZIO's impending motion to dismiss. Subsequent scheduling conferences may be held on the following dates, subject to the Court's availability:

Thursday, January 12, 2017 at 11:00 a.m.

Thursday, April 13, 2017 at 11:00 a.m.

Thursday, July 13, 2017 at 11:00 a.m.\

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

1  VIII.  **COMPLEXITY OF CASE**

2       The parties agree to use the Manual for Complex Litigation (current edition) as a

3  reference point during the course of the litigation.

4

5  Dated:  August 11, 2016              **Girard Gibbs LLP**

6
                                       /s/ *Eric H. Gibbs*_____
7                                      Eric H. Gibbs

8                                      ehg@classlawgroup.com
                                       Andre Mura
9                                      amm@classlawgroup.com
                                       Linda Lam
10                                     lpl@classlawgroup.com

11                                     505 14th Street, Suite 1110
                                       Oakland, CA 9461
12                                     Tel:  (510) 350-9700

13                                     Fax: (510) 350-9701

14
                                       **Cotchett, Pitre & McCarthy, LLP**
15

16                                     /s/ *Joseph W. Cotchett*_____
17                                     Joseph W. Cotchett

18                                     jcotchett@cpmlegal.com
                                       Adam J. Zapala
19                                     azapala@cpmlegal.com

20                                     840 Malcolm Road, Suite 200
                                       Burlingame, CA 94010
21                                     Tel:  (650) 697-6000

22                                     Fax: (650) 697-0577

23
                                       *Co-lead Counsel for Plaintiffs*
24

25                                     Gary F. Lynch
                                       glynch@carlsonlynch.com
26                                     **CARLSON LYNCH SWEET & KILPELA,**
                                       **LLP**
27                                     1133 Penn Avenue, 5th Floor
                                       Pittsburgh, Pennsylvania 15222
28                                     Telephone: 412-322-9243
                                       Facsimile: 412-231-0246

                                       14

Andrew N. Friedman
afriedman@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: 202-408-4600
 Facsimile: 202-408-4699

Brian C. Gudmundson
brian.gudmundson@zimmreed.com
**ZIMMERMAN REED, LLP**
1100 IDS Center 80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400

Ashleigh E. Aitken
ashleigh@aitkenlaw.com
**AITKEN COHN**
3 MacArthur Pl #800
Santa Ana, CA 92707
Phone: (714) 434-1424
Fax: (714) 434-3600

*Plaintiffs' Interim Steering Committee*

**Akin Gump Strauss Hauer
and Feld LLP**

 /s/ *Anthony T. Pierce*
Anthony T. Pierce
apierce@akingump.com
1333 New Hampshire Avenue NW Suite 1500
Washington, DC 20036
Tel: 202-887-4000
Fax: 202-887-4288

15

Hyongsoon Kim
kimh@akingump.com
**Akin Gump Strauss Hauer and Feld LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-1000
Fax: 949-885-1001

Patrick Eoghan Murray
pmurray@akingump.com
**Akin Gump Strauss Hauer and Feld LLP**
2029 Century Park East Suite 2400
Los Angeles, CA 90024 United St
Tel: 310-229-1000
Fax: 310-229-1001

*Attorneys for Defendants Vizio Holdings, Inc.; Vizio Inscape Services, LLC; Vizio Inscape Technologies, LLC; and Cognitive Media Networks, Inc.*

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES

1

## ATTESTATION OF E-FILED SIGNATURE

2

I, Joseph W. Cotchett, am the ECF User whose ID and password are being used to

3

file the foregoing Joint Rule 26(f) Report. In compliance with L.R. 5-4.3.4, I hereby attest

4

that the other signatories on whose behalf this filing is submitted concur in the filing's

5

content and have authorized the filing.

6

7

Dated:  August 11, 2016                           By:  */s/ Joseph W. Cotchett*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT
MDL CASE NO. 8:16-ML-02693-JLS-KES