1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   ANTHONY T. PIERCE (*admitted pro hac vice*)
2  apierce@akingump.com
   1333 New Hampshire Avenue NW, Suite 1500
3  Washington, DC  20036
   Tel:  202-887-4000
4  Fax:  202-887-4288

5  HYONGSOON KIM (SBN 257019)
   kimh@akingump.com
6  4 Park Plaza, Suite 1900
   Irvine, CA  92614
7  Tel:  949-885-4100
   Fax:  949-885-4101

8

9  PATRICK EOGHAN MURRAY (SBN 293765)
   pmurray@akingump.com
10 1999 Avenue of the Stars Suite 600
   Los Angeles, CA  90067
11 Tel:  310-229-1000
   Fax:  310-229-1001

12 *Attorneys for Defendants VIZIO Holdings, Inc.,
   VIZIO, Inc., VIZIO Inscape Services, LLC,*
13 *and VIZIO Inscape Technologies, LLC*

14                **UNITED STATES DISTRICT COURT**

15                **CENTRAL DISTRICT OF CALIFORNIA**

16                       **SANTA ANA DIVISION**

17

| | |
|---|---|
| In re: Vizio, Inc., Consumer Privacy Litigation<br><br>This document relates to:<br><br>ALL ACTIONS | MDL Case No. 8:16-ml-02693-JLS-KES<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b), 12(b)(1) and 12(b)(6)**<br><br>Date:    December 16, 2016<br>Time:    2:30 p.m.<br>Place:   Courtroom 10A<br><br>Judge:   Hon. Josephine L. Staton |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2016 at 2:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the Ronald Reagan Federal Building and United States Courthouse for the Central District of California, located at 411 W. Fourth St., Santa Ana, CA 92701, Defendants VIZIO Inc., VIZIO Holdings, Inc., VIZIO Inscape Technologies, LLC, and VIZIO Inscape Services, LLC (collectively "Defendants") shall and hereby do move for an order dismissing Plaintiffs' Consolidated Complaint, filed on August 15, 2016 (ECF No. 108, hereinafter the "Complaint").  This Motion is made on the grounds that Plaintiffs cannot establish subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure; state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and have failed to plead causes of action with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure as set forth below and in Defendants' Memorandum of Points and Authorities.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants respectfully request that the Court dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. Plaintiffs lack standing to pursue each of their claims in the Complaint because they have not pled the requisite injury-in-fact required to support Article III standing for each claim.

Defendants also move to dismiss each cause of action in the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that they fail to state a claim upon which relief can be granted.  Specifically:

- Plaintiffs cannot state a claim for violation of the Video Privacy Protection Act ("VPPA") (Claim 1) because Plaintiffs' allegations establish as a matter of law that Defendants are not "video tape service providers;" that Plaintiffs are not "consumers" of such a "provider;" and that Defendants did not disclose Plaintiffs' "personally identifiable information."
- Plaintiffs fail to state a claim for violation of state law VPPA equivalent statutes (Claims 4, 10, and 12) because Plaintiffs' allegations establish as a matter of law

that Defendants are not subject to these statutes and that Defendants did not disclose information to third parties that is covered by these statutes.

- Plaintiffs cannot state a claim for violation of the Wiretap Act and the California Invasion of Privacy Act ("CIPA") because Plaintiffs' allegations establish as a matter of law that Defendants do not "intercept" their communications "in transmission" and do not capture the "contents" of Plaintiffs' communications.
- Plaintiffs' state consumer protection claims (Claims 5, 6, 7, 8, 9, 11, 13, and 14) fail to state a claim upon which relief can be granted because Plaintiffs do not allege facts showing "actual injury." Additionally, to the extent Plaintiffs claims under California's False Advertising ("FAL") (Claim 7) and Washington's Consumer Protection Act ("WCPA") (Claim 14) rely on negligent omissions, which are not actionable under those statutes, they must be struck pursuant to Federal Rule of Civil Procedure 12(f).
- Plaintiffs fail to state a claim for "privacy violation based on intrusion" (Claim 16) or for violation of Massachusetts's statutory right to privacy (Claim 13) because Plaintiffs' allegations establish that there was no intrusion that was highly offensive to a reasonable person and Plaintiffs do not have a reasonable expectation of privacy in the information allegedly collected and disclosed.
- Plaintiffs fail to state a claim for unjust enrichment (Claim 15) because their Complaint establishes that they have adequate legal remedies for the complained-of conduct. Moreover, California does not recognize unjust enrichment as a separate cause of action.
- Plaintiffs' Complaint should also be dismissed in its entirety because it employs impermissible "group pleading" by referring to all Defendants collectively without adequately explaining which allegations are addressed to which defendants. Additionally, Plaintiffs fail to plead their fraud-based claims (Claims 5-9, 11, 14, and 19) with the particularity required by Rule 9(b) of the Federal Rules of Civil

Procedure.  Plaintiffs also fail to allege facts showing actual reliance, as required under Rule 9(b), in Claims 5, 6, 7, 14, 18, and 19.

This Motion is based on this Notice of Motion and Motion to Dismiss, the supporting Memorandum of Points and Authorities, all papers and pleadings in the Court's file, on those matters of which the Court may take judicial notice, and on such oral argument as may be made at the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 12, 2016 at 11:00 a.m. and in subsequent written communications.

Dated:  September 19, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:    /s/ *Hyongsoon Kim*
Anthony T. Pierce (*admitted pro hac vice*)
apierce@akingump.com
1333 New Hampshire Avenue NW
Suite 1500
Washington, DC 20036
Tel:   202-887-4000
Fax:   202-887-4288

Hyongsoon Kim (SBN 257019)
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA  92614
Tel:   949-885-4100
Fax:   949-885-4101

Patrick Eoghan Murray (SBN 293765)
pmurray@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Tel:   310-229-1000
Fax:   310-229-1001

*Attorneys for Defendants VIZIO Holdings, Inc., VIZIO, Inc., VIZIO Inscape Services, LLC, and VIZIO Inscape Technologies, LLC*