1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

14
15
16
17
18
19
20

| | |
|---|---|
| In re: Vizio, Inc., Consumer Privacy Litigation<br><br>This document relates to:<br><br>ALL ACTIONS | MDL Case No. 8:16-ml-02693-JLS-KES<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b), 12(b)(1) and 12(b)(6)**<br><br>Date:      December 16, 2016<br>Time:     2:30 p.m.<br>Place:    Courtroom 10A<br><br>Judge:   Hon. Josephine L. Staton |

21
22
23
24
25
26
27
28

On December 16, 2016 at 2:30 p.m., in Courtroom 10A of the Ronald Reagan Federal Building and United States Courthouse for the Central District of California, located at 411 W. Fourth St., Santa Ana, CA 92701, Defendants' VIZIO Inc., VIZIO Holdings, Inc., VIZIO Inscape Technologies, LLC, and VIZIO Inscape Services, LLC (collectively "Defendants'") Motion to Dismiss came on for hearing before this Court. The parties appeared through their counsel of record.

After considering all of the papers filed herein, the authorities submitted by counsel, as well as counsel's oral arguments, good cause appearing therefore, Defendants' Motion is **HEREBY GRANTED AS FOLLOWS:**

1. Plaintiffs' Complaint is dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because Plaintiffs have not plead the requisite injury-in-fact required to support Article III standing for each of their claims.

2. Plaintiffs' claim under the Video Privacy Protection Act ("VPPA") (Claim 1) is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' allegations establish that Defendants are not "video tape service providers;" that Plaintiffs are not "consumers" of such a "provider;" and that Defendants did not disclose Plaintiffs' "personally identifiable information."

3. Plaintiffs' claims under California Civil Code § 1799.3 (Claim 4), New York Gen. Bus. Law §§ 670-675 (Claim 10), and Massachusetts Gen. Laws Ann. Ch. 93 § 106 (Claim 12) are dismissed pursuant to Rule 12(b)(6) because those claims are state-law analogs to the VPPA and must be dismissed for the same reasons as the VPPA claim.

4. Plaintiffs' claim under the Wiretap Act (Claim 2) is dismissed pursuant to Rule 12(b)(6) because Plaintiffs' allegations establish that Defendants do not "intercept" their communications "in transmission," and that Defendants do not capture the "contents" of their communications.

5.    Plaintiffs' claim under the California Invasion of Privacy Act ("CIPA") (Claim 3) is dismissed pursuant to Rule 12(b)(6) for the same reasons as the Wiretap Act claim.

6.    Plaintiffs' claims under state consumer protection statutes (Claims 5, 6, 8, 9, 11, 13, and 14) are dismissed pursuant Rule 12(b)(6) because Plaintiffs fail to allege any actual injury.

7.    Plaintiffs' claim under California's False Advertising Law (Claim 7), Plaintiffs' claim under Washington's Consumer Protection Act (Claim 14), and Plaintiffs' claim for negligent misrepresentation under California and Washington law (Claim 19) are dismissed pursuant to Rule 12(b)(6) to the extent they are based on an omissions theory, because California and Washington do not recognize claims of negligent omission.

8.    Plaintiffs' claims grounded in fraud (Claims 5, 6, 7, 8, 9, 11, 14, 18, and 19) are dismissed pursuant to Rule 12(b)(6) and Rule 9(b) because such claims are not pled with particularity. The complaint does not allege with particularity what specific representations the named Plaintiffs saw, when they saw the representations, or that the named Plaintiffs relied on the misrepresentations.

9.    Plaintiffs' common law and statutory claims for violation of privacy (Claims 13 and 16) are dismissed pursuant to Rule 12(b)(6) because Plaintiffs' allegations establish that there was no highly offensive intrusion and because Plaintiffs have no reasonable expectation of privacy in the information allegedly collected.

10.    Plaintiffs' claim for unjust enrichment (Claim 15) is dismissed pursuant to Rule 12(b)(6) because Plaintiffs' Complaint establishes that there is an adequate legal remedy. Furthermore, Plaintiffs' claim for unjust enrichment under California law is not cognizable under California law, and is dismissed on that basis.

11.    Plaintiffs' Complaint is dismissed in its entirety pursuant to Rule 12(b)(6) because it engages in impermissible "group pleading" by referring to all Defendants

1  collectively without adequately explaining which allegations are addressed to which
2  defendants.
3       **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is
4  **GRANTED.**  Plaintiffs' Complaint is dismissed **WITH PREJUDICE.**
5       **IT IS SO ORDERED.**

7  Dated: _____           _____
8                                    HON. JOSEPHINE L. STATON
                                     United States District Judge