**AKIN GUMP STRAUSS HAUER & FELD LLP**
ANTHONY T. PIERCE (*admitted pro hac vice*)
apierce@akingump.com
1333 New Hampshire Avenue NW, Suite 1500
Washington, DC  20036
Tel:  202-887-4000
Fax:  202-887-4288

HYONGSOON KIM (SBN 257019)
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA  92614
Tel:  949-885-4100
Fax:  949-885-4101

PATRICK EOGHAN MURRAY (SBN 293765)
pmurray@akingump.com
1999 Avenue of the Stars Suite 600
Los Angeles, CA  90067
Tel:  310-229-1000
Fax:  310-229-1001

*Attorneys for Defendants VIZIO Holdings, Inc., VIZIO, Inc., VIZIO Inscape Services, LLC, and VIZIO Inscape Technologies, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: Vizio, Inc., Consumer Privacy Litigation<br><br>This document relates to:<br><br>ALL ACTIONS | MDL Case No. 8:16-ml-02693-JLS-KES<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b), 12(b)(1) and 12(b)(6)**<br><br>Date:     December 16, 2016<br>Time:    2:30 p.m.<br>Place:    Courtroom 10A<br><br>Judge:   Hon. Josephine L. Staton |

1  Pursuant to Federal Rule of Evidence 201(c), Defendants VIZIO Holdings, Inc.,
2  VIZIO, Inc., VIZIO Inscape Services, LLC, and VIZIO Inscape Technologies, LLC
3  request that the Court take judicial notice of the following court record, a copy of which
4  is attached hereto as **Exhibit A**:

5  Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Class
6  Action Complaint, *Ryan Perry v. Cable News Network, Inc., et al.*, N.D. Ga. Case No.
7  1:14-cv-02926-ELR, filed April 20, 2016 (ECF No. 66).

8  Judicial notice of this Order is proper under Rule 201, which allows federal courts
9  to take judicial notice of matters of record "not subject to reasonable dispute" that "can
10 be accurately and readily determined from sources whose accuracy cannot reasonably be
11 questioned."  Fed. R. Evid. 201(b); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir.
12 2011) ("[W]e may take notice of proceedings in other courts, both within and without the
13 federal judicial system, if those proceedings have a direct relation to matters at issue")
14 (internal quotation marks and citation omitted).

15 Dated:  September 19, 2016         **AKIN GUMP STRAUSS HAUER & FELD LLP**

16                                    By:      /s/ *Hyongsoon Kim*
                                      Anthony T. Pierce (*admitted pro hac vice*)
17                                    apierce@akingump.com
                                      1333 New Hampshire Avenue NW, Suite 1500
18                                    Washington, DC 20036
                                      Tel:   202-887-4000
19                                    Fax:   202-887-4288

20                                    Hyongsoon Kim (SBN 257019)
                                      kimh@akingump.com
21                                    4 Park Plaza, Suite 1900
                                      Irvine, CA  92614
22                                    Tel:   949-885-4100
                                      Fax:   949-885-4101
23
                                      Patrick Eoghan Murray (SBN 293765)
24                                    pmurray@akingump.com
                                      1999 Avenue of the Stars, Suite 600
25                                    Los Angeles, CA  90067
                                      Tel:   310-229-1000
26                                    Fax:   310-229-1001

27                                    *Attorneys for Defendants VIZIO Holdings, Inc.,*
                                      *VIZIO, Inc., VIZIO Inscape Services, LLC,*
28                                    *and VIZIO Inscape Technologies, LLC*

1

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFS.' MOTION TO DISMISS**
MDL Case No. 8:16-ml-02693-JLS-KES

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 0 2016

JAMES N. HATTEN, Clerk
By: Kayla Washington Deputy Clerk

|  |  |
|---|---|
| RYAN PERRY, individually and on behalf of all others similarly situated, | * * * |
| Plaintiff, | * * |
| v. | * 1:14-CV-02926-ELR * |
| CABLE NEWS NETWORK, INC., a Delaware corporation, and CNN INTERACTIVE GROUP, INC., a Delaware corporation, | * * * * |
| Defendants. | * * * |

# O R D E R

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint. (Doc. No. 49.) For the reasons set forth herein, the Court grants Defendants' motion.

## I.   BACKGROUND[1]

Defendant Cable News Network Inc. ("CNN"),[2] a Delaware corporation with its principal place of business in Atlanta, Georgia, is one of the largest

---

[1] As it must, the Court accepts as true all well-pled factual allegations contained in the First Amended Complaint.

[2] Defendant CNN Interactive Group, Inc. is CNN's subsidiary responsible for development and distribution of the CNN mobile app.

3

producers of television news programming worldwide. In addition to its television programming, it offers content via a mobile device application ("the CNN App"). With the CNN App, users can access breaking news and watch video clips of coverage. To gain access to the CNN App on an iPhone, one need only download the app from the Apple iTunes Store. Beginning in early 2013, Plaintiff began using the CNN App on his iPhone to read news stories and watch video clips. At no point did Plaintiff consent or otherwise permit CNN to disclose any of his personally identifiable information to any third parties.

Unbeknownst to users, however, the CNN App maintains a record of each time a user views a news story, video clip, or headline. After the user closes the CNN App, a complete record of the user's activities, as well as a media access control address ("MAC address"), is sent to non-party Bango, a data analytics company specializing in tracking individual user behaviors via the Internet and mobile applications.[3] Bango then uses identifiers, such as the MAC address, "to actually identify users and attribute their private viewing habits to their digital dossiers." (First. Am. Compl. ¶ 26, Doc. No. 25.)

Plaintiff brought this putative class action action on February 18, 2014, asserting just one cause of action: violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. He alleges that the MAC address and video viewing

---

[3] "A MAC address is a unique numeric string assigned to network hardware in the iPhone." (First Am. Compl. ¶ 14 n. 3, Doc. No. 25.)

2

records constitute personally identifiable information, as contemplated by the statute.

## II. LEGAL STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the complaint drawing all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); U.S. v. Stricker, 524 F. App'x 500, 505 (11th Cir. 2013) (per curiam). Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 555); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007).

Further, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This so-called "plausibility standard" is not akin to a probability requirement; rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. Id.

Even if it is extremely unlikely that a plaintiff will recover, a complaint may nevertheless survive a motion to dismiss for failure to state a claim, and a court reviewing such a motion should bear in mind that it is testing the sufficiency of the complaint and not the merits of the case. Twombly, 550 U.S. at 556; see Wein v. Am. Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004).

### III. ANALYSIS

A. Standing

Defendants assert that Plaintiff lacks standing to bring this cause of action. To successfully establish standing, "a plaintiff must show that (1) it suffered an actual injury that is concrete and particularized, not conjectural or hypothetical; (2) the injury was caused by the challenged conduct; and (3) there is a likelihood the injury could be redressed by a favorable decision." Blue Martini Kendall, LLC v. Miami Dade Cty. Fla., No. 14-13722, 2016 WL 1055826, at *4 (11th Cir. Mar. 17, 2016). Defendants suggest that Plaintiff is unable to show an actual injury.

The VPPA expressly provides that "[a]ny person *aggrieved* by any act of a person in violation of this section may bring a civil action in a United States district court." 18 U.S.C. § 2710(c)(1) (emphasis added). "History associates the word 'aggrieved' with a congressional intent to cast the standing net broadly—beyond the common-law interests and substantive statutory rights upon which 'prudential' standing traditionally rested." Fed. Election Cmm'n v. Akins, 524 U.S.

4

11, 19 (1998). "Here, therefore, because the Plaintiff is alleging a violation of the VPPA, he alleges an injury." Ellis v. Cartoon Network, Inc., No. 1:14-cv-484-TWT, 2014 WL 5023535, at *2 (N.D. Ga. Oct. 8, 2014). See also Sterk v. Redbox Automated Retail, LLC, 770 F.3d 618, 623 (7th Cir. 2014).

B.   The VPPA Claim

The VPPA was enacted "to preserve personal privacy with respect to the rental, purchase, or delivery of video tapes or similar audio visual materials . . . ." 134 Cong. Rec. S5396–08, S. 2361 (May 10, 1988). Generally speaking, the VPPA prohibits video tape service providers from knowingly disclosing personally identifiable information concerning a consumer. 18 U.S.C. § 2710(b)(1). "Under the VPPA, the term consumer means any renter, purchaser, or subscriber of goods or services from a video tape service provider." Ellis v. Cartoon Network, Inc., 803 F.3d 1251, 1253 (11th Cir. 2015) (quoting 18 U.S.C. § 2710(a)(1) (internal quotation marks omitted)). "The term personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." Id.

*a. Whether Plaintiff is a "Consumer"*

Plaintiff alleges that he qualifies as either a subscriber or a renter, and therefore is a consumer as contemplated by the VPPA.

5

7

Addressing the definition of a subscriber under strikingly similar circumstances,[4] the Eleventh Circuit recently held that an individual who viewed video content on a free mobile app was not a consumer under the statute:

> Mr. Ellis did not sign up for or establish an account with Cartoon Network, did not provide any personal information to Cartoon Network, did not make any payments to Cartoon Network for use of the CN app, did not become a registered user of Cartoon Network or the CN app, did not receive a Cartoon Network ID, did not establish a Cartoon Network profile, did not sign up for any periodic services or transmissions, and did not make any commitment or establish any relationship that would allow him to have access to exclusive or restricted content. Mr. Ellis simply watched video clips on the CN app, which he downloaded onto his Android smartphone for free. In our view, downloading an app for free and using it to view content at no cost is not enough to make a user of the app a "subscriber" under the VPPA, as there is no ongoing commitment or relationship between the user and the entity which owns and operates the app. Importantly, such a user is free to delete the app without consequences whenever he likes, and never access its content again. The downloading of an app, we think, is the equivalent of adding a particular website to one's Internet browser as a favorite, allowing quicker access to the website's content. Under the circumstances, Mr. Ellis was not a "subscriber" of Cartoon Network or its CN app.

Ellis, 803 F.3d at 1257.

For the same reasons as the Court in Ellis, this Court finds that Plaintiff does not qualify as a subscriber. Plaintiff has not alleged that he did anything other than watch video clips on the CNN App, which he downloaded onto his iPhone for free. Further, there is no indication that he had any ongoing commitment or relationship

---

[4] Not only did the plaintiff in Ellis allege identical facts, with the exception of the type of smartphone used, but also the plaintiff in Ellis had many of the same counsel as Plaintiff today.

6

with Defendants, such that he could not simply delete the CNN App without consequences.[5]

Plaintiff additionally argues that he qualifies as a "renter" under the statute, arguing that the term "rent" merely implies the exchange of benefit between parties. The Court is not persuaded by Plaintiff's overly expansive definition of the term, and instead follows the reasoning of courts in this and other districts holding that the term renter "necessarily impl[ies] payment of money . . . ." In re Hulu Privacy Litig., No. C 11-03764 LB, 2012 WL 3282960, at *8 (N.D. Cal. Aug. 10, 2012); Locklear v. Dow Jones & Co., Inc., 101 F. Supp. 3d 1312, 1316 (N.D. Ga. 2015), abrogated on other grounds by Ellis, 803 F.3d 1251. The Court finds that the plain and ordinary meaning of the term "rent" supports this conclusion. MERRIAM-WEBSTERS'S COLLEGIATE DICTIONARY 1054 (11th ed. 2014) (defining

---

[5] Plaintiff, in response to the Eleventh Circuit's decision in Ellis, requests the opportunity to amend his complaint. Specifically, he states that he will plead facts sufficient to establish that he was a subscriber. First, he would plead that CNN's express purpose in creating the app was to create an ongoing relationship with its users. Second, he will allege facts showing the relationship he had with CNN was as close to, if not closer than, a user who completes a formal registration process. Finally, he will allege that he subscribes to CNN's television programming through his cable service provider, creating the requisite relationship.

While ordinarily leave to amend shall be freely given, such leave is not required where any amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004). As will be discussed more *infra*, the Court finds that amendment would be futile where, as here, Plaintiff's complaint is due to be dismissed for an independent reason. Second, the Court fails to see how the addition of these facts would alter the Court's conclusion as to whether Plaintiff is a subscriber. For one, the Court is not persuaded that CNN's motivation in creating the app would alter the conclusion reached in Ellis. Indeed, it is extremely likely that Cartoon Network's motivation for its app was the same. In the same vein, the Ellis court already addressed whether the downloading of a free app, without more, makes an individual a "subscriber" under the statute. Finally, the fact that Plaintiff has a cable television account wherein he pays a third-party cable service provider and can view CNN programming does not somehow convert Plaintiff into a subscriber of CNN's free mobile app.

7

"rent" as "an agreed sum paid at fixed intervals by a tenant to the landlord"); BLACK'S LAW DICTIONARY 1489 (10th ed. 2014) (defining the verb "rent" as "to pay for the use of another's property"). Because the CNN app was free of charge, and Plaintiff has not indicated that he made any sort of payments to Defendants, he is not a "renter."

Based on the foregoing, the Court finds that Plaintiff does not qualify as a "consumer" as contemplated by the VPPA. Accordingly, Defendants' motion to dismiss is due to be granted.

### b. Whether Plaintiff's MAC Address and Video History are "Personally Identifiable Information"

Even if Plaintiff could establish he was a consumer, the Court would nonetheless find dismissal appropriate because the MAC address and associated video logs do not qualify as personally identifiable information.

Personally identifiable information is defined as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). As one court put it, "[t]he VPPA requires identifying the viewers and their video choices." In re Hulu Privacy Litig., No. C 11-03764 LB, 2014 WL 1724344, at *12 (N.D. Cal. Apr. 28, 2014). Stated differently, "personally identifiable information is that which, in its own right, without more, links an actual person to actual video materials." Ellis, 2014 WL 5023535, at *3 (quoting In re Nickelodeon Consumer

8

Privacy Litig., MDL No. 2443 (SRC), 2014 WL 3012873, at *10 (D.N.J. July 2, 2014) (internal quotations and alterations omitted)), affirmed on other grounds by Ellis, 803 F.3d 1251.

A number of courts, addressing similar factual situations, have held that an anonymous string of numbers, such as the MAC address here, is insufficient to qualify as personally identifiable information. Eichenberger v. ESPN, Inc., No. C14-463 TSZ, 2015 WL 7252985, at * (W.D. Wash. May 7, 2015) ("In light of the VPPA's text and legislative history, 'personally identifiable information' under the VPPA means information that identifies a specific individual and is not merely an anonymous identifier. As the Court noted in its previous Minute Order, plaintiff's allegation that defendant disclosed his Roku device serial number and a record of what he watched does not sufficiently plead that defendant disclosed PII."); Ellis, 2014 WL 5023535, at *3 (disclosure of the plaintiff's Android ID, a randomly generated number unique to each user and device, does not qualify as personally identifiable information because the ID was not akin to a name and did not specifically identify any person);[6] In re Nickelodeon, 2014 WL 3012873, at *10 (disclosure of each plaintiff's "anonymous username, IP address, browser setting, unique device identifier, operating system, screen resolution, browser version, and

---

[6] While the Eleventh Circuit expressly declined addressing the merits of the district court's holding regarding personally identifiable information, the Ellis decision left the holding of the district court in tact.

9

detailed URL requests and video materials requested and obtained," even considered in the aggregate, do not identify a plaintiff and therefore do not qualify as personally identifiable information under the VPPA); In re Hulu, 2014 WL 1724344, at *12 (finding that disclosure of a unique identifier, without more, does not violate the VPPA).

The Court is persuaded by the reasoning of these courts, and reaches the same conclusion today.[7] Plaintiff has merely pled that Defendants disclosed his MAC address along with the viewing history tied to that address. He has not, however, pled any facts to establish that the video history and MAC address were tied to an actual person and disclosed by Defendants. Because Plaintiff has not established that Defendants disclosed any personally identifiable information, his claim must fail.

---

[7] Plaintiff also argues that Bango is able to automatically identify individuals based on CNN's disclosure. As the district court held in Ellis, however, emphasis falls "on disclosure, not comprehension by the receiving person." 2014 WL 5023535, at *3. Further, "[f]rom the information disclosed by [Defendants] alone, Bango could not identify the Plaintiff or any other members of the putative class." Id. In fact, the Hulu court recognized an important distinction: had Defendants disclosed the unique identifier along with some sort of correlating look-up table, a violation might be present. 2014 WL 1724344, at *11. Here, however, Plaintiff does not allege that Defendants provided both pieces to the puzzle. Rather, Plaintiff alleges that Bango could, with the information provided by Defendants, achieve such a result. Accordingly, Plaintiff fails to establish that Defendants, and not the third party, disclosed personally identifiable information. Eichenberger, 2015 WL 7252985, at *6; see also Locklear, 2015 WL 1730068, at *6.

10

12

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. No. 49.) The Court also **GRANTS** Defendants' Motion for Leave to File Response to Plaintiff's Supplemental Brief (Doc. No. 64.) The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this 20th day of April, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia