All Counsel Listed on Signature Page

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 8:16-ml-02693-JLS (KESx)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Josephine L. Staton<br><br>Case Management Conference:<br><br>Date:        April 21, 2017<br>Time:       1:30 p.m.<br>Courtroom: 10A, 10th Floor |

Pursuant to this Court's April 4, 2017 Order Setting Case Management Conference (Dkt. 142), Plaintiffs Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan (hereinafter "Plaintiffs") and Defendants VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Inscape Technologies, LLC, and VIZIO Inscape Services, LLC (hereinafter, collectively, "Defendants" or "VIZIO"), by and through their undersigned counsel, respectfully submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for 1:30 p.m. on April 21, 2017, in Courtroom 10A, 10th Floor of the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701.

## I.  BACKGROUND

Beginning in November 2015, Plaintiffs filed separate class actions in different venues nationwide. The Judicial Panel on Multidistrict Litigation granted a request by certain Plaintiffs to centralize pre-trial proceedings in the Central District of California before Your Honor. (MDL No. 2693, Dkt. 103, Transfer Order filed April 7, 2016).

On August 8, 2016, the Plaintiffs filed a Consolidated Complaint seeking monetary and equitable relief for violations of federal and state privacy laws, including statutory, constitutional, and common law violations; state consumer protection statutes; and common law fraud, misrepresentation, and unjust enrichment. (*See* Dkt. 108)

On September 19, 2016, VIZIO filed a motion to dismiss the Consolidated Complaint pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6). (Dkt. 116) After enlarged briefing and oral argument, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss. (Dkt. 130). Plaintiffs' federal Wiretap Act claims, California Invasion of Privacy Act claims, False Advertising Law claims, negligent misrepresentation claims under California and Washington law, state law video privacy claims, and affirmative fraudulent conduct claims were dismissed with leave to amend. Defendants' motion was denied as to all other claims, including Plaintiffs' claims under the VPPA, omissions-based claims under state consumer protection statutes or common law, unjust enrichment, and invasion of privacy/intrusion claims under various

state laws. Plaintiffs were given 21 days to file a Second Consolidated Complaint ("SCC").

## II. OPERATIVE PLEADING

On March 23, 2017, Plaintiffs filed an SCC. Plaintiffs assert claims under federal law and the laws of California, Florida, Massachusetts, New York, and Washington on behalf of themselves and putative nationwide and state-specific classes of consumers who purchased VIZIO Smart TVs.[1] Specifically, Plaintiffs seek individual and class-wide relief for violations of:

- the Video Privacy Protection Act, 18 U.S.C. § 2710, and the Wiretap Act, 18 U.S.C. § 2510 *et seq.*, on behalf of all Plaintiffs and the Nationwide Class against all Defendants;
- California's Invasion of Privacy Act, Cal. Penal Code § 630, et seq., on behalf of Plaintiffs and the Nationwide Class and separately, on behalf of Plaintiffs Hodges and Zufolo and the California Class against all Defendants;
- California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, on behalf of Plaintiffs and the Nationwide Class and separately, on behalf of Plaintiffs Hodges and Zufolo and the California Class against all Defendants;
- California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., on behalf of Plaintiffs and the Nationwide Class and separately, on behalf of Plaintiffs Hodges and Zufolo and the California Class against all Defendants;
- Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq., on behalf of Plaintiff Mark Queenan and the Florida Class against all Defendants;

---

[1] On August 11, 2016, the parties submitted a Joint Stipulation and [Proposed] Order for Case Management Order No. 4 ("CMO No. 4"). (Dkt 106-1) CMO No. 4 sought to streamline the litigation to permit it to proceed efficiently and expeditiously. In so doing, the parties sought to toll the statute of limitations as to state law claims that were not incorporated into the Consolidated Complaint. The parties agreed to proceed on the basis of federal claims, and state law claims from California, Florida, Massachusetts, New York and Washington. The Court entered the Order on October 14, 2016. (Dkt 120)

- N.Y. Gen. Bus. Law § 349, on behalf of Plaintiff Chris Rizzitello and the New York Class against all Defendants;
- Massachusetts' Unfair and Deceptive Trade Practices Statute, Massachusetts General Laws ch. 93A, et seq., on behalf of Plaintiff John Walsh and the Massachusetts Class against All Defendants;
- Washington's Consumer Protection Act, Wash Rev. Code § 19.86, et seq., on behalf of Plaintiffs Linda Thomson and the Washington Class against all Defendants;
- Unjust Enrichment/Quasi-Contract on behalf of Plaintiffs Hodges, Zufolo, Queenan, Walsh, Rizzitello, and Thomson and the California, Florida, Massachusetts, New York, and Washington Classes Against All Defendants;
- Privacy Violation Based on Intrusion, on behalf of all Plaintiffs and the Nationwide Class against all Defendants, and separately on behalf of Plaintiffs Hodges, Zufolo, Queenan, Walsh, and Thomson for their respective state classes under the laws of California (both the California Constitution and common law), Florida, Massachusetts, and Washington against all Defendants; and
- Fraud by Omission on behalf of Plaintiffs Hodges, Zufolo, Queenan, Walsh, Rizzitello, and Thomson and the California, Florida, Massachusetts, New York, and Washington Classes against all Defendants.

Plaintiffs seek monetary damages, including actual, statutory, and punitive damages; equitable relief, including restitution, disgorgement, and injunctive relief; and other relief allowable under law; as well as attorneys' fees, costs and pre- and post-judgment interest.

### III. JURISDICTION AND SERVICE

The SCC asserts federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Also, the SCC asserts jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d),

because: (i) at least one Plaintiff is a citizen of a different state than the Defendants; (ii) the amount in controversy exceeds $5,000,000; and (iii) there are at least 100 individuals in the putative class that Plaintiffs seek to represent through this action.

All Defendants named in the Second Consolidated Complaint have been served.

## IV. PARTIES

### a. Plaintiffs

The SCC names as party-Plaintiffs Dieisha Hodges and Rory Zufolo of California, John Walsh of Massachusetts, Chris Rizzitello of New York, and Linda Thomson of Washington.[2]

In addition, the SCC names Mark Queenan of Florida, although pending before the Court is a Stipulation and Proposed Order to add Queenan as a named plaintiff in the SCC. (Dkt. 133).[3]

### b. Defendants

The SCC names as party-Defendants VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Inscape Technologies, LLC, and VIZIO Inscape Services, LLC.

At least two MDL member cases named party-defendants WPP Group USA, Inc., The Interpublic Group of Companies, Inc. ("IPG"), Alphonso, Inc., Tapad, Inc., iSpot.TV, Inc., Lotame Solutions, Inc., Xaxis, Inc., TubeMogul, Inc., and Audience Xpress LLC.[4] These defendants have executed tolling agreements, and thus were not named as party-Defendants in the Consolidated Complaint or SCC.

---

[2] In addition to these individuals, the Consolidated Complaint named William DeLaurentis of Florida. (Dkt. 108) On March 15, 2017, Mr. DeLaurentis' claims against all Defendants were dismissed without prejudice pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. (Dkt. 133)

[3] On April 4, 2017, the Court added Queenan's underlying case to the MDL docket as a member case. (Dkt. 143)

[4] *E.g.*, *Kuntzmann v. WPP Group USA, Inc.*, No. 8:16-cv-00750-JLS-KES (C.D. Cal.); *Blumberg v. WPP Group USA, Inc.*, No. 3:16-cv-02670-PGS-LHG (D.N.J.).

## V. SCHEDULE

The Court has entered a Scheduling Order setting forth a Case Management Schedule. (Order No. 4, Dkt. 120)

## VI. PENDING MOTIONS

On April 13, 2017, Defendants filed a Motion to Dismiss the SCC on the following grounds: (1) the Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1) to issue the injunctive relief requested by Plaintiffs; (2) Plaintiffs have failed to state Wiretap Act and Invasion California Invasion of Privacy claims under Fed. R. Civ. P. 12(b)(6); and (3) Plaintiffs have failed to plead causes of action with the notice and specificity required by Fed. R. Civ. P. 8 and 9(b). VIZIO also seeks to strike Plaintiffs' class allegations pursuant to Fed. R. Civ. P. 12(f) on grounds that they fail to exclude putative class members who purchased a class of products VIZIO contends is subject to binding arbitration and are not definite enough to satisfy the requirements of Fed. R. Civ. P. 23(b)(2) or 23(b)(3).

Plaintiffs' opposition is due by May 4, and any reply by VIZIO is due by May 11. (Dkt. 141)

VIZIO has noticed a hearing on its motion for May 26, 2017 at 2:30 p.m.

## VII. ADDITION OF PARTIES AND AMENDMENT OF PLEADINGS

Pending before the Court is a Stipulation and Proposed Order to add Queenan as a named plaintiff in the SCC. (Dkt. 133)

Also, pending before the Court is Defendants' motion to dismiss the SCC. (Dkt. 145) Further amendments to the pleadings are not anticipated before the Court rules on Defendants' motion to dismiss.

## VIII. DISCOVERY

### a. Initial Disclosures

The parties exchanged Initial and Supplemental Disclosures in accordance with Fed. R. Civ. P. 26(a)(1).

5

JOINT CASE MANAGEMENT STATEMENT
MDL CASE NO. 8:16-ML-02693-JLS-KES

### b. Protective Order

The Court has entered a stipulated Protective Order proposed by the parties. (Dkts. 109, 110).

### c. Requests to Limit Discovery

The Court has denied Defendants' requests to stay discovery pending a ruling on Rule 12 motions (Dkt. 98) and to bifurcate discovery. (Dkt. 120)

### d. Discovery served by Plaintiffs

On October 12, 2016, Plaintiffs served a Request for Production of Documents, Set One. By agreement of the parties, Defendants served Objections and Responses by November 17. Defendants have made two document productions to date, and are continuing to produce documents on a rolling basis. The parties are also engaged in the meet-and-confer process concerning certain of Defendants' responses. Although the parties have been able to resolve several of the issues Plaintiffs raised concerning Defendants' responses, Plaintiffs expect to present disputes to the Magistrate Judge within the next thirty days, consistent with the Local Rules.

### e. Discovery served by Defendants

On January 6, 2017, Defendants served Requests for Production of Documents to Plaintiffs, Set One, and Interrogatories to Plaintiffs, Set One. By agreement of the parties, Plaintiffs Hodges, Zufolo, Walsh, and Rizzitello served Responses and Objections to Requests for Production and Interrogatories by February 22, 2017.

On April 11, 2017, Defendants served notices of depositions for Plaintiffs Hodges, Zufolo, Walsh, and Rizzitello, scheduling dates for early May 2017 or on other mutually-agreed upon dates.

### f. Electronically Stored Information

The parties have reached an informal agreement concerning the production and preservation of ESI. This informal agreement was submitted to the Court, which declined to make it an order. The Court, however, reserved the right to do so upon a showing of

good cause, but otherwise "expects the parties to abide by their discover agreements." (Dkt. 135)

On March 30, 2017, Defendants identified custodians and proposed search terms. Plaintiffs are reviewing Defendants' list and terms, and will continue to discuss appropriate custodians and search terms with Defendants.

## IX. PRESERVATION OF EVIDENCE

Both parties have instituted preservation holds, and have instructed their clients on proper evidence preservation.

## X. SETTLEMENT DISCUSSIONS AND PROCEDURES

To date, Plaintiffs' interim lead counsel and counsel for the Vizio Defendants have not engaged in settlement discussions. The parties have proposed that private mediation occur before Plaintiffs file any motion for class certification.

## XI. OTHER ACTIONS

On February 8, 2017, Plaintiffs gave notice of the Complaint and Stipulated Order for Permanent Injunction and Monetary Judgment filed jointly on February 6, 2017, in *Federal Trade Commission et al. v. VIZIO, Inc. et al.*, No. 2:17-cv-00758 (D. N.J.).

On February 28, the parties submitted a stipulation for Case Management Order Number 5. The Stipulation notified the Court that the federal district court in the FTC action had entered the Settlement Agreement on February 14, 2017, requiring Vizio to "destroy Viewing Data that has been collected prior to March 1, 2016 . . . , [p]rovided, however, that such Viewing Data need not be destroyed, and may be disclosed, (A) to the extent requested by a government agency or required by law, regulation, or court order, including without limitation as required by rules applicable to the safeguarding of evidence in pending litigation . . . ." The parties stipulated that (1) Vizio shall preserve for purposes of this action Viewing Data (as defined in the Settlement Agreement) that has been collected prior to March 1, 2016, until further Order of this Court; and (2) this stipulation does not alter in any way Vizio's obligation to preserve other data, documents

or information relevant to this action. The Court granted the stipulated relief on March 7, 2017. (Dkt. 131).

## XII. COMPLEXITY OF CASE

The parties agree to use the Manual for Complex Litigation (current edition) as a reference point during the course of the litigation.

Dated: April 14, 2017

**Girard Gibbs LLP**

*/s/ Eric H. Gibbs*
Eric H. Gibbs
ehg@classlawgroup.com
Andre Mura
amm@classlawgroup.com
Linda Lam
lpl@classlawgroup.com
505 14th Street, Suite 1110
Oakland, CA 9461
Tel: (510) 350-9700
Fax: (510) 350-9701

**Cotchett, Pitre & McCarthy, LLP**

*/s/ Joseph W. Cotchett*
Joseph W. Cotchett
jcotchett@cpmlegal.com
Adam J. Zapala
azapala@cpmlegal.com
Gwendolyn R. Giblin
ggiblin@cpmlegal.com
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Co-lead Counsel for Plaintiffs*

**Akin Gump Strauss Hauer and Feld LLP**

*/s/ Hyongsoon Kim*
Anthony T. Pierce
apierce@akingump.com
1333 New Hampshire Avenue NW Suite 1500
Washington, DC 20036
Tel: 202-887-4000
Fax: 202-887-4288

Hyongsoon Kim
kimh@akingump.com
Akin Gump Strauss Hauer and Feld LLP
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-1000
Fax: 949-885-1001

Patrick Eoghan Murray
pmurray@akingump.com
Akin Gump Strauss Hauer and Feld LLP
2029 Century Park East Suite 2400
Los Angeles, CA 90024 United St
Tel: 310-229-1000
Fax: 310-229-1001

*Attorneys for Defendants Vizio Holdings, Inc.; Vizio Inscape Services, LLC; Vizio Inscape Technologies, LLC; and Cognitive Media Networks, Inc.*

**ATTESTATION OF E-FILED SIGNATURE**

I, Eric H. Gibbs, am the ECF User whose ID and password are being used to file the foregoing Initial Joint Case Management Statement. In compliance with L.R. 5-4.3.4,

9

JOINT CASE MANAGEMENT STATEMENT
MDL CASE NO. 8:16-ML-02693-JLS-KES

I hereby attest that the other signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

Dated: April 14, 2017                               By: */s/ Eric H. Gibbs*