Julie Shepard (Cal. Bar. No. 175538)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:(213) 239-5100
Facsimile: (213) 239-5199
jshepard@jenner.com

Adam Unikowsky (*pro hac vice* application forthcoming)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20001
Telephone: (202) 639-6041
Facsimile: (202) 661-4925
aunikowsky@jenner.com

*Attorneys for Amicus Curiae Chamber of Commerce of the United States of America in Support of Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| **In re: Vizio, Inc. Consumer Privacy Litigation**<br><br>This document relates to:<br><br>ALL ACTIONS | MDL Case No. 8:16-ml-02693-JLS-KES<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICUS BRIEF BY THE CHAMBER OF COMMERCE IN SUPPORT OF DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Judge: Hon. Josephine L. Staton:<br>Date: July 14, 2017<br>Time: 2:30 p.m.<br>Courtroom: 10A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Chamber of Commerce of the United States of American (the "Chamber") hereby respectfully requests leave to file the attached brief as *amicus curiae* supporting Defendants' Motion to Certify Order Granting Motion to Dismiss in Part, Denying in Part, For Interlocutory Review (Dkt. No. 155).[1]

Counsel for Vizio does not oppose the Chamber's motion. Plaintiffs' counsel have stated that they oppose the Chamber's motion.

## ARGUMENT

"An amicus brief should normally be allowed when … the amicus brief has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Bostick v. Herbalife Int'l of America, Inc.*, No. CV 13–2488 BRO (SHx), 2015 WL 12731932, at *11 n.13 (C.D. Cal. May 14, 2015) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (quotation marks and emphasis omitted)). "There are no strict prerequisites that must be established prior to qualifying for amicus status although an individual or organization seeking to participate as amicus curiae must make a showing that his participation is useful to or otherwise desirable to the court." *Congregation Etz Chaim v. City of Los Angeles*, No. CV 97-5042 CAS(EX), 2009 WL 1293257, at *5 n.4 (C.D. Cal. May 5, 2009) (quoting *Infineon Techs. N Am. Corp. v. Mosaid Techs., Inc.*, No. C 02-5772 JF(RS), 2006 WL 3050849, at *3 (N.D. Cal. Oct. 23, 2006)).

In this case, the Chamber has a unique perspective that can help the Court. The Chamber is the world's largest federation of businesses and associations. It represents three hundred thousand direct members and indirectly represents an underlying membership of more than three million U.S. businesses and professional organizations of every size, in every economic sector, and from every geographic region of the country.

---

[1] No party counsel authored this brief in whole or in part. No one other than the Chamber, its members, or its counsel contributed any money to fund its preparation or submission.

One important Chamber function is to represent the interests of its members in matters before the courts, Congress, and the Executive Branch.  To that end, the Chamber regularly files amicus curiae briefs in cases that raise issues of concern to the nation's businesses.

In deciding whether to grant leave to certify a case for interlocutory appeal, "courts may consider 'the opportunity to achieve appellate resolution of an issue important to other cases.'"  *City of Los Angeles v. Citigroup Inc.*, No. 2:13–cv–09009–ODW(RZx), 2014 WL 3942457, at *2 (C.D. Cal. Aug. 12, 2014) (quoting 16 Charles Alan Wright et al., Federal Practice & Procedure § 3930 (3d ed.)).  The Chamber is ideally situated to provide the Court with information as to the importance of the legal issues in this case.  The Chamber's diverse membership includes manufacturers of Internet-enabled devices, providers of Internet-based services, content providers, and virtually every other type of company and professional organization.  By soliciting the views of its members, the Chamber has an unmatched ability to identify the judicial decisions that have the largest real-world impact.  The Chamber therefore provides a unique perspective that an individual litigant cannot offer.

Further, the Chamber has a substantial interest in the resolution of this case, which raises issues at the heart of the Internet economy.  Many of the Chamber's members sell integrated devices that connect consumers to the Internet.  The Chamber thus understands the way that Plaintiffs here, and other plaintiffs in similar lawsuits, seek to impose far-reaching liability on the developers of these technologies—and thus seek to alter their business models.  The Chamber respectfully submits that its views on the implications of this case shed light on whether this case warrants certification for interlocutory appeal.

Dated: May 12, 2017

JENNER & BLOCK LLP

By: /s/ Julie Shepard

Julie Shepard
Adam Unikowsky

*Attorneys for Amicus Curiae Chamber of Commerce of the United States of America in Support of Defendants*