# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:16-ml-02693-JLS                               Date: August 17, 2017

Title: VIZIO, INC., CONSUMER PRIVACY LITIGATION

PRESENT:

**THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE**

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **Order re: Scope of Discovery/Definition of "Tracked Data" (Dkt. 169)**

On June 1, 2017, the parties filed a Joint Stipulation briefing their dispute over the scope of relevant discovery in this case. (Dkt. 169-1.) Many of Plaintiffs' discovery requests use the defined term "Tracked Data." The parties dispute the proper definition of that term.

## I. INITIAL PROPOSED DEFINITIONS

Plaintiffs initially proposed the following definition:

> [I]nformation collected from a Vizio internet-connected device, including, but not limited to, (1) product registration data; (2) any information or data collected or planned to be collected from a Smart TV about the content viewed on that television, or any reports or data derived therefrom and any information combined with such data ("Viewing Data"); (3) Internet Protocol ("IP") addresses or Media Access Control ("MAC") addresses; (4) User ID or other identifiers; (5) geolocation or information that can be used to derive geolocation; and (6) any information combined with any of (1) through (5) above.

(Dkt. 169-1 at 7, the "FTC Definition".) Plaintiffs chose this definition to match the definition of "Covered Information" used by Vizio in a consent decree settling recent FTC litigation. (Id.)

Defendant Vizio objected that using the FTC Definition would cause Plaintiffs' discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:16-ml-02693-JLS                                                    Date: August 17, 2017
                                                                                                                                 Page 2

to "far exceed[] the subject matter" of the litigation. (Id. at 9.) According to Vizio, Plaintiffs' case is limited to Vizio's alleged use of an Automated Content Recognition ("ACR") system called "Smart Interactivity" to collect and disclose viewing data and other information through Vizio Smart TVs. (Id. at 8-9.) Vizio proposed using this definition of "Tracked Data" instead:

> Any data collected from Vizio Smart TVs and processed through Vizio's Automated Content Recognition (ACR) system, including any information derived from or combined with such data that Vizio discloses to third parties.

(Id. at 10 ["Vizio's Initial Definition"].)

## II.    VIZIO'S MOTION TO DISMISS

When the parties filed the Joint Stipulation, the scope of Plaintiffs' allegations was disputed, because Vizio had moved to dismiss certain portions of the operative Second Consolidated Complaint ("SCC"). (Dkt. 145.) In that motion, Vizio challenged, "Plaintiffs' new, vague allegations purporting to cover the collection of data from 'a variety of sources' other than Vizio Smart TVs …." (Id. at 7.)

On July 25, 2017, the Court denied Vizio's motion to dismiss. (Dkt. 199.) Regarding Vizio's challenge to the scope of data collection, the Court ruled as follows:

> Vizio challenges Plaintiffs' mention of "the collection, combining and/or disclosure of data from a variety of sources," a phrase that Plaintiffs follow with a list of specific types of information allegedly collected. (SCC ¶¶ 14, 78; Mem. at 14.) As part of this list, Plaintiffs allege that Vizio "combine[s]" data collected from consumers' Vizio Smart TVs with information obtained from "apps, smart phones, or other Vizio products." (SCC ¶ 14.)
>
> In their original Consolidated Complaint, Plaintiffs alleged that Vizio collected information not only from its Smart TVs, but also data from other sources as well. (See Compl. ¶¶ 2, 8, 40, 52, 63, 72, Doc. 108.) Some of these allegations concerned Vizio's collection of information from devices physically connected to Vizio Smart TVs (id. ¶ 52.), while other allegations more broadly addressed Internet-connected devices within the same household (see id. ¶ 2 ("any smartphones, tablets, PCs, or other devices within the home that share the same Internet connection as the Smart TV"); id. ¶ 8 ("the presence of a consumer's other Internet-connected devices"); id. ¶ 40 (graphic showing the outline of "connected entertainment products" that resemble speakers); id. ¶ 62 ("the presence of other devices connected to their local networks"); id. ¶ 72 (same); see also id. ¶ 8 ("the online services a consumer visited"); id. ¶ 54 ("online services visited by the consumer"); id. ¶ 63 (quoting what appears to be a Vizio document that states that Vizio collects "anonymous information regarding customer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:16-ml-02693-JLS                                      Date: August 17, 2017
Page 3

> activities on our [i.e., Vizio's] websites" and "on Internet connected products and services"); id. ¶ 72 ("the online services consumers visit")). Accord In re Vizio, Inc., Consumer Privacy Litig., 2017 WL 1836366, at *1 (noting that Plaintiffs alleged that Vizio also collected information from "other devices connected to the same network"). Thus, contrary to Vizio's position, Plaintiffs' reference to Vizio's collection of information from a "variety of sources[,]" such as "other Vizio products" does not break substantial new ground. Plaintiffs still bring suit on behalf of a putative class of Vizio Smart TV purchasers, alleging that Vizio collects "highly specific" information about their digital identities and viewing habits through information gathered directly from their Smart TVs and by combining that data with information gleaned from other Internet-connected devices. (SCC ¶¶ 14, 102–107.) Having already concluded that Plaintiffs' claims are well pleaded, the Court DENIES Vizio's Motion to Dismiss Plaintiffs' allegations regarding the collection of information from other devices.

(Dkt. 199 at 12-13.)

### III. SUPPLEMENTAL PROPOSED DEFINITIONS

After this ruling, the Court directed the parties to meet and confer again over the proper scope of discovery concerning "Tracked Data" and file supplemental briefs if they were unable to agree. (Dkt. 200.)

On August 11, 2017, both sides filed supplemental briefs. (Dkt. 204, 207.) Those briefs explained that on August 3, Vizio proposed the following new definition:

> (1) any data collected from Vizio Smart TVs and processed through Vizio's Automated Content Recognition (ACR) system, and (2) any information combined with or derived from such data whether collected from a Vizio Smart TV or any other source.

(Dkt. 204 at 2 n.1 ["Vizio's August 3 Definition"].) In other words, to be considered "Tracked Data," the data needed to be (1) collected from a Vizio Smart TV *and* processed through ACR, or (2) combined with or derived from such ACR data.

Plaintiffs objected that this still required processing by the ACR system. (Dkt. 207 at 5.) In response, on August 10, Vizio proposed another alternative definition of Tracked Data:

> Tracked Data means (a) any viewing data [defined as "any information or data about what is displayed on a Vizio Smart TV"]; (b) any data or information, regardless of source, that Vizio has linked to such viewing data or used in combination with viewing data in any way; and (c) any data that Vizio has disclosed to any third party in exchange for compensation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:16-ml-02693-JLS | Date: August 17, 2017 |
| | Page 4 |

(Dkt. 204 at 2 ["Vizio's Supplemental Definition"].)  In this definition, "viewing data" is not linked to the ACR process.

Plaintiffs objected that this definition would limit discovery to data about what is displayed on a Smart TV, but Plaintiffs' case is broader, including (1) data that is not displayed for viewing, such as IP addresses, and (2) content viewed on other kinds of devices, like tablets or phones.  (Dkt. 207 at 6.)  For these reasons, Plaintiffs rejected Vizio's Supplemental Definition and proposed instead:

> "Tracked Data" means (1) any data collected from a Vizio internet-connected device, Vizio or Third-Party Platforms, or Vizio or Third- Party Platform Services, and (2) any information or data, regardless of the source, combined with or derived from such data.

(Dkt. 207 at 2 ["Plaintiffs' Supplemental Definition"].)  Plaintiffs contend that they took these words and phrases from various Vizio publications.  (Id.)  Vizio points out that this definition is not limited to electronic collection, and would encompass, for example, information voluntarily provided by customers on paper product registration cards and never combined with electronically collected data.  (Dkt. 204 at 6.)

## IV.   ANALYSIS

For purposes of defining the scope of permissible discovery, the FTC Definition is problematic, because it uses the phrase "including, but not limited to."

Plaintiffs' claims are not limited to the misuse of information about what they watched on their Smart TVs.  As discussed by the order denying Vizio's motion to dismiss, Plaintiffs' claims are based on allegations that Vizio misuses information about their "digital identities and viewing habits."  Information about their "digital identities" means all the subcategories in the FTC Definition (i.e., electronically submitted product registration data; IP addresses; MAC addresses; user IDs; other identifiers, such as e-mail addresses; and geolocation or information that can be used to derive geolocation).  Information about their "viewing habits" refers to content viewed on any device (i.e., Smart TV, some other TV, computer, tablet, or phone).

Per Plaintiffs' allegations, the relevant "Tracked Data" may have been collected by a third party and supplied to Vizio, derived by a third party from information supplied by Vizio, or combined by a third-party with Vizio-supplied data, making it problematic to limit the definition of "Tracked Data" based on who performed those activities.  Omitting such a limitation does not render Plaintiffs' discovery limitless, however, because Vizio's discovery obligations extend only to matters within its knowledge or documents within its possession, custody or control.

The parties are directed to meet and confer **within five (5) days** concerning the following potential definition of Tracked Data.  If they are unable to reach an agreement, they should

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-ml-02693-JLS | Date: August 17, 2017 |
| | Page 5 |

contact the clerk to schedule a hearing.

      (1) Information collected from a Vizio Smart TV about the digital identities and/or viewing habits of its users; or

      (2) Information collected from a device physically connected or connected via Wi-Fi to a Vizio Smart TV about the digital identities and/or viewing habits of the Smart TV's users; or

      (3) Information collected from a device connected to the same Wi-Fi network as a Vizio Smart TV about the digital identities and/or viewing habits of the Smart TV's users; or

      (4) Any information combined with or derived from (1), (2), and/or (3).

      <u>Comments re clause (1)</u>:  From the parties' briefing, the Court believes that all parties agree that information described by clause (1) falls within the scope of Plaintiffs' allegations, and is therefore appropriately within the definition of "Tracked Data."

      <u>Comments re clause (2)</u>:  This clause would include DVRs, streaming media players, or tablets/phones that "communicate" with the Smart TV through a Vizio app.  It is unclear to the Court if any data collected in this manner would, in fact, be collected from a Smart TV.  If so, then clause (2) is not materially different from clause (1).

      <u>Comments re clause (3)</u>:  This clause would include the following scenarios:

      (A) Owner of a Smart TV uses her computer to shop for products on Amazon.com.  The Smart TV and computer share no connection beyond using the same home Wi-Fi network to access the Internet.  Somehow (perhaps from Amazon or by some other means), Vizio receives information about what products the Smart TV owner viewed on Amazon.  Vizio keeps that information, but does not associate it with any other information about the Smart TV owner.

      (B) Owner of a Smart TV uses his computer to access Vizio's webpage.  The Smart TV and computer share no connection beyond using the same WiFi network to access the Internet.  On Vizio's webpage, he browses new products and reviews FAQs.  Vizio records this browsing history, but does not combine it with any other information.

      (C) Owner of a Smart TV uses her computer to visit Vizio's webpage and submit product registration information.  The Smart TV and computer share no connection beyond using the same Wi-Fi network to access the Internet.  Vizio keeps the product registration information, but does not associate it with any other information about the Smart TV owner.

      Do any of these scenarios happen?  Does the information collected only fall within the scope of Plaintiffs' claims if it is later combined with data described by clauses (1) or (2) – such

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:16-ml-02693-JLS　　　　　　　　　　　　　　　　　　　　Date: August 17, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

that it would already fall within clause (4), making clause (3) unnecessary?  Or is it enough that Vizio collects and stores such information and *could* combine it with other data later, or supply it to a third party who could combine it?

　　　Comments re clause (4):  As written, if a consumer mailed a product registration card to Vizio, and Vizio entered information from the card into a database, but Vizio never associated that information with data described by clauses (1), (2), or (3), then the information from the card/database would not be "Tracked Data."  Is that consistent with the scope of Plaintiffs' claims?  In other words, do Plaintiffs' claims involve only electronic data collection?