**AKIN GUMP STRAUSS HAUER & FELD LLP**
ANTHONY T. PIERCE (*admitted pro hac vice*)
apierce@akingump.com
1333 New Hampshire Avenue NW, Suite 1500
Washington, DC 20036
Tel: 202-887-4000
Fax: 202-887-4288

HYONGSOON KIM (SBN 257019)
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-4100
Fax: 949-885-4101

PATRICK E. MURRAY (SBN 293765)
pmurray@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: 310-229-1000
Fax: 310-229-1001

*Attorneys for Defendants VIZIO Holdings, Inc.,*
*VIZIO, Inc., VIZIO Inscape Services, LLC,*
*and VIZIO Inscape Technologies, LLC*

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION, <br><br><br> This document relates to:<br><br> ALL ACTIONS | Case No. 8:16-ml-02693-JLS (KESx)<br><br> **STIPULATED AMENDED [~~PROPOSED~~] PROTECTIVE ORDER**<br><br> Hon. Karen E. Scott |

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section ~~12.3~~ **12.5**, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The Parties hereby agree as follows:

## B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and business information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the

parties are entitled to keep confidential, to ensure that the parties are permitted reasonable

necessary uses of such material in preparation for and in the conduct of trial, to address

their handling at the end of the litigation, and serve the ends of justice, a protective order

for such information is justified in this matter. It is the intent of the parties that

information will not be designated as confidential for tactical reasons and that nothing be

so designated without a good faith belief that it has been maintained in a confidential,

non-public manner, and there is good cause why it should not be part of the public record

of this case.

## 2. DEFINITIONS

    2.1. <u>Action:</u> In re: VIZIO, Inc., Consumer Privacy Litigation, Case No.

8:16-ml-02693-JLS (KESx).[1]

---

[1] This MDL case includes the following actions: Watts v. Vizio Holdings, Inc., No. 8:15-cv-01860-JLS-KES, C.D. Cal., filed Nov. 11, 2015; Reed v. Cognitive Media Networks, Inc., No. 8:16-cv-00676 –JLS-KES, N.D. Cal., filed Nov. 13, 2015; Weiss v. Vizio, Inc., No. 8:15-cv-01984-JKS-KES, C.D. Cal., filed Nov. 25, 2015; Ogle v. Vizio, Inc., No. 8:16-cv-00707, E.D. Ark., filed Dec. 10, 2015; Mason v. Vizio Holdings, Inc., No. 8:16-cv-00683, N.D. Ill, filed Dec. 15, 2015; Hodges v. Vizio, Inc., No. 8:15-cv-02090-JLS-KES, C.D. Cal., filed Dec. 16, 2015; Levine v. Vizio, Inc., No. 8:15-cv-02151-JLS-KES, C.D. Cal., filed Dec. 23, 2015; Jewett v. Vizio, Inc., No. 8:16-cv-00677-JLS-KES, N.D. Cal., filed Dec. 29, 2015; Sloan v. Vizio Holdings, Inc., No. 8:15-cv-2166-JLS-KES, C.D. Cal., filed Dec. 29, 2015; Pagorek v. Vizio, Inc., No. 8:16-cv-00684-JLS-KES, N.D. Ind., filed Dec. 30, 2015; Eddy v. Vizio, Inc., No. 8:16-cv-00678-JLS-KES, N.D. Cal., filed Jan. 11, 2016; Craig v. Vizio, Inc., No. 8:16-cv-00681-JLS-KES, M.D. Fla., filed Jan. 19, 2016; Anderson v. Vizio, Inc., No. 8:16-cv-00680-JLS-KES, N.D. Cal., filed Jan. 22, 2016; Dassa v. Vizio Holdings, Inc., No. 8:16-cv-00682-JLS-KES, S.D. Fla., filed Jan. 25, 2016; Milewski v. Vizio Holdings, Inc., No. 8:16-cv-00156-JLS-KES. C.D. Cal., filed Jan 29, 2016; Strader v. Vizio, Inc., No. 8:16-cv-00743-JLS-KES, S.D. Ind., filed Feb. 17, 2016; Thomson v. Vizio, Inc., No. 8:16-cv-00276-JLS-KES, C.D. Cal., filed Feb. 17, 2016; Bratland v. Vizio, Inc., No. 8:16-cv-00284-JLS-KES, C.D. Cal., filed Feb. 18, 2016; Tongarm v. Vizio, Inc., No. 8:16-cv-00739-JLS-KES, N.D. Cal., filed Feb. 18, 2016; Von Haden v. Vizio, Inc., No. 8:16-cv-00741-JLS-KES, N.D. Cal., filed Mar. 11, 2016; Altman v. Vizio, Inc. No.8:16-cv-00897-JLS-KES, S.D. N.Y., filed April 6, 2016; Lara v. Vizio, Inc., No. 8:16-cv-00679-JLS-KES, C.D. Cal., filed April 11, 2016;

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

2.2. <u>Challenging Party:</u> a Party or Non-Party that challenges a designation of information or items under this Order.

2.3. <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4. <u>"HIGHLY CONFIDENTIAL" Information or Items:</u> extremely sensitive "'CONFIDENTIAL' Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5. <u>Counsel: Outside Counsel of Record and House Counsel</u> (as well as their support staff).

2.6. <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

---

Walsh v. Vizio, Inc., No. 8:16-cv-00895-JLS-KES, Mass., filed April 20, 2016; Kuntzmann v. Vizio Holdings, Inc., No. 8:16-cv-00750-JLS-KES, C.D. Cal., filed April 20, 2016; Blumberg v. WPP Group USA, Inc., No. 8:16-cv-00957-JLS-KES, N.J., filed May 11, 2016; Dufort v. Vizio, Inc., No. 8:16-cv-00898-JLS-KES, C.D. Cal., filed May 17, 2016; Bunnell v. Vizio Holdings, Inc., No. 8:16-cv-00906-JLS-KES, C.D. Cal., filed May 18, 2016.

Law Offices
Cotchett, Pitre &
McCarthy, LLP

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

expert witness or as a consultant in this Action.

2.9. <u>House Counsel:</u> attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12. <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14. <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

2.16. <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1. Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

The designation of material as "HIGHLY CONFIDENTIAL" will not be used when the "CONFIDENTIAL" designation clearly protects the interest of the Designating Party, and all "HIGHLY CONFIDENTIAL" designations will be closely scrutinized.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter, "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

appropriate legend ("CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, the Designating Party shall identify the Disclosure or Discovery Material that constitutes Protected Material on the record before the close of the deposition whenever possible, but a party may designate portions of the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within fourteen (14) days after receipt of the deposition transcript. The originals and all copies of the deposition transcript must bear the appropriate legend ("CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend.")

(c) While Protected Material is being used at a deposition, no person to whom the Protected Material may not be disclosed under this Order shall be present.

(d) While Protected Material is being used at a hearing or other proceeding, either Party may request that the courtroom be closed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."

(e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend ("CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend.") If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If a Party or Non-party discovers that it has inadvertently failed to designate "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" Information, it has the right to make that designation by notifying all other parties in writing of its designation within fourteen (14) days of discovering that it has failed to designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information. Upon receipt of such notice, all other parties must make reasonable efforts to assure that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. Challenge Notice. The Challenging Party shall initiate the dispute resolution process over the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information under Local Rule 37.1 et seq. The Challenging Party shall provide written notice ("Challenge Notice") of each designation it is challenging (the "Challenged Material") and describe the basis for each challenge. This Challenge Notice shall identify each issue in dispute, shall state briefly with respect to each such issue the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the order to be sought. To avoid ambiguity as to whether a challenge has been made, the Challenge Notice must recite that the challenge to the Challenged Material is being made in accordance with this Protective Order. The Designating Party or its counsel shall thereafter, within fourteen (14) calendar days, respond to such challenge in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. Counsel may agree to reasonable extensions.

6.3 Meet and Confer. The burden of persuasion with respect to any such application made under Local Rule 37.1 concerning the propriety of the confidentiality designation shall remain upon the Producing Party. Until the ruling on the dispute

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

becomes final, the Challenging Party shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" provided that the contents of the information must not be disclosed to those not authorized by this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items:</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary

to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A;

(b) No more than two members of the Receiving Party's House Counsel and their staff (1) to whom disclosure is reasonably necessary for this action and (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonable necessary for this litigation (2) who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d) The Court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) potential or actual witnesses in the Action (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) following written notice to the Producing Party, at least seven days prior to any disclosure to the witness, of the witness's name, current employer and city and state of the witness's residence. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order, and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4. <u>Procedures for Investigation of Expert:</u>

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL" first must complete a reasonable investigation of the Expert and determine that (1) the Expert is not currently employed by a Party; (2) the Expert is not employed by a Party's competitor and at the time of retention not anticipated to become an employee of a Party or a competitor; and (3) the Expert, and all persons working with or for the Expert that will receive the Protected Material, have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(b) For each such investigation completed, the Party or its counsel who conducted the investigation must prepare and sign a declaration attesting to the reasonableness of his or her investigation and that the investigation determined that (1) the Expert is not currently employed by a Party; (2) the Expert is not employed by a Party's competitor and at the time of retention not anticipated to become an employee of a Party or a competitor; and (3) the Expert, and all persons working with or for the Expert that will receive the Protected Material, have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party shall keep and store all such declarations and shall provide them to the Designating Party at the conclusion of the litigation if the Court so orders upon showing of good cause by the Designating Party.

(c) For the purposes of this section only, the parties have agreed on a list of Defendants' competitors and have a separate list as to those competitors.

(d) Defendants may propose an update to this list of competitors provided that the entity proposed to be added is not a competitor at this time or is not reasonably known to be a competitor at this time, and the update is provided to Plaintiffs in a timely manner, but no later than 90 days prior to date of the Final Pretrial Conference. Any additions shall operate prospectively only and do not affect or reopen the reasonableness of any of Plaintiffs' previously completed investigation(s) pursuant to subparagraph (a) of this section. Defendants shall propose any update to the list in writing to the Plaintiffs,

along with an explanation for the update, and the update will become effective upon Plaintiffs' written acceptance of that proposal. In the event of a disagreement, the parties will meet and confer and, if necessary, submit the dispute to the Magistrate Judge through the informal dispute resolution process described in the Court's policies and procedures.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a

Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Law Offices
Cotchett, Pitre &
McCarthy, LLP

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. If a non-Designating Party has actual knowledge that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the Party or Designating Party whose material is being used or possessed. No Party shall have an affirmative obligation to inform itself regarding such possible use or possession.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. <u>MISCELLANEOUS</u>

12.1. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections.</u> By stipulating to the entry of this

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Reservations.</u> Entering into, agreeing to or complying with the provisions of this Order shall not: (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

12.4. <u>Rights to Inspect Certificates (Exhibit A).</u> Unless otherwise provided herein, except in the event of a good-faith claim of violation of this Order, the Parties agree not to request copies of the certificates (attached hereto in their unexecuted form as Exhibit A) or to determine the identities of the persons signing them.

12.5. <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 90 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 19, 2017          **AKIN GUMP STRAUSS HAUER AND FELD LLP**

 _/s/ *Hyongsoon Kim*_____
Anthony T. Pierce
apierce@akingump.com
1333 New Hampshire Avenue NW Suite 1500
Washington, DC 20036
Tel: 202-887-4000
Fax: 202-887-4288

Hyongsoon Kim
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-1000
Fax: 949-885-1001

Patrick Eoghan Murray
pmurray@akingump.com
2029 Century Park East Suite 2400
Los Angeles, CA 90024 United St

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

Tel: 310-229-1000
Fax: 310-229-1001

*Attorneys for Defendants VIZIO Holdings, Inc.,
VIZIO, Inc., VIZIO Inscape Services, LLC,
and VIZIO Inscape Technologies, LLC*

**GIRARD GIBBS LLP**

/s/ *Andre M. Mura*
Eric H. Gibbs
ehg@classlawgroup.com
Andre M. Mura
amm@classlawgroup.com
Linda Lam
lpl@classlawgroup.com
505 14th Street, Suite 1110
Oakland, CA 9461
Tel: (510) 350-9700
Fax: (510) 350-9701

**COTCHETT, PITRE & MCCARTHY, LLP**

/s/ *Adam J. Zapala*
Joseph W. Cotchett
jcotchett@cpmlegal.com
Adam J. Zapala
azapala@cpmlegal.com
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Co-lead Counsel for Plaintiffs*

Gary F. Lynch
glynch@carlsonlynch.com
**CARLSON LYNCH SWEET & KILPELA,
LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

Andrew N. Friedman
afriedman@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699

Brian C. Gudmundson
brian.gudmundson@zimmreed.com
**ZIMMERMAN REED, LLP**
1100 IDS Center 80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400

Ashleigh E. Aitken
ashleigh@aitkenlaw.com
**AITKEN COHN**
3 MacArthur Pl #800
Santa Ana, CA 92707
Phone: (714) 434-1424
Fax: (714) 434-3600

*Plaintiffs' Interim Steering Committee*

**FOR GOOD CAUSE SHOWN, THE PARTIES' STIPULATED PROTECTIVE ORDER IS GRANTED. IT IS SO ORDERED.**

DATED: September 21, 2017

Hon. Karen E. Scott
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of In re: VIZIO, Inc., Consumer Privacy Litigation, Case No. 8:16-ml-02693-JLS (KESx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**ATTESTATION OF E-FILED SIGNATURE**

I, Adam J. Zapala, am the ECF User whose ID and password are being used to file the foregoing Stipulated Amended [Proposed] Protective Order. In compliance with L.R. 5-4.3.4, I hereby attest that the other signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

Dated: September 19, 2017         By: ___/s/ *Adam J. Zapala*_____

STIPULATED AMENDED [PROPOSED] PROTECTIVE ORDER