**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 8:16-ml-02693- JLS (KESx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      December 7, 2018<br>Time:     10:30 a.m.<br>Dept:     Courtroom 10-A<br>Judge:   Hon. Josephine L. Staton |

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement and Release and an Amendment to the Settlement Agreement and Release (together, "Settlement Agreement") that, if approved, would settle this litigation.

Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this multidistrict litigation, all actions transferred to, filed in, or otherwise coordinated as part of this multidistrict litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of former United States District Judge Vaughn Walker. The Court further observes that the Settlement Agreement is the product of more than two years of litigation, including two rounds of motions to dismiss, a motion for interlocutory appeal, several discovery motions, and extensive discovery. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class; do not exhibit any signs of collusion, explicit or subtle; and fall within the range of possible approval as fair, reasonable, and adequate and thus is likely to gain final approval.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All individuals in the United States who purchased a VIZIO Smart Television for personal or household use, and not for resale, that was subsequently connected to the Internet any time between February 1, 2014 and February 6, 2017.

6. The Court preliminarily finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately 16 million individuals; there are questions of law or fact common to the Settlement Class; the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7. The Court also preliminarily finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, and defendants have acted or refused to act on grounds that apply generally to the Settlement Class.

8. The Court hereby appoints as Class Representatives: Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan.

9. The Court hereby appoints as Class Counsel: Eric H. Gibbs and Andre M. Mura of Gibbs Law Group LLP, and Joseph W. Cotchett and Adam J. Zapala of Cotchett, Pitre & McCarthy, LLP.

10. If for any reason this Court does not finally approve the Settlement Agreement, or if the Date of Finality as defined in the Agreement does not occur, the conditional certification of the Settlement Class shall be deemed null and void without

further action by this Court or any of the Parties. In such circumstances each Party shall retain all of its respective currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23 or any other California State or Federal Rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

11. Plaintiffs and VIZIO have agreed that, other than to effectuate and enforce the Settlement of this Action, the certification of the Settlement Class for settlement purposes and all documents related thereto, including the Settlement Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Settlement Agreement, are not intended to be otherwise admissible as evidence in this Action, and are not intended to be used in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding.

## NOTICE & ADMINISTRATION

12. Pursuant to the Settlement Agreement, the Parties have designated A.B. Data, Ltd. as the Settlement Administrator. The Settlement Administrator shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

13. The Court finds that the Notice and Notice Plan set forth in the Settlement Agreement and in the Declaration of Eric Schacter of A.B. Data, Ltd., satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Notice and Notice Plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Notice and Notice Plan and directs the parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

14. Under the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Notice and implement the Notice Plan on or before February 26, 2019.

15. The Court also approves the Claim Form.

## **EXCLUSION and OBJECTIONS**

16. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than April 30, 2019 (63 calendar days after February 26, 2019). Class Members may not exclude themselves by telephone or by email. If a Class Member submits a Claim Form and a Request for Exclusion, the Request for Exclusion will be deemed invalid.

17. To be valid, each Request for Exclusion must:

- Include the Class Member's full name and mailing address, telephone number and/or email address;
- Include the statement, "I wish to exclude myself from the Settlement Class and do not wish to participate in the settlement in *In re VIZIO Consumer Privacy Litigation*, No. 8:16-ml-02693, or substantially similar clear and unambiguous language;
- Include the Class Member's handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient. Exclusion letters must be signed by the Class Member personally, and not a lawyer or anyone else acting on their behalf.

"Mass" or "class" opt-outs made on behalf of multiple persons or classes of persons will be deemed invalid.

18. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

19. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the Settlement Administrator in accordance with the procedures outlined in the Notice no later than April 30, 2019 (63 calendar days after February 26, 2019). Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall mail such comment or objection in writing to the Settlement Administrator, as set forth in the Notice, at:

> VIZIO TV Settlement
> ATTN: OBJECTIONS
> P.O. Box 173001
> Milwaukee, WI 53217

20. The written objection must contain the following:

- The name and case number of this lawsuit, *In re VIZIO Inc.*, Consumer Privacy Litigation, No. 8:16-ml-02693;
- The Class Member's full name and mailing address, and email address or telephone number;
- An explanation of why the Class Member believes he or she is a Settlement Class Member;
- If the Class Member is objecting, a statement whether the objection applies only to the objector, or to a specific subset of the Class, or to the entire Class;
- All reasons for the Class Member's objection or comment, with specificity;
- A statement identifying the number of class action settlements the Class Member has objected to or commented on in the last five years;
- Whether the Class Member intends to personally appear and/or testify at the Final Approval Hearing;
- The name and contact information of any and all attorneys representing, advising, or assisting the Class Member, including any

- counsel who may be entitled to compensation for any reason related to the Class Member's objection or comment;
- Whether any attorney will appear on the Class Member's behalf at the Final Approval Hearing, and if so, the identity of that attorney;
- The identity of any persons who wish to be called to testify at the Final Approval Hearing; and
- The Class Members' handwritten or electronically imaged written (e.g. "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

21. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement, shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order and Judgment by appeal or other means.

## FINAL APPROVAL HEARING AND SCHEDULE

22. The Court will hold a Final Approval Hearing on _____, 2019 at 10:30 a.m. in Courtroom 10-A, 10th Floor of the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California 92701.

23. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the Service Payments sought for Settlement Class Representatives should be awarded.

24. The Court reserves the right to continue the date of the Final Approval hearing without further notice to Settlement Class Members.

25. The parties shall adhere to the following schedule unless otherwise directed by the Court:

| Event | Date |
|---|---|
| Notice of Class Action Settlement completed per Notice Plan | February 26, 2019 |
| Deadline for Class Counsel to File Motion for Final Approval | March 19, 2019 |
| Deadline for Class Counsel to File Motion for Attorney's Fees and Costs | March 19, 2019 |
| Opt-Out and Objection Deadline | April 12, 2019 |
| Reply in Support of Motions for Final Approval and Attorney's Fees and Costs | May 3, 2019 |
| Final Approval Hearing | May 31, 2019 |

26. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

27. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination.

For the reasons discussed above, the Court GRANTS Plaintiffs' unopposed motion for preliminary approval.

**IT IS SO ORDERED.**

DATED: _____

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE