**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| IN RE: VIZIO, INC., CONSUMER PRIVACY LITIGATION | Case No. 8:16-ml-02693- JLS (KESx) |
| This document relates to: | **JUDGMENT** |
| ALL ACTIONS | |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms in initial capitalization used in this Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein (*see* Settlement Agreement, Ex. A hereto);

2. The Settlement Agreement is approved without modification as fair, reasonable, and adequate to and in the best interest of the Settlement Class;

3. Upon the date of entry of this Judgment, Settlement Class Representatives and Settlement Class Members shall be deemed to have released the VIZIO Released Parties from any and all Released Claims; and Defendants shall be deemed to have released Plaintiffs and Plaintiffs' Counsel from any and all Released VIZIO Claims;

4. Without affecting the finality of the Court's Judgment in any way, the Court retains jurisdiction over this matter;

5. The parties and all Settlement Class Members shall comply with the terms of the Settlement Agreement;

6. This Action is dismissed in its entirety with prejudice, with all parties to bear their own costs and attorney's fees except as provided by the Settlement Agreement and the Court's orders;

7. The Clerk shall administratively close the MDL file and each of the member cases.

**IT IS SO ORDERED.**

DATED: August 14, 2019

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Exhibit A

# CLASS ACTION SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and between (i) Plaintiffs Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan ("Plaintiffs"), on their own behalf and on behalf of all members of the Settlement Class, as defined below, on the one hand, and (ii) Defendants VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Services, LLC (formerly known as "VIZIO Inscape Services, LLC"), and Inscape Data, Inc. (formerly known as "VIZIO Inscape Technologies, LLC") (collectively, "Defendants" or "VIZIO"), on the other hand, with reference to the Recitals set forth below. This Agreement is effective as of its execution by Plaintiffs and Defendants through authorized representatives.

## RECITALS

### A. Procedural Background

1. In or around April 2016, the U.S. Judicial Panel on Multidistrict Litigation centralized pretrial proceedings for certain putative class action lawsuits filed against VIZIO in the U.S. District Court for the Central District of California as part of a multidistrict litigation captioned *In re VIZIO, Inc., Consumer Privacy Litigation*, No. 8:16-ml-02693-JLS (KESx) (C.D. Cal.), before the Honorable Josephine L. Staton.

2. On August 15, 2016, Plaintiffs Dieisha Hodges, Rory Zufolo, William DeLaurentis, John Walsh, Chris Rizzitello, and Linda Thomson, on behalf of themselves and all others similarly situated, filed their Consolidated Complaint in the Action (as defined below), alleging violations of federal and state privacy and consumer protection laws against VIZIO.

3. On March 23, 2017, Plaintiffs Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan, on behalf of themselves and all others similarly situated, filed their Second Consolidated Complaint in the Action, alleging violations of (i) the Video Privacy Protection Act, 18 U.S.C. § 2710, (ii) the U.S. Wiretap Act, 18 U.S.C. § 2510, (iii) California's Invasion of Privacy Act, Cal. Penal Code § 630, (iv) California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq., (v) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., (vi) Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, et seq., (vii) N.Y. Gen. Bus. Law § 349, (viii) Massachusetts' Unfair and Deceptive Trade Practices Act, Mass. Gen. Laws Ch. 93A, et seq., (ix) Massachusetts' Statutory Right to Privacy, Mass. Gen. Laws Ch. 214 § 1B, and (x) Washington's Consumer Protection Act, Wash. Rev. Code §§ 19.86, et seq., as well as claims for (xi) unjust enrichment, (xii) intrusion, and (xiii) fraud by omission.

4. On August 15, 2017, VIZIO filed an Answer to the Second Consolidated Complaint in the Action denying the material allegations of each of Plaintiffs' claims and alleging various affirmative defenses.

5. Over the course of this Action, Plaintiffs and VIZIO, by and through their counsel, have engaged in extensive discovery, including the production and review of voluminous documents, interrogatories, depositions of all of the Plaintiffs, and one non-party deposition.

6.      Beginning in January 2018, co-lead counsel for Plaintiffs and counsel for Defendants engaged in extensive settlement negotiations before the Honorable Vaughn R. Walker, retired chief judge of the U.S. District Court for the Northern District of California.

7.      After extensive negotiations between the parties spanning two separate mediation dates and a number of follow up discussions all performed with the assistance of Judge Walker, the parties agreed to settle the case for monetary consideration in the amount of $17 million.

8.      Plaintiffs and VIZIO subsequently negotiated the terms of the settlement, including injunctive relief for the putative class. These negotiations were intensive, arms-length, and required significant time and resources of the parties.

9.      On June 27, 2018, co-lead counsel for Plaintiffs and counsel for Defendants entered into a settlement term sheet memorializing a settlement-in-principle for non-reversionary monetary relief and injunctive relief for the putative class.

**B.      Factual Background**

10.      In or around February 2014, VIZIO implemented Automatic Content Recognition ("ACR") technology on certain VIZIO Smart TVs, which allowed VIZIO to collect information about the content displayed on the screen of such devices (such information, together with any reports or data derived therefrom and any information combined with such data, is referred to herein as "Viewing Data").

11.      In or around December 2016, VIZIO issued revised disclosures to VIZIO Smart TV consumers regarding its collection of Viewing Data (the "Disclosures"), which included an on-screen interface by which consumers could affirmatively and expressly consent to VIZIO's collection, use, and disclosure of Viewing Data.

12.      Plaintiffs' filing of this Action was a substantial cause of VIZIO's implementation of the Disclosures.

13.      On February 6, 2017, the Federal Trade Commission ("FTC") and the State of New Jersey filed (i) a complaint against VIZIO under the FTC Act and the New Jersey Consumer Fraud Act, and (ii) a Proposed Stipulated Order for Permanent Injunction and Monetary Judgment ("Consent Decree") setting forth the parties' jointly proposed resolution of the action. *See Federal Trade Commission et al. v. VIZIO, Inc. et al.*, No. 2:17-cv-00758 (D.N.J.) (the "FTC Action").

14.      On or about February 7, 2017, VIZIO stopped collecting Viewing Data from Smart TVs that were unable to display the Disclosures.

15.      On February 13, 2017, the court in the FTC Action signed the Consent Decree.

16.      On February 14, 2018, a confidential compliance report prepared by VIZIO (along with the Disclosures and other exhibits) was submitted to the FTC for its review consistent with the Consent Decree.  To date, the FTC has taken no further enforcement action.

17.      As part of the settlement process, VIZIO has provided Plaintiffs with certain confidential information concerning VIZIO's financial condition, which the parties have taken into account in reaching agreement on the terms of the settlement, and which will be submitted to the Court in a Declaration subject to procedures for confidentiality set forth in the amended stipulated protective order.

## C.    This Settlement Agreement

18.    By executing this Agreement, Plaintiffs and VIZIO intend to settle and dispose of, fully and completely, both individually and on a class wide basis, all claims, demands, and causes of action alleged in the Action, as more fully set forth in this Agreement.

19.    The Court will be asked to certify for settlement purposes only, in accordance with the terms of this Agreement, a Settlement Class, as defined below.

20.    Lead Counsel for the Plaintiffs are Gibbs Law Group LLP (Eric H. Gibbs and Andre M. Mura) and Cotchett, Pitre & McCarthy, LLP (Joseph W. Cotchett and Adam J. Zapala). VIZIO is represented by Akin Gump Strauss Hauer & Feld LLP (Anthony T. Pierce, Hyongsoon Kim, Ali R. Rabbani, and Kelsey S. Morris).

21.    Plaintiffs and VIZIO, through their respective counsel, have conducted extensive discovery as part of the Action, including through retained experts, and have thoroughly analyzed both the underlying events and claims alleged in the Action and the potential defenses thereto.

22.    The mutual costs, risks, and hazards of continuing to prosecute and defend the Action have led Plaintiffs and VIZIO to resolve the matter by way of settlement.

23.    Plaintiffs' attorneys have concluded, taking into account the benefits of the settlement set forth in this Agreement and the risks and delay of further litigation, as well as having evaluated the strengths and weaknesses of Plaintiffs' claims and VIZIO's defenses, that this settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs and all members of the Settlement Class.

24.    VIZIO has denied and continues to deny each and every claim and contention alleged in the Action. VIZIO asserts that it has complied with all applicable provisions of federal and state statutory and common law. Neither this Agreement, nor any document referred to or contemplated in this Agreement, nor any action taken to carry out this Agreement, is or may be construed or used in the Action or in any other action, litigation, or proceeding as an admission, concession, or indication by or against VIZIO of any fault, wrongdoing, or liability whatsoever.

25.    NOW, THEREFORE, subject to the approval of the Court, Plaintiffs, on the one hand, and VIZIO, on the other hand, wish to terminate the Action and effect compromise and settlement as set forth in this Agreement.

## I.    DEFINITIONS

Unless otherwise defined in this Agreement, the following terms used in this Agreement will have the meanings ascribed to them as set forth below:

1.    "Action" means the Multi-District Litigation *In re VIZIO Consumer Privacy Litigation*, Case No. 8:16-ml-02693-JLS (KESx), which is pending in the United States District Court for the Central District of California, including all cases consolidated therein.

2.    "Agreement" means this Settlement Agreement, including, without limitation, all of the exhibits attached hereto.

3.    "Authorized Claimant" means any Claimant whose claim for recovery has been allowed pursuant to the terms of Plaintiffs' Plan of Allocation or by order of the Court.

4. "Claimant" means any Settlement Class Member who files a Claim Form in such form and manner, and within such time, as set forth in this Agreement, or as the Court shall prescribe.

5. "Class Counsel" means "Plaintiffs' Counsel," who shall seek formal appointment as Class Counsel in the Motion for Preliminary Approval.

6. "Class Period" means February 1, 2014 through February 6, 2017.

7. "Court" means the United States District Court for the Central District of California.

8. "Date of Finality" means the date when the Final Approval Order becomes Final.

9. "Defendants" means VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Services, LLC (formerly known as "VIZIO Inscape Services, LLC"), and Inscape Data, Inc. (formerly known as "VIZIO Inscape Technologies, LLC").

10. "Defendants' Counsel" means the attorneys of record for Defendant, who are:

Anthony T. Pierce
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
Telephone: 202-887-4000
Facsimile: 202-887-4288

Hyongsoon Kim
Kelsey S. Morris
Akin Gump Strauss Hauer & Feld LLP
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: 949-885-4100
Facsimile: 949-885-4101

Ali R. Rabbani
Akin Gump Strauss Hauer & Feld LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: 310-229-1000
Facsimile: 310-229-1001

11. "Disposition" means the method by which the Court (i) adopts the terms of the Settlement and Agreement, which may be by judgment or other order, and (ii) retains jurisdiction over the enforcement, implementation, construction, administration, and interpretation of the Settlement and Agreement.

12. "Escrow Agent" means the Settlement Administrator or its duly appointed agent(s). The Escrow Agent shall perform duties as set forth in this Agreement.

13. "Execution Date" means the date on which the last of the Parties to sign the Agreement signs it.

14.     "Final" means the later of (1) the date of final affirmance of the Disposition on an appeal of the Disposition, the expiration of the time for appeal of the Disposition, or the denial of a petition to review the Disposition, or, if review is granted, the date of final affirmance of the Disposition following review pursuant to that grant, or (2) the date of final dismissal of any appeal from the Disposition or the final dismissal of any proceeding to review the Disposition, provided that the Disposition is affirmed or not reversed in any part.

15.     "Final Fairness and Approval Hearing" means the hearing at or as a result of which the Court enters the Final Approval Order.

16.     "Final Approval Order" means the final formal court order and/or judgment that the Court signs and enters at or as a result of the Final Fairness and Approval Hearing approving this Agreement and the Parties' Settlement.

17.     "Judgment" means a final judgment entered by the Court in the Action.

18.     "Settlement Amount" means the amount of Seventeen Million Dollars ($17,000,000).

19.     "Notice Plan" means the Notice Plan attached to the preliminary approval motion.

20.     "Participating Settlement Class Member" means a Settlement Class Member who does not submit a valid and timely Request for Exclusion.

21.     "Parties" means Plaintiffs and Defendants, collectively.

22.     "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any representative, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

23.     "Plaintiffs" means Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan.

24.     "Plaintiffs' Counsel" means the Interim Co-Lead Counsel of record for Plaintiffs in the Action:

> Eric H. Gibbs
> Andre M. Mura
> Gibbs Law Group LLP
> 505 14th Street, Suite 1110
> Oakland, CA 94061
>
> Joseph W. Cotchett
> Adam J. Zapala
> Cotchett, Pitre & McCarthy, LLP
> 840 Malcolm Road, Suite 200
> Burlingame, CA 94010

25.     "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

26.     "Preliminary Approval Order" means the order that the Court signs and enters approving preliminarily the Settlement embodied in this Agreement, including, without limitation, the Notice Plan and Plan of Allocation.

27.     "Request for Exclusion" means a written notification stating that a person wants to be excluded from the Settlement Class.

28.     "Response Deadline" is the deadline set by the Settlement Administrator and approved by the Court as the deadline by which Settlement Class Members must exclude themselves from the settlement or object.

29.     "Settlement" means the resolution of this Action as provided for and effectuated by this Agreement.

30.     "Settlement Administration Costs" means all costs incurred by the Settlement Administrator in administering the Settlement, including, without limitation, updating the email addresses on the Settlement Class List; preparing and publishing the notice and any other means of following up with Settlement Class Members, Settlement Class Settlement Distribution and any related documents or materials; receiving Requests for Exclusion; generating Settlement Class Settlement Distribution and related tax reporting forms; generating and mailing checks to Class Counsel for attorneys' fees and expenses and to Plaintiffs for Service Awards; performing administrative work related to unclaimed payment; reporting periodically to Class Counsel and Defendants' Counsel; and preparing and providing any declaration or reports required by this Agreement or the Court.

31.     "Settlement Administrator" means the claims administration firm as appointed by Class Counsel in their discretion, subject to the approval of the Court.

32.     "Settlement Class" means all individuals in the United States who purchased a VIZIO Smart Television for personal or household use, and not for resale, that was subsequently connected to the Internet at any time between February 1, 2014 and February 6, 2017. Excluded from the Settlement Class are:

    a.   Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries and assigns; and

    b.   Any judge, justice, or judicial officer presiding over the matter and the members of their immediate families and judicial staff.

33.     "Settlement Class List" means a list of Settlement Class Members that Defendants will compile based on its own available records.  It will be formatted in Microsoft Office Excel and include each Settlement Class Member's last known email address to the extent VIZIO possesses such information.

34.     "Settlement Class Member" means a person who is a member of the Settlement Class.

35.     "Settlement Class Net Settlement Sum" means the Settlement Amount less all of the following:  (i) Class Counsel's attorneys' fees, (ii) Class Counsel's reasonable litigation expenses, (iii) Class Representative service award payments, as awarded by the Court, (iv) any notice and Settlement Administration Costs attributable to the administration of the Settlement

Class and (v) any taxes that are paid and due and owing from the Qualified Settlement Fund ("QSF").

36.     "Settlement Class Representative" means a person whom the Court appoints to act as a representative of the Settlement Class.

37.     "Settlement Class Settlement Distribution" means the amount of money from the Settlement Class Net Settlement Sum that will be paid to each Participating Settlement Class Member to be determined by dividing the Settlement Class Net Settlement Sum by the total number of Participating Settlement Class Members, in a form of payment to be determined.

38.     "Settlement Escrow Account" means the Account managed by the Escrow Agent for the benefit of the Class Representatives and the Settlement Class until the Date of Finality.

39.     "VIZIO" means VIZIO, Inc., VIZIO Holdings, Inc., VIZIO Services, LLC (formerly known as "VIZIO Inscape Services, LLC"), and Inscape Data, Inc. (formerly known as "VIZIO Inscape Technologies, LLC").

40.     "VIZIO Released Parties" means (i) Defendants and (ii) each of their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, insurers, employees, administrators, agents, hardware suppliers, officers, directors, principals, law firms, and legal representatives, as well as the past and present heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing. The "VIZIO Released Parties" does not include any other individual or entity.

## II.     CERTIFICATION OF SETTLEMENT CLASS

1.     Plaintiffs will request the Court to certify the Settlement Class solely for purposes of the Settlement of the Action. Despite VIZIO's good faith belief that it is not liable for any of the claims asserted in the Action, VIZIO will not oppose the Court's certification of the Settlement Class for the purpose of the Settlement of the Action only. Other than for purposes of this Settlement, VIZIO does not waive its objections to certification of the Settlement Class, or any other class, in this Action.

2.     If the Court does not enter a Final Approval Order (or if a Final Approval Order is reversed on appeal), no Party will use the provisions of this Section II or the Court's certification of the Settlement Class for any purpose whatsoever in the Action or in any other action or proceeding.

## III.    APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVES AND CLASS COUNSEL

1.     Plaintiffs will request the Court to appoint Plaintiffs Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan as the Settlement Class Representatives for the purpose of the Settlement of the Action only.  VIZIO will not oppose Plaintiffs' request to have Plaintiffs appointed Settlement Class Representatives.

2.     Plaintiffs will request the Court to appoint Plaintiffs' Counsel as Class Counsel for the purpose of the Settlement of the Action only.  Defendants will not oppose Plaintiffs' request to have Plaintiffs' Counsel appointed as Class Counsel.

3.      If the Court does not enter a Final Approval Order (or if a Final Approval Order is reversed on appeal), no Party will use the provisions of this Section III or the appointment of any Settlement Class Representative or Class Counsel for any purpose whatsoever in the Action or in any other action or proceeding.

## IV.     APPOINTMENT OF SETTLEMENT ADMINISTRATOR

1.      Class Counsel will seek the Court's order appointing a Claims Administrator to act as the Settlement Administrator.

2.      The Settlement Administrator will agree to all of the terms and conditions of this Agreement relating to the administration of the Settlement.

3.      The Settlement Administrator will be responsible for the administration of the Settlement, which will include, among other tasks, updating the email addresses on the Settlement Class List; publishing the notice and any other means of following up with Settlement Class Members; receiving and processing Requests for Exclusion and objections; Settlement Class Settlement Distribution and related tax reporting forms; generating and payment to Class Counsel for attorneys' fees and expenses and to Plaintiffs for Service payments, if any such payments are approved by the Court; reporting periodically to Class Counsel; and preparing and providing any declaration or reports required by this Agreement or the Court.

## V.      CLASS LIST

1.      VIZIO will compile a Settlement Class List.

2.      VIZIO will provide the Settlement Class List to the Settlement Administrator within seven (7) days after the Preliminary Approval Date.

3.      VIZIO does not have any obligation to provide the Settlement Class List to Plaintiffs, Plaintiffs' Counsel, or Class Counsel.

4.      The Settlement Administrator will not provide a copy of the Settlement Class List to Plaintiffs, Plaintiffs' Counsel, or Class Counsel.

5.      Contemporaneously with providing the Settlement Class List to the Settlement Administrator, VIZIO will notify Plaintiffs in writing of the total number of persons included in the Settlement Class List.

## VI.     NOTICE OF SETTLEMENT TO THE SETTLEMENT CLASS

1.      The Parties agree to cooperate in facilitating the best settlement class notice that is practicable under the circumstances, including electronic notice or other appropriate means that may be used in place of traditional notice methods, subject to Court approval. The Notice Plan will include a robust process for encouraging class members to participate in the Settlement.

2.      The Parties agree that the best practicable notice is a combination of (1) notice through affected VIZIO televisions capable of displaying such notice; (2) notice by email for those email addresses that VIZIO possesses and that are reasonably accessible; and (3) notice through a social media or advertising campaign, as deemed appropriate by Plaintiffs' notice provider, and available on a case-specific website.

3.  Plaintiffs shall provide VIZIO with their Notice Plan, including the proposed forms of notice, and agree to consider in good faith any comments or edits VIZIO has to the Notice Plan and forms of notice.

4.  As part of the Notice Plan, VIZIO will transmit a message to Settlement Class Members via the internet directly to their televisions (the "TV Notice"), assuming that the Settlement Class Members' television is technically capable of displaying such notice. The TV Notice will be displayed up to a total of three times, with the first phase of notices commencing on the latter of (a) January 15-31, 2019 or (b) twenty days after the Preliminary Approval Date. The second and third phase will commence at the discretion of the Settlement Administrator and with input from the parties based on the Settlement Administrator's contemporaneous evaluation of the overall notice program's effectiveness, including the digital media campaign.  The TV Notice will be prominent in size, using easily legible fonts and will remain displayed for 45 seconds unless the class member selects a command button to remove it. In the event that the class member selects the command button to remove the notice, the TV Notice will be displayed on that television for a total of two times. In the event that the class member does not select the command button to remove the notice, the TV Notice will be displayed on that television for a total of three times. The TV Notice will inform recipients that they may be members of a Settlement Class, the anticipated monetary relief, claims deadlines, and the address for the settlement website established by the Settlement Administrator to obtain the long form of the class notice.

5. Subject to Court approval, the TV Notice and E-mail Notice shall be substantially in the forms attached as Exhibits A and B, respectively, to this Agreement. The more detailed Long Form Notice shall be substantially in the form attached as Exhibit C to this Agreement.

## VII.  NOTICES OF SETTLEMENT TO COURT AND GOVERNMENTAL AUTHORITIES

1.  Plaintiffs will file the Settlement Agreement, along with their motion for approval of a Notice Plan, including the proposed form of notice with their motion for preliminary approval of the settlement.

2.  VIZIO will serve the notice of settlement required by 28 U.S.C. § 1715 within ten (10) days after Plaintiffs file with the Court a motion for preliminary approval of the settlement.

## VIII.  RIGHT TO BE EXCLUDED FROM THE SETTLEMENT CLASS

1.  Each Settlement Class Member has the right to exclude himself or herself from the Settlement Class and from participating in the Settlement by sending a written Request for Exclusion to the Settlement Administrator that is postmarked no later than the Response Deadline.  Any Settlement Class Member who submits a valid, timely Request for Exclusion will not be entitled to any Settlement Class Settlement Distribution (or any other payment pursuant to this Agreement), will not be bound by the terms and conditions of this Agreement, and will not have any right to object to, appeal, or comment on the Settlement or this Agreement.

2.  To be a valid Request for Exclusion, the Settlement Class Member must provide the following information:

  a.  Your full name and mailing address, telephone number, and/or email address;

b.       The statement, "I wish to exclude myself from the Settlement Class and do not wish to participate in the settlement in *In re VIZIO, Inc., Consumer Privacy Litigation*, No. 8:16-ml-02693," or substantially similar clear and unambiguous language.

c.       Your handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

d.       Your exclusion letter must be signed by you, personally, and not your lawyer or anyone else acting on your behalf. "Mass" or "class" opt-outs made on behalf of multiple persons or classes of persons will be deemed invalid.

3.       No Settlement Class Member can exclude himself or herself by mailing a notification to any other location or after the Response Date. No Settlement Class Member can exclude himself or herself by telephone or by email.

4.       If a Settlement Class Member submits a Claim Form and also a Request for Exclusion, the Request for Exclusion will be deemed invalid.

5.       The Response Deadline will be set forth in the Notice Plan.

6.       Any Settlement Class Member who does not send the Settlement Administrator a timely and sufficient Request for Exclusion will be bound by all the terms and conditions of this Agreement applicable to Settlement Class Members including, without limitation, the releases by Participating Settlement Class Members contained in this Agreement.

## IX.    PROCEDURE FOR COMMENTING ON OR OBJECTING TO THE SETTLEMENT

1.       Any Settlement Class Member who does not exclude himself or herself but wishes to comment on or object to the Settlement must do so in accordance with the terms of this Section IX, unless the Court determines otherwise.

2.       To comment on or object to the Settlement, a Settlement Class Member must mail a letter postmarked no later than the Response Deadline to the Settlement Administrator.

3.       A comment or objection must contain the following:

a.   The name and case number of this lawsuit, *In re VIZIO, Inc., Consumer Privacy Litigation*, No. 8:16-ml-02693;

b.   Your full name and mailing address, and email address or telephone number;

c.   An explanation of why you believe you are a Settlement Class Member;

d.   If you are objecting, a statement whether the objection applies only to the objector, or to a specific subset of the Class, or to the entire Class;

e.   All reasons for your objection or comment, stated with specificity;

f.   A statement identifying the number of class action settlements you have objected to or commented on in the last five years;

g.   Whether you intend to personally appear and/or testify at the Final Approval Hearing;

h. The name and contact information of any and all attorneys representing, advising, or assisting you, including any counsel who may be entitled to compensation for any reason related to your objection or comment;

i. Whether any attorney will appear on your behalf at the Final Approval Hearing, and if so the identity of that attorney;

j. The identity of any persons who wish to be called to testify at the Final Approval Hearing; and

k. Your handwritten or electronically imaged written (e.g. "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

4. Any lawyer asserting an objection on behalf of a Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Preliminary Approval and Class Certification Order, or as the Court otherwise may direct; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member; and (c) comply with the procedures described in Section IX.

5. No Settlement Class Member will be entitled to be heard at the Final Fairness and Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member will be received or considered by the Court at the Final Fairness and Approval Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Fairness and Approval Hearing, and copies of any written objections or briefs, have been timely mailed and are postmarked no later than the Response Deadline.

6. Settlement Class Members who fail to submit timely written objections in the manner specified in this Section IX will be deemed to have waived any and all objections to the Settlement and Agreement and will be foreclosed and barred forever from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, this Agreement.

7. If any Settlement Class Member validly and timely objects to the Settlement, Class Counsel will file a response to the objection. Defendants also may file a response to the objection before the date of the Final Fairness and Approval Hearing.

## X. CONSIDERATION BY VIZIO

1. Subject to the terms of this Agreement, and in consideration for the releases and the dismissal or termination of the Action provided for in this Agreement, VIZIO will pay the Settlement Amount as follows: (i) no later than fourteen (14) days after the Preliminary Approval Date, Defendants shall cause to be wired $1,700,000 (One Million Seven Hundred Thousand Dollars) into the Settlement Escrow Account; and (ii) no later than thirty (30) days after the Court enters the Final Approval Order, Defendants shall cause to be wired the balance of the Settlement Amount, $15,300,000 (Fifteen Million Three Hundred Thousand Dollars), into the Settlement Escrow Account. VIZIO will not be entitled to retain any part of the Settlement Amount that is not paid out or distributed as part of the administration of the Settlement for any reason. To the extent, if any, that any unpaid or undistributed part of the Settlement Amount is held by the Settlement Administrator at the completion of the administration of the Settlement,

such remaining funds shall be subject to a *cy pres* distribution to be proposed by Plaintiffs and approved by the Court.

2.      Any and all payments provided for or contemplated by this Agreement (including, without limitation, Settlement Class Settlement Distributions, payments of attorneys' fees and expenses to Class Counsel, payment of the Settlement Administration Costs, and payment of Service Awards) will be made from the Settlement Amount.  Under no circumstances will Defendant be required to pay as part of the Settlement any more than the Settlement Amount.

## XI.      SETTLEMENT CLASS SETTLEMENT DISTRIBUTIONS

1.      The Settlement Class Net Settlement Sum will be distributed to Participating Settlement Class Members in accordance with the Plan of Allocation, as approved by the Court.

2.      Each Authorized Claimant will be responsible for remitting to federal, state, and local taxing authorities any taxes that may be due and owing as a result of his or her receipt of a Settlement Class Settlement Distribution.  Authorized Claimant will hold Plaintiffs' Counsel, VIZIO, and Defendants' Counsel harmless and indemnify each of them for any liabilities, costs, and expenses, including attorneys' fees, caused by any such taxing authority relating in any way to the tax treatment of the Settlement Class Settlement Distribution.

3.      No person, including, without limitation, an Authorized Claimant, will have any claim against VIZIO, Defendants' Counsel, Plaintiffs, the Settlement Class Members, Plaintiffs' Counsel, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

## XII.      ADDITIONAL NON-MONETARY CONSIDERATION

1.      In consideration for the releases and the dismissal or termination of the Action provided for in this Agreement, VIZIO also agrees to make the following changes to its business practices:

    a.      After the Date of Finality, VIZIO's on-screen disclosures concerning VIZIO's practices relating to the collection, use, and/or sharing of Viewing Data will include, in addition to any other disclosures, revised disclosures in substantially the form attached to this Agreement as Exhibit D ("Revised Disclosures").  The Revised Disclosures shall not be combined in the same TV screen with other notices or disclosures unrelated to VIZIO's Viewing Data practices.

    b.      After the Date of Finality, VIZIO will also include additional disclosures concerning VIZIO's practices relating to the collection, use, and/or sharing of Viewing Data in its Quick Start Guides in substantially the form attached to this Agreement as Exhibit E.

    c.      The Disclosures in subparagraphs (a) and (b) will be implemented for a minimum of five years following the Date of Finality.

    d.      VIZIO will delete all Viewing Data collected during the Class Period within ninety (90) days of the Date of Finality.  Within ten (10) days after this deletion, VIZIO will provide Class Counsel with verification from an independent third party that this Viewing Data has been deleted. If Class Counsel does not receive such notification within ten (10) days after this deletion, Class Counsel shall

report this fact to the Court within the next seven (7) days thereafter, if verification from an independent third party that this Viewing Data has been deleted cannot be obtained within that additional seven (7) days. The Court retains jurisdiction to resolve any disputes regarding the deletion and verification of deletion of Viewing Data.

    e. VIZIO will maintain a list of a representative sample of its current Viewing Data partners on its website for a minimum of five years following the Date of Finality.

## XIII.   SERVICE AWARD

1.    Class Counsel will file with the Court an application for approval of a Service Award in an amount up to Five Thousand Dollars ($5,000.00) per Plaintiff to be paid to Plaintiffs Dieisha Hodges, Rory Zufolo, John Walsh, Chris Rizzitello, Linda Thomson, and Mark Queenan. VIZIO will not object to such Service Award application. Any Service Award is subject to the Court's supervisory discretion and, if any is approved by the Court, will be paid from the Settlement Amount.

2.    The Settlement Administrator will pay any such Court-approved Service Award no later than twenty-one (21) days after the Date of Finality by mailing to each Service Award recipient by first class United States mail a check in the approved amount payable to the Service Award recipient. The Settlement Administrator will include with each Service Award check a Form 1099 to the extent such form is required.

3.    If the Court does not enter a Final Approval Order (or if a Final Approval Order is reversed on appeal), no Party will use the provisions of this Section XIII or the award of any Service Award for any purpose whatsoever in the Action or in any other action or proceeding.

## XIV.   ATTORNEYS' FEES AND COSTS

1.    Class Counsel will file with the Court an application for an award of attorneys' fees in an amount not to exceed 33.3% of the Settlement Amount and reimbursement of litigation expenses incurred in the prosecution of the Action for the benefit of the Plaintiffs and the Settlement Class. Defendants will not object to such application for attorneys' fees and expenses. Any award of attorneys' fees and costs is subject to the Court's supervisory discretion.

2.    Any such attorneys' fees and expenses that the Court approves will be paid from the Settlement Amount immediately upon the entry of the order awarding fees and litigation expenses by means of a wire transfer by the Settlement Administrator or the Escrow Agent to an account that Class Counsel designates.

3.    Any payment of attorneys' fees and costs shall be subject to Plaintiffs' Counsel's obligation to make an appropriate refund or repayment if the award of attorneys' fees and litigation expenses is for any reason subsequently reduced or reversed. Such repayment or refund shall be made no later than thirty (30) days after Plaintiffs' Counsel's receipt from the Court of notice of any order that revises or reduces the award of attorneys' fees or litigation expenses.

4.    If the Court does not enter a Final Approval Order (or if a Final Approval Order is reversed on appeal), no Party will use the provisions of this Section XIV or the Court's award of

attorneys' fees and expenses for any purpose whatsoever in the Action or in any other action or proceeding.

## XV.  MOTION FOR PRELIMINARY APPROVAL

1.  Plaintiffs will file a motion requesting the Court to grant preliminary approval of this Agreement and Settlement ("Preliminary Approval Motion") and to enter a Preliminary Approval Order, which will accomplish the following, among other matters:

   a.  Find that the requirements of the Federal Rules of Civil Procedure and any other requirements for certification of a settlement class have been satisfied, and certify the Settlement Class;

   b.  Provide that the Settlement will apply to the Settlement Class;

   c.  Preliminarily approve the Agreement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

   d.  Find that the class notice procedure set forth in Section VI of this Agreement satisfies the requirements of due process and applicable law and procedure;

   e.  Approve all notice and related materials;

   f.  Appoint the Settlement Class Representatives and Class Counsel;

   g.  Set the time period for requesting exclusion from or objecting to the Settlement; and

   h.  Set a date for the Final Fairness and Approval Hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement.

2.  It is anticipated that Plaintiffs will file the Preliminary Approval Motion on or before October 3, 2018.

3.  VIZIO will cooperate with Plaintiffs in the preparation and filing of the Preliminary Approval Motion.

4.  VIZIO will also participate in confirmatory discovery to be taken before the Preliminary Approval Motion.  The Parties will work in good faith to define the scope of confirmatory discovery.  In the event discovery does not confirm the material premises upon which this settlement is made, Plaintiffs retain the right to terminate the settlement in writing and with five business days' notice to Defendants.

## XVI.  FINAL FAIRNESS AND APPROVAL HEARING AND FINAL APPROVAL ORDER

1.  A Final Fairness and Approval Hearing will be held on a date approved by the Court no earlier than ninety (90) days after VIZIO completes serving the notices required by 28 U.S.C. § 1715.  The date, time and place of the Final Fairness and Approval Hearing will be set forth in the Notice Plan.

2.  At the Final Fairness and Approval Hearing, Class Counsel will request the Court, among other matters, to enter a Final Approval Order to:

a. Approve this Agreement without modification (except insofar as agreed upon by the Parties) as fair, reasonable, and adequate to and in the best interest of the Settlement Class, and direct its implementation according to its terms;

b. Find that the form and manner of class notice implemented pursuant to this Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Fairness and Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c. Find that all Settlement Class Members except those who have properly excluded themselves will be bound by this Settlement and Agreement, including the release provisions and covenants not to sue;

d. Direct that judgment be entered immediately dismissing with prejudice all individual and class claims asserted in the Action and the MDL and ruling that no costs or fees be assessed on any Party beyond the attorneys' fees and expenses provided for in Section XIV of this Agreement;

e. Incorporate the releases and covenants not to sue and forever bar any claims, causes of action, or liabilities by Settlement Class Members that have been released by reason of this Agreement and Settlement;

f. Approve the payments provided for in this Agreement to the Settlement Class Members and the Service Awards to Plaintiffs and make any necessary findings with regard to these approvals;

g. Approve the attorneys' fees and costs to be paid to Class Counsel and make any necessary findings with regard to those approvals; and

h. Retain jurisdiction of all matters relating to the interpretation, administration, implementation and enforcement of this Agreement.

3. Also at the Final Fairness and Approval Hearing, the Settlement Administrator will submit its application for the approval and payment of Settlement Administration Costs.

## XVII. RELEASE BY PLAINTIFFS AND PARTICIPATING SETTLEMENT CLASS MEMBERS

1. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and each of the Participating Settlement Class Members, on behalf of themselves, their current, former, and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any Person they represent, fully and forever release, acquit, and discharge the VIZIO Released Parties, collectively, separately, individually and severally, from, and covenant not to sue for, any and all claims, demands, rights, liabilities, grievances, damages, remedies, liquidated damages, punitive damages, attorneys' fees, penalties, losses, actions, and causes of action of every nature and

description whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether in tort, contract, statute, rule, ordinance, order, regulation, common law, public policy, equity, or otherwise, whether class, representative, individual or otherwise in nature, that were alleged in the Action or that arise out of or relate directly or indirectly in any manner whatsoever to facts alleged or that could have been alleged or asserted in the Action ("Released Claims"). It is expressly intended and understood by the Parties that this Agreement is to be construed as a complete settlement, accord, and satisfaction of the Released Claims.

2.  With respect to the Released Claims, Plaintiffs and the Participating Settlement Class Members, and each of them, will be deemed to have, and by operation of the Final Approval Order and Judgment will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, and any other similar provision under federal or state law that purports to limit the scope of a general release. California Civil Code section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

3.  Plaintiffs and the Participating Settlement Class Members, and each of them, further covenant and agree (a) that they will not sue or bring any action, cause of action or claim including, without limitation, by way of third-party claim, cross-claim or counterclaim, against any of the VIZIO Released Parties in respect of any of the Released Claims; (b) they will not initiate or participate in bringing or pursuing any class action against any of the VIZIO Released Parties in respect of any of the Released Claims; (c) if involuntarily included in any such class action encompassing Released Claims, they will opt out of or request to be excluded from the action, if possible; and (d) they will not voluntarily and knowingly assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims.

4.  Settlement Class Representatives shall represent and warrant that they are the sole and exclusive owners of any and all claims that they personally are releasing under this Agreement. Settlement Class Representatives further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that Settlement Class Representatives are not aware of anyone other than themselves claiming any interest, in whole or in part, in any benefits, proceeds or values to which Settlement Class Representatives may be entitled as a result of the Action. Settlement Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Agreement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Actions, including without limitation, any claim for benefits, proceeds or value under the Action, and that such Settlement Class Members are not aware of anyone other than themselves claiming any interest,

in whole or in part, in any benefits, proceeds or values to which those Settlement Class Members may be entitled as a result of the Action.

## XVIII.        RELEASE BY VIZIO

1.        For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Defendants fully and forever release, acquit, and discharge Plaintiffs and Plaintiffs' Counsel ("Plaintiff Released Parties"), collectively, separately, individually and severally, from, and covenant not to sue for, any and all claims, demands, rights, liabilities, grievances, damages, remedies, liquidated damages, punitive damages, attorneys' fees, penalties, losses, actions, and causes of action of every nature and description whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether in tort, contract, statute, rule, ordinance, order, regulation, common law, public policy, equity, or otherwise, whether class, representative, individual or otherwise, including, without limitation, any and all claims that were alleged in in the Action, or that arise out of or relate directly or indirectly in any manner whatsoever to facts alleged or that could have been alleged or asserted in the Action (collectively, "Released VIZIO Claims"). It is expressly intended and understood by the Parties that this Agreement is to be construed as a complete settlement, accord, and satisfaction of VIZIO Released Claims.

2.        With respect to the Released VIZIO Claims, Defendants stipulate and agree that they and each of them will be deemed to have, and by operation of the Final Approval Order and Judgment will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release. California Civil Code section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

3.        Defendants, and each of them, further covenant and agree that they will not sue or bring any action, cause of action or claim including, without limitation, by way of third-party claim, cross-claim or counterclaim, against any of the Plaintiff Released Parties in respect of any of the Released VIZIO Claims.

## XIX.   NO ADMISSION BY THE PARTIES

1.        VIZIO and the VIZIO Released Parties, and each of them, deny any and all claims alleged in the Action and deny all wrongdoing whatsoever. This Agreement is neither a concession nor an admission, and will not be used against VIZIO or any of the VIZIO Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by VIZIO or any of the VIZIO Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, will in any event be:

a. construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to VIZIO and the VIZIO Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by VIZIO or any of the VIZIO Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b. disclosed, referred to or offered or received in evidence against VIZIO or any of the VIZIO Released Parties in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to this Agreement or enforcing this Agreement.

## XX. DISMISSAL

1. Class Members who do not opt out expressly agree that this Agreement, and the Final Approval Order, is, will be, and may be raised as a complete defense to, and will preclude, any action or proceeding specified in, or involving claims encompassed by, this Agreement. Class Members who do not opt out shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing or prosecution of any suit, action, and/or other proceeding, against the VIZIO Released Parties with respect to the claims, causes of action and/or any other matters subject to this Agreement. To the extent that they have initiated, or caused to be initiated, any suit, action, or proceeding not already encompassed by the Action, Class Members who do not opt out shall cause such suit, action, or proceeding to be dismissed with prejudice. If a Class Member who does not opt out commences, files, initiates, or institutes any new legal action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (1) such legal action or other proceeding shall be dismissed with prejudice and at that Class Member's cost; and (2) the respective Released Party shall be entitled to recover any and all reasonable related costs and expenses from that Class Member arising as a result of that Class Member's breach of his, her, or its obligations under this Agreement.

## XXI. CONFIDENTIALITY

1. Settlement Class Representatives, Class Counsel, Defendants, and Defendants' counsel agree not to make any statements, written or verbal, or to cause or encourage any other Person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Settlement Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.

2. Class Counsel may disclose the Settlement and its terms on its website.

3. Plaintiffs, Plaintiffs' Counsel, and Class Counsel agree to maintain the confidentiality of any sensitive or confidential information that VIZIO provides to them during settlement negotiations or through confirmatory discovery. If any such information is filed with the Court as part of the settlement approval process, such information will be filed under seal unless all Parties agree otherwise.

4.      All agreements and orders entered during the course of this Action relating to the confidentiality of information, including the Stipulated Protective Order, shall survive this Settlement.

## XXII.  DISPUTE RESOLUTION

1.      The Parties hereby irrevocably submit to the jurisdiction of the Court for any dispute arising out of or relating to this Agreement, the applicability of this Agreement, or the enforcement of this Agreement.

2.      The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

3.      The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

4.      If one Party to this Class Action Agreement considers another Party to be in breach of its obligations under this Class Action Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Class Action Agreement.

## XXIII. NULLIFICATION OF AGREEMENT

If (a) the Court (1) does not enter the Preliminary Approval Order or the Final Approval Order or (2) does not enter a Judgment as provided in this Agreement that becomes final and not subject to any appeals, or (b) the Settlement does not become final for any other reason, this Agreement will be null and void and any order or judgment entered by the Court in furtherance of this Settlement will be treated as void *ab initio*.  In such event, the entire amount paid or caused to be paid by Defendants plus all accrued interest—but less the costs of administration, notice, any taxes and tax preparation—shall promptly be returned to Defendants, and the Parties will proceed in all respects as if this Agreement had not been executed. The Parties will then propose a new case schedule in which any class certification motion is due no sooner than 200 days from the termination of the Settlement.  An order denying the Preliminary Approval Motion without prejudice will not constitute a ground for nullifying or terminating the Settlement.  Nor will a change in the law constitute a ground for nullifying or terminating the Settlement.

## XXIV. RETURN OF DOCUMENTS AND INFORMATION

Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, and Class Counsel will not use any of the documents and information provided to them by VIZIO in this Action or during settlement negotiations for any purpose other than in connection with this Settlement.  No later than ten (10) days after Class Counsel receives any Court-approved award of attorneys' fees and expenses, Plaintiffs' Counsel and Class Counsel will certify in writing to Defendants' Counsel that they have destroyed all originals and all copies of any documents that VIZIO produced or provided to Plaintiffs, Plaintiffs' Counsel and Class Counsel during the Action.

## XXV.  REPRESENTATIONS AND WARRANTIES

1.      Each Plaintiff represents and warrants that he or she has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he or she is fully entitled to compromise and settle same.

2.      Class Counsel represents that: (1) they are authorized by the Settlement Class Representatives to enter into this Agreement with respect to the claims asserted in the Action and any other claims covered by the Release; and (2) they are seeking to protect the interests of the Settlement Class.

3.      Class Counsel further represents that the Settlement Class Representatives: (1) have agreed to serve as representatives of the Settlement Class proposed to be certified herein; (2) are willing, able, and ready to perform all of the duties and obligations of representatives of the Settlement Class; (3) have read the pleadings in the Action, including the Complaint, or have had the contents of such pleadings described to them; (4) have consulted with Class Counsel about the obligations imposed on representatives of the Class; (5) understand that they are entitled only to the rights and remedies of Settlement Class Members under this Agreement and not to any additional compensation by virtue of their status as Settlement Class Representatives; and (6) shall remain and serve as representatives of the Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that said Settlement Class Representatives cannot represent the Class.

4.      VIZIO represents and warrants that the individual(s) executing this Class Action Agreement are authorized to enter into this Class Action Agreement on behalf VIZIO.

## XXVI. CALIFORNIA LAW

All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties will be governed by the laws of the State of California applicable to agreements to be wholly performed within the State of California.

## XXVII. OWN COUNSEL

Each Party acknowledges that it has been represented by attorneys of its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

## XXVIII. COOPERATION BY THE PARTIES

1.      The Parties and their respective attorneys will cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement and Settlement.

2.      The Parties and their respective attorneys will not seek to solicit or otherwise encourage any person to exclude himself or herself from the Settlement Class, object to the Settlement, or appeal from any order or judgment of the Court that is consistent with the terms of this Agreement.

## XXIX. NOTICE

All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement (other than notice of settlement to Settlement Class Members) will be in writing and will be delivered by email and/ or by next-day express mail (excluding Saturday, Sunday, and federal holidays):

If to Class Counsel then:

       Eric H. Gibbs
       Andre M. Mura
       Gibbs Law Group LLP
       505 14th Street, Suite 1110
       Oakland, CA 94061

       Joseph W. Cotchett
       Adam J. Zapala
       Cotchett, Pitre & McCarthy, LLP
       840 Malcolm Road, Suite 200
       Burlingame, CA 94010

If to VIZIO then:

       Anthony T. Pierce
       Akin Gump Strauss Hauer & Feld LLP
       1333 New Hampshire Avenue NW
       Washington, DC 20036
       Telephone: 202-887-4000
       Facsimile: 202-887-4288

       Hyongsoon Kim
       Akin Gump Strauss Hauer & Feld LLP
       4 Park Plaza, Suite 1900
       Irvine, CA 92614
       Telephone: 949-885-4100
       Facsimile: 949-885-4101

## XXX.  INCORPORATION OF EXHIBITS

The exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement.  Any notice, order, judgment, or other exhibit that requires approval of the Court must be approved without material alteration from its current form in order for this Agreement to become effective.

## XXXI. ENTIRE AGREEMENT

This Agreement represents the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each Party covenants that it has not entered in this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein. Each Party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by all Parties; provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Settlement Class Members under this Agreement.

## XXXII. DRAFTING

Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same will not be construed against any Party as drafter of this Agreement.

## XXXIII. COUNTERPARTS

This Agreement may be executed with an electronic or facsimile signature and in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

## XXXIV. HEADINGS

The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

## XXXV. AUTHORITY

Each Party warrants and represents that the person executing this Agreement on its behalf is duly empowered and authorized to do so.

## XXXVI. BINDING EFFECT

This Agreement is binding upon and will inure to the benefit of the Parties and their respective heirs, assigns and successors-in-interest.

## XXXVII. SEVERABILITY

1.      If any covenant, condition, term or other provision in this Agreement is held to be invalid, void or illegal, the same will be deemed severed from the remainder of this Agreement

and will in no way affect, impair or invalidate any other covenant, condition, term or other provision in this Agreement.

2.     If any covenant, condition, term or other provision in this Agreement is held to be invalid due to its scope or breadth, such covenant, condition, term or other provision will be deemed valid to the extent of the scope or breadth permitted by law.

## XXXVIII. ADMINISTRATION OF SETTLEMENT AND COMPLIANCE

The Court will have continuing jurisdiction to resolve any dispute that may arise with regard to the terms and conditions of this Agreement and the Settlement effectuated by it.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Settlement Class Members and through Lead Counsel, and Defendants, by themselves or their duly authorized representatives and through counsel, have executed this Agreement as of the dates set forth below.

**FOR PLAINTIFFS:**

Dated: October 3, 2018

Gibbs Law Group LLP

By_____
Andre M. Mura

Dated: October 3, 2018

Cotchett, Pitre & McCarthy, LLP

By_____
Adam J. Zapala

**FOR DEFENDANTS**

Dated: October 3, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP

By_____
Hyongsoon Kim